## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| CIELO JEAN GIBSON; JESSICA "JESSA" HINTON; JAIME EDMONDSON-LONGORIA; EVA PEPAJ; LUCY PINDER; LINA POSADA; KATARINA VAN DERHAM; LAURIE ROMEO; ALANA SOUZA A/K/A ALANA CAMPOS; DESSIE MITCHESON; AND JENNIFER WALCOTT-ARCHULETA<br><br>Plaintiffs,<br><br>vs.<br><br>CSWS, LLC d/b/a OCEANS GENTLEMEN'S CLUB d/b/a OCEAN,<br><br>Defendant. | Case No.<br><br><br>**PLAINTIFFS' ORIGINAL COMPLAINT**<br><br>**(Jury Trial Demanded)** |

COME NOW Plaintiffs, CIELO JEAN GIBSON; JESSICA "JESSA" HINTON; JAIME EDMONDSON-LONGORIA; EVA PEPAJ; LUCY PINDER; LINA POSADA; KATARINA VAN DERHAM; LAURIE ROMEO; ALANA SOUZA A/K/A ALANA CAMPOS; DESSIE MITCHESON; AND JENNIFER WALCOTT-ARCHULETA (collectively, "Plaintiffs" or "Models"), by and through undersigned counsel, and for Original Complaint against Defendant CSWS, LLC d/b/a OCEAN'S GENTLEMEN'S CLUB d/b/a OCEAN, ("Defendant" or "Ocean's Gentlemen's Club") respectfully allege as follows:

### BACKGROUND

1.      The following is an action for damages and injunctive relief relating to Defendant's misappropriation and unauthorized publication of the image and likeness of Plaintiff Models, who are professional models, in order to promote its strip club, Ocean's Gentlemen's

Club Gentleman's Club ("Ocean's Gentlemen's Club" or, the "Defendant").

2.    As detailed below, Defendant unauthorized use of Plaintiff Models' images, photos, and likenesses (collectively, "Image") constitutes, at minimum: a) violation of section 43 of the Lanham Act, 28 U.S.C. § 1125(a)(1)(A) and (B), which prohibits false or misleading use of a person's image for purposes of advertising; b) violation of the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/10 *et seq. Right to Publicity* and False Light, which protects a person's right to privacy and publicity; c) defamation, and; d) supplants various common law torts.

3.    Defendant has pirated the images, likeness, and/or identity of each Plaintiff Model for purely self-serving commercial purposes – to advertise, promote, and market Defendant's own business interests on websites and social media accounts owned, operated, hosted, or controlled by Defendant.

4.    Defendant is an unapologetic, chronic, and habitual infringer.

5.    Defendant never sought consent or authority to use any of the Plaintiffs' images for any purpose.

6.    No Plaintiff ever agreed, nor would any Plaintiff have agreed, to Defendant's use of her image, likeness, and/or identity.

7.    Had each Plaintiff been afforded the opportunity to consider whether to consent and release rights as to the use of any image, each Plaintiff would have promptly and unequivocally declined.

8.    Defendant's conduct is therefore misleading and deceptive by falsely and fraudulently representing that each Plaintiff Model depicted in the misappropriated images is somehow affiliated with Defendant; has contracted to perform at and/or participate in events at

Ocean's Gentlemen's Club; has been hired to promote, advertise, market or endorse its events and other activities offered at Ocean's Gentlemen's Club; and/or that each Plaintiff depicted in the promotional materials and social media and/or Internet posts has attended or will attend each event and has participated in or intends to participate in the activities advertised.

9.      Defendant's conduct is also injurious to each Plaintiff Model.

10.     Defendant circumvented the typical arms-length negotiation process entirely and intentionally pirated the images. In doing so, Defendant has utterly deprived each Plaintiff the right and ability to say "no."

11.     Defendant has prevented each Plaintiff from engaging in arms-length negotiations regarding the terms and conditions of use of their images, including the term of any release, remuneration per image or use, or the ability to decline the business opportunity entirely.  In short, Defendant deprived each Plaintiff the ability to protect her image, brand, and reputation.

12.     In the end, Defendant gained an economic windfall by using the images of professional and successful models for Defendant's own commercial purposes, luring and enticing patrons worldwide to view the images and visit Ocean's Gentlemen's Club, without having to compensate the models for such usage.  Plaintiffs, however, sustained injury to their images, brands, and marketability by shear affiliation with Ocean's Gentlemen's Club, astrip club operated by Defendant.

13.     Having operated a business in the strip club industry, Defendant is well aware of the standard negotiation process over terms of use, conditions of release, licensing issues, and other contractual incidences related to use and exploitation of images for Defendant's commercial benefit.

14. Much more than merely a misuse in connection with an innocuous brand or event, Defendant embarrassed Plaintiffs by associating their images with Ocean's Gentlemen's Club.

15. In addition to the actual, punitive, and exemplary damages set forth below, Plaintiff Models likewise seek an Order from this Court permanently enjoining Defendant from using the images, likeness, and/or identity of each Plaintiff Model to promote Ocean's Gentlemen's Club, via any medium.

## JURISDICTION AND VENUE

16. This Court has original federal question jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 as Plaintiffs have each individually stated claims under the Lanham Act, 28 U.S.C. § 1125(a)(1)(A)(B). This Court has supplemental jurisdiction over the Illinois state law claims alleged herein pursuant to 28 U.S.C. § 1367.

17. The Court has personal jurisdiction over Defendant based on its contact with the State of Illinois, including but not limited to Defendant registration to conduct business in Illinois, its physical location and principal place of business in Illinois, and upon information and belief, committed, facilitated, assisted, encouraged or conspired to commit the actions giving rise to the harm and damages alleged herein in the State of Illinois.

18. According to publicly available records, Defendant CSWS, LLC is a Limited Liability Company organized and existing pursuant to the laws of the State of Illinois doing business as a strip club under the name Ocean's Gentlemen's Club and Ocean in Chicago, Illinois.

19. Venue is proper in the United States District Court for the Northern District of Illinois because Cook County is the principal place of business for Defendant. Venue is also

proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims occurred in the Northern District of Illinois.

20. All parties have minimum contacts with Cook County, a significant portion of the alleged causes of action arose and accrued in Cook County, Illinois, and the center of gravity for a significant portion of all relevant events alleged in this Original Complaint is predominately located in Cook County.

## PARTIES

### A. Plaintiffs

21. Given the multitude of violations harming the Plaintiff models, in the interest of judicial economy, Plaintiffs, through counsel, respectfully consolidate all actionable violations presently known into this single collective action (with distinct claims per each model) on behalf of the following models.

22. Plaintiff CIELO JEAN "CJ GIBSON ("Gibson") is, and at all times relevant to this action was, a professional model and a resident of Santa Monica, California.

23. Plaintiff JESSICA "JESSA" HINTON ("Hinton") is, and at all times relevant to this action was, a professional model and a resident of Santa Ana, California.

24. Plaintiff JAIME EDMONDSON-LONGORIA ("Longoria") is, and at all times relevant to this action was, a professional model and a resident of St. Petersberg, Florida.

25. Plaintiff EVA PEPAJ ("Pepaj") is, and at all times relevant to this action was, a professional model and a resident of Hollywood, California.

26. Plaintiff LUCY PINDER ("Pinder") is, and at all times relevant to this action was, a professional model and a resident of the United Kingdom.

27.     Plaintiff LINA POSADA ("Posada") is, and at all times relevant to this action was, a professional model and a resident of Rancho Cucamongo, California.

28.     Plaintiff KATARINA VAN DERHAM ("Van Derham") is, and at all times relevant to this action was, a professional model and a resident of North Hollywood, California.

29.     Plaintiff LAURIE ROMEO ("Romeo") is, and at all times relevant to this action was, a professional model and a resident of Huntington Beach, California.

30.     Plaintiff ALANA SOUZA A/K/A ALANA CAMPOS ("Souza") is, and at all times relevant to this action was, a professional model and a resident of Los Angeles, California.

31.     Plaintiff DESSIE MITCHESON ("Mitcheson") is, and at all times relevant to this action was, a professional model and a resident of Costa Mesa, California.

32.     Plaintiff JENNIFER WALCOTT ARCHULETA ("Archuelta") is, and at all times relevant to this action was, a professional model and a resident of Scottsdale, Arizona.

**B.     Defendant**

33.     According to publicly available records, defendant Ocean's Gentlemen's Club, is a Limited Liability Company organized under the laws of the State of Delaware, and owns and operates a strip club under the name Ocean's Gentlemen's Club Gentleman's Club located at 5555 W. 70th Place, Bedford Park, Illinois 60638.

34.     Ocean's Gentlemen's Club holds, and at all times relevant has held, itself out as an operator of a strip club that engages in the business of entertaining its patrons with alcohol, fully nude dancing, and full friction.

35.     Ocean's Gentlemen's Club owns and/or operates a website as well as other social media accounts and websites/, through which it advertises its business, events, and parties.  For many of these events, images of one or more of the models were used to market and promote the events.

36.     Upon information and belief, Ocean's Gentlemen's Club coordinated its promotional, Internet, and social media activities through active and dynamic use of their Facebook account and websites.

## FACTUAL ALLEGATIONS

**A.      Standard and Customary Business Practices in the Modeling Industry Require Arms-Length Negotiations over the Terms and Conditions of Usage and Remuneration for any Modeling Images**

37.     As set forth immediately below, Plaintiff Models were extremely well-known professional models who earned a livelihood modeling and selling images to companies, magazines, and individuals for the purpose of advertising, endorsing, or promoting products and services.

38.     Plaintiff Models' careers in the modeling industry placed a high degree of value on good will and reputation, which was critical in order to maximize earning potential, book modeling contracts, and establish individual brands.   In furtherance of establishing, and maintaining their brands, Plaintiff Models were necessarily selective concerning the companies, and brands, for which they chose to model.

39.     Being vigilant and proactive about protecting one's reputation is therefore of paramount importance.

40.     Plaintiff Models are professional models who earn a living by promoting their image and likeness to select clients, commercial brands, media and entertainment outlets, as well as relying on reputation and brand for modeling, acting, hosting, and other opportunities.

41.     Plaintiff Models careers in the modeling, acting, and/or private enterprise has value stemming from the goodwill and reputation each has built, all of which is critical to

establishing an individual brand, being selected for modeling contracts, and maximizing earnings.

42.    Each Plaintiff Model has worked to establish herself as reliable, reputable, and professional.

43.    Each Plaintiff Model must necessarily be vigilant in protecting her "brand" from harm, taint, or other diminution.  In furtherance of establishing, and maintaining her brands, each Plaintiff Model was necessarily selective concerning the companies and brands for which she chose to model.

44.    Any improper or unauthorized use of an image, likeness, or identity could substantially injure the career and career opportunities of each Plaintiff Model.

45.    In the modeling industry, models such as the Plaintiffs typically do not have a single employer, but rather work on an independent contractor basis for different agents or entities.  Each Plaintiff Model is a responsible professional in the ordinary course.  Each Plaintiff Model seeks to control the use and dissemination of her image and, thus, actively participates in vetting and selecting modeling, acting, brand spokesperson, or hosting engagements.

46.    A model's vetting and selection of a professional engagement involves a multi-tiered assessment, requiring the model to:

       a.    determine whether the individual or entity seeking a license and release of a model's image, likeness, or identity is reputable, has reputable products or services, and, through affiliation, would enhance or harm a model's stature or reputation;

       b.    use this reputational information in negotiating compensation which typically turns on the work a model is hired to do, the time involved, travel, and how her image is going to be used (among other variables);

c.      protect her reputation and livelihood by carefully and expressly defining the terms and conditions of use; and

d.      reduce and memorialize the negotiated deal into an integrated, written agreement which defines the parties' relationship.  Endorsing, promoting, advertising, or marketing the "wrong" product, service, or corporate venture, or working in or being affiliated with a disreputable industry can severely impact a model's career by limiting or foreclosing future modeling or brand endorsement opportunities.  Conversely, association with high-end companies, products, or magazines can enhance and amplify a model's earning potential and career opportunities by making a model more sought after and desirable.

47.     For these reasons, *even if* a model chose to jeopardize her career for a compromising engagement – such as appearing in an advertisement for a strip club – the fee she would charge would necessarily far exceed the fee typically charged for more mainstream and reputable work.

**B.      Defendant Has Misappropriated Each Plaintiff's Image, Likeness and/or Identity Without Authority, for Self-Serving Commercial Gain and Without Offering or Paying Compensation to any Plaintiff**

48.     Ocean's Gentlemen's Club operates a Chicago-based strip Club under the name Ocean's Gentlemen's Club, where it engages in the business of selling alcohol and food in an atmosphere were nude and/or semi-nude women entertain the business' clientele.

49.     Ocean's Gentlemen's Club does this for its own commercial and financial benefit.

50.     As set forth below, each Plaintiff Model's image, likeness, and/or identity has been misappropriated by or at the direction of Defendant.  Defendant's conduct creates the false and misleading appearance and impression that each Plaintiff either works for Defendant, has appeared and participated, or will appear and participate in activities or events at Ocean's

Gentlemen's Club, and/or has agreed and consented to advertise, promote, market, or endorse Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events or activities.

51.     Plaintiff Models have personal and proprietary interest in their right to privacy and publicity arising out of their persona and likeness contained within their images. Plaintiff Models' interest is separate and apart from any copyright claim that may or may not exist to the photographs that encompass Plaintiff Models' images. Plaintiff Models' persona, in the form of their likeness, is not copyrightable and their rights of publicity are independent of any copyright. *See e.g. Downing v. Abercrombie Fitch*, 265 F. 3d 994, 1005 (9th Cir. 2001).

52.     To the extent any copyright (or some other "right" for that matter) may exist for photograph depicting Plaintiff Models' images, Plaintiff Models allege that Defendant has totally and completely destroyed any such copyright by morphing, editing, or otherwise altering the original photographs.

53.     The manner in which Defendant used Plaintiff Models' images suggests to the public that Plaintiff Models are promoting or otherwise endorsing Defendant's establishment with the goal of increasing Ocean's Gentlemen's Club's visibility, driving clientele to attend the advertised events, and to otherwise increase revenue and drive profits.

54.     Ocean's Gentlemen's Club has used, advertised, created, printed, and distributed the image  of Plaintiff, as further described and identified above, to create the false impression with potential clientele that Plaintiff Models either worked at or endorsed Ocean's Gentlemen's Club.

55.     Ocean's Gentlemen's Club used Plaintiff Models' image, and created the false impression that they worked at or endorsed Ocean's Gentlemen's Club in order to receive certain benefits, including but not limited to: monetary payments; increased promotional opportunities,

advertising, marketing, and other public relations benefits; notoriety; publicity; as well as an increase in business revenue, profits, proceeds, and income.

56.     As Ocean's Gentlemen's Club was at all times aware, at no point have Plaintiff Models ever been affiliated with or employed by Ocean's Gentlemen's Club, and at no point have Plaintiff Models ever endorsed Ocean's Gentlemen's Club.

57.     All of Ocean's Gentlemen's Club' activities, including its misappropriation of Plaintiff Models' images, and publication of them, were done without the knowledge or consent of Plaintiff Models, and Ocean's Gentlemen's Club did not compensate Plaintiff Models for its use of their images. As such, Plaintiff Models have never received any benefit for Ocean's Gentlemen's Club' use of their images.  Defendant used Plaintiff Models' images without their consent, and without providing remuneration, in order to permanently deprive the Plaintiff Models of their right to determine the use their images.

58.     Upon information and belief, Defendant has taken the foregoing actions with the intent of causing irreparable harm to each of the Plaintiff Models.

### *Plaintiff Cielo Jean Gibson*

59.     Gibson is, and at all times relevant to this action was, a professional model and actress.  Gibson, is an American model and aspiring actress known for taking the Internet by storm in 2013.  Gibson is an American model who enjoys great success in her industry. Gibson was the *Import Tuner* magazine Model Search winner. Gibson is currently a model for the Falken Drift Team, and can be seen at Formula Drift events. Gibson has also appeared in several magazines including *FHM*, *American Curves* (as a cover model), *Supreme*, *MuscleMag International, Muscle & Fitness, Teeze,* and in a Bowflex ad. Gibson has also modeled for the world's largest PWC Engine Re manufacturer, Short Block Technologies, better known as SBT,

Inc. in Clearwater, Florida. Gibson appeared in a home workout video called ENVY as a character named Eliana, which stands for the "E" in ENVY. Gibson continues to promote and market a number of different companies' sport and fitness equipment and is in the process of developing her own line of supplements and fitness clothing.

60.     In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Gibson negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

61.     Gibson's image, likeness, and/or identity are depicted in at least two photographs, enclosed as **Exhibit A** to this Complaint, which has been used at least two times to create the false perception that Gibson has consented or agreed to promote, advertise, market, and/or endorse Ocean's Gentlemen's Club.  Specifically, beginning on or around December 28, 2017, Gibson's image was posted to Ocean's Gentlemen's Club's Instagram page with intent to invite the viewing public to visit Ocean's Gentlemen's Club in the hopes of meeting Gibson.  The image features two images of Gibson in a Santa-themed lingerie and was placed into the Instagram post to make it appear she was a stripper appearing at the strip club.

62.     The images were used without the consent of Gibson and altered to intentionally give the impression that Gibson is a spokesperson for Ocean's Gentlemen's Club, working at Ocean's Gentlemen's Club, and/or endorses Ocean's Gentlemen's Club.

63.     Gibson's image, likeness, and/or identity in **Exhibit A** are being used as advertising, on social media, as a coupon, for branding purposes, and for extra uses.

64.     Defendant's unauthorized use of Gibson's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subject image was ongoing and continuous in that any

person visiting Defendants Facebook account could view, access, and even download the image from the date it was first posted until present. During the entire timeframe that Defendant's used Gibson's image and likeness, they did so unlawfully, without authorization, and consent, and Gibson suffered a continued or repeated injury as a result of Defendant's unlawful conduct.

65. Gibson has never been hired by Defendant or contracted with Defendant to advertise, promote, market, or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

66. Defendant never sought permission or authority to use Gibson's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

67. Gibson never gave permission, or assigned, licensed, or otherwise consented to Defendant using her image, likeness, or identity to advertise, promote, market, or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

68. Defendant neither offered nor paid any remuneration to Gibson for the unauthorized use of her image, likeness, or identity.

69. Defendant's use of Gibson's image, likeness, and/or identity in connection with Ocean's Gentlemen's Club's event impugns Gibson's character, embarrasses her, and suggests – falsely – her support for and participation in a strip club lifestyle.

70. Defendant's improper use of Gibson's image permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Gibson's image in their market activities and business. In doing so, Defendant has further damaged Gibson.

### *Plaintiff Jessica Hinton*

71.     Jessica Hinton (aka Jessa Hinton) was first introduced to the modeling industry at age fourteen when she was discovered by a talent manager at a wedding. She immediately booked three national TV commercials and guest appeared on *Baywatch* and *7th Heaven* by the age of sixteen. At the age of eighteen, she began working runway shows and doing print campaigns. In 2010, Hinton became the face of the *Palms Hotel & Casino's 2010* ad campaign. She then expanded to TV personality roles having hosted for *Victory Poker*, and as an interview personality for the *Top Rank Boxing* interviewing the likes of Manny Pacquiao and Shane Mosley. In 2011, she was selected as *July's Playmate of the Month* becoming one of the most popular Playmates of that year. She was the center piece of an ad campaign for *Milwaukee's Best Beer* in conjunction with *Playboy Enterprises*. Hinton also gained spokes model roles for *Affliction Clothing*, *Enzo*, *Milano Hair Products*, *REVIV Wellness Spa*, *Protein World* and ongoing modeling contracts with *Rhonda Shear Shapewear*, *Leg Avenue* and *Roma Costume*, in addition to hosting a Los Angeles, CA television station *KTLA*. Her images appeared on billboards, magazines, posters, and multiple forms of electronic media. Hinton has been a featured front cover model gaining attraction for magazines such as *FHM*, *Kandy*, *MMA Sports*, *Guitar World*, and *Muscle & Fitness*. She was recently named Creative Director for *MAJR Media* and was given part ownership for her role with the company. Hinton has also earned an elite status as a social media celebrity crossing over the 1 million follower benchmark on Instagram, 872,000 followers on Facebook, and 181,000 followers on Twitter.In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Hinton negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

72.     Hinton's image, likeness, and/or identity are depicted in at least two photographs, enclosed as **Exhibit B** to this Complaint, which has been used at least two times to create the false perception that Hinton has consented or agreed to promote, advertise, market, and/or endorse Ocean's Gentlemen's Club.   Specifically, beginning on or around August of 2016, Hinton's image was posted to Ocean's Gentlemen's Club's social media pages, website, and on a billboard on Manheim Road with intent to invite the viewing public to visit Ocean's Gentlemen's Club in the hopes of meeting Hinton.  The usage features multiple images of Hinton in a various evening dresses and were placed into the social media and website posts to make it appear she was a stripper appearing at the strip club.

73.     An additional image of Hinton in a skin tight camouflage shirt invites patrons to the club for a Memorial Day event.  The images were used without the consent of Hinton and altered to intentionally give the impression that Hinton is a spokesperson for Ocean's Gentlemen's Club, working at Ocean's Gentlemen's Club, and/or endorses Ocean's Gentlemen's Club.

74.     Hinton's image, likeness, and/or identity in **Exhibit B** are being used as advertising, on social media, as a coupon, for branding purposes, and for extra uses.

75.     Defendant's unauthorized use of Hinton's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subject image was ongoing and continuous in that any person visiting Defendants website or social media account could view, access, and even download the image from the date it was first posted until present.  During the entire timeframe that Defendant's used Hinton's image and likeness, they did so unlawfully, without

authorization, and consent, and Hinton suffered a continued or repeated injury as a result of Defendant's unlawful conduct.

76.     Hinton has never been hired by Defendant or contracted with Defendant to advertise, promote, market, or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

77.     Defendant never sought permission or authority to use Hinton's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

78.     Hinton never gave permission, or assigned, licensed, or otherwise consented to Defendant using her image, likeness, or identity to advertise, promote, market, or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

79.     Defendant neither offered nor paid any remuneration to Hinton for the unauthorized use of her image, likeness, or identity.

80.     Defendant's use of Hinton's image, likeness, and/or identity in connection with Ocean's Gentlemen's Club's event impugns Hinton's character, embarrasses her, and suggests – falsely – her support for and participation in a strip club lifestyle.

81.     Defendant's improper use of Hinton's image permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Hinton's image in their marketing and advertising.

### *Plaintiff Jaime Edmondson-Longoria*

82.     Jaime Edmondson-Longoria comes from a family of police officers. Edmondson graduated from Florida Atlantic University with a degree in Criminal Justice in 2002. She worked the night shift as a police officer in Boca Raton, Florida for two years until quitting the

police force to become a cheerleader for the Miami Dolphins. Edmondson and fellow Miami Dolphins cheerleader Cara Rosenthal were participants in the competitive reality TV series "The Amazing Race 14." Edmondson was the Playmate of the Month in the January, 2010 issue of "Playboy." She has been a sports blogger for Playboy online and co-host of Sirius Fantasy Sports Radio. She appeared on "The Bunny House" documentary, in the Trace Adkins video for "This Aint No Love Song" and numerous other television, print, radio and online outlets. Edmondson and her fiancée, MLB Superstar Evan Longoria MLB superstar, have 2 children.

83.     In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Longoria negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

84.     Longoria's image, likeness, and/or identity are depicted in at least two photographs, enclosed as **Exhibit C** to this Complaint, which has been used at least two times to create the false perception that Longoria has consented or agreed to promote, advertise, market, and/or endorse Ocean's Gentlemen's Club.  Specifically, beginning on or around early September, 2017, Longoria's image was posted to Ocean's Gentlemen's Club's Instagram page, Twitter page, and Website with intent to invite the viewing public to visit Ocean's Gentlemen's Club in the hopes of meeting Longoria.  The images feature at least 4 images of Longoria in various NFL team half shirts and boy shorts promoting various events at the club.  The images were used to make it appear she was a stripper appearing at the strip club or that she endorsed the club.

85.     The images were used without the consent of Longoria and altered to intentionally give the impression that Longoria is a spokesperson for Ocean's Gentlemen's Club, working at Ocean's Gentlemen's Club, and/or endorses Ocean's Gentlemen's Club.

86.     Longoria's image, likeness, and/or identity in **Exhibit C** are being used as advertising, on social media, as a coupon, for branding purposes, and for extra uses.

87.     Defendant's unauthorized use of Longoria's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subject image was ongoing and continuous in that any person visiting Defendants Facebook account could view, access, and even download the image from the date it was first posted until present. During the entire timeframe that Defendant's used Longoria's image and likeness, they did so unlawfully, without authorization, and consent, and Longoria suffered a continued or repeated injury as a result of Defendant's unlawful conduct.

88.     Longoria has never been hired by Defendant or contracted with Defendant to advertise, promote, market, or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

89.     Defendant never sought permission or authority to use Longoria's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

90.     Longoria never gave permission, or assigned, licensed, or otherwise consented to Defendant using her image, likeness, or identity to advertise, promote, market, or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

91.     Defendant neither offered nor paid any remuneration to Longoria for the unauthorized use of her image, likeness, or identity.

92.     Defendant's use of Longoria's image, likeness, and/or identity in connection with Ocean's Gentlemen's Club's event impugns Longoria's character, embarrasses her, and suggests – falsely – her support for and participation in a strip club lifestyle.

93.     Defendant's improper use of Longoria's image permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Longoria's image in their market activities and business.  In doing so, Defendant has further damaged Longoria.

### *Plaintiff Eva Pepaj*

94.     Eva Pepaj is also a successful model and actress who moved to Hollywood in 2004 to pursue her acting and modeling career. She is known for her roles in the movies: *The Hand Off* (2009), *Interior, Leather Bar*, (2013) and *The Romp* (2011). Eva was a feature in a national Diet Coke TV commercial. Eva is a professional model working model and actress and her work includes from runways to high fashion, to print and film. In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Pepaj negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

95.     Pepaj's image, likeness, and/or identity are depicted in at least two photographs, enclosed as **Exhibit D** to this Complaint, which has been used at least two times to create the false perception that Pepaj has consented or agreed to promote, advertise, market, and/or endorse Ocean's Gentlemen's Club.  Specifically, beginning on or around early September, 2016, Pepaj's image was posted to Ocean's Gentlemen's Club's Instagram page, Twitter page, Facebook page, and Website with intent to invite the viewing public to visit Ocean's Gentlemen's Club in the hopes of meeting Pepaj.  The images feature Pepaj in a leprechaun-themed costume promoting various events at the club.  The images were used to make it appear she was a stripper appearing at the strip club or that she endorsed the club.

96.     The images were used without the consent of Pepaj and altered to intentionally

give the impression that Pepaj is a spokesperson for Ocean's Gentlemen's Club, working at Ocean's Gentlemen's Club, and/or endorses Ocean's Gentlemen's Club.

97.    Pepaj's image, likeness, and/or identity in **Exhibit D** are being used as advertising, on social media, as a coupon, for branding purposes, and for extra uses.

98.    Defendant's unauthorized use of Pepaj's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subject image was ongoing and continuous in that any person visiting Defendants Facebook account could view, access, and even download the image from the date it was first posted until present. During the entire timeframe that Defendant's used Pepaj's image and likeness, they did so unlawfully, without authorization, and consent, and Pepaj suffered a continued or repeated injury as a result of Defendant's unlawful conduct.

99.    Pepaj has never been hired by Defendant or contracted with Defendant to advertise, promote, market, or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

100.    Defendant never sought permission or authority to use Pepaj's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

101.    Pepaj never gave permission, or assigned, licensed, or otherwise consented to Defendant using her image, likeness, or identity to advertise, promote, market, or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

102.    Defendant neither offered nor paid any remuneration to Pepaj for the unauthorized use of her image, likeness, or identity.

103.    Defendant's use of Pepaj's image, likeness, and/or identity in connection with

Ocean's Gentlemen's Club's event impugns Pepaj's character, embarrasses her, and suggests – falsely – her support for and participation in a strip club lifestyle.

104.    Defendant's improper use of Pepaj's image permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Pepaj's image in their market activities and business.  In doing so, Defendant has further damaged Pepaj.

### Plaintiff Lucy Pinder

105.    Lucy Pinder is, and at all times relevant to this action, an English model, actress, host, businesswoman and one of Great Britain's most famous glamour models.  Pinder has featured in publications such as *FHM, Nuts, Loaded and the Daily Star,* and hundreds of others. Pinder has appeared on *FHM's* list of the "100 Sexiest Women in the World" in 2005, 2006 and 2007. Pinder was a guest columnist in *Nuts*, entitled "The Truth About Women" and appeared on the final edition of *Nuts* magazine cover. Pinder has collaborated with major brands such as Unilever (Lynx) and Camelot (National Lottery) and others, and on large national and international advertising campaigns. Pinder has an established and developing acting career with many TV appearances and Film credits. Pinder has appeared on shows such as *I'm Famous and Frightened*, *Soccer AM, Weakest Link, Nuts Tv (host) MTV's TMF (presenter), Hotel Babylon,* and *Team and Bo!* in the USA. Pinder was also a contestant on *Celebrity Big Brother*. Pinder had starring roles in films such as *The Seventeenth Kind, Age of Kill,* and *Warrior Savitri*. Pinder works closely with a number of Wildlife charities and is involved in fundraising for 'Tiger Time, The David Shepherd Wildlife Foundation and International Animal Rescue". Pinder has also worked with *Help for Heroes* appearing in the *Hots Shots* fund raising calendar and supported Male Cancer Awareness Campaign taking part in their MCAC London Strut awareness initiative. She also visited troops in Afghanistan in 2007. Pinder's own annual

calendar continues to be one of the bestselling model calendars year after year and enhances Pinder's status as an elite class of Social Media Influencers with a combined total of over 2 million followers on Facebook, Instagram and Twitter.

106.    In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Pinder negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

107.    Pinder's image, likeness, and/or identity are depicted in at least two photographs, enclosed as **Exhibit E** to this Complaint, which has been used at least two times to create the false perception that Pinder has consented or agreed to promote, advertise, market, and/or endorse Ocean's Gentlemen's Club.  Specifically, beginning on or around late November, 2017, Pinder's image was posted to Ocean's Gentlemen's Club's Facebook page with intent to invite the viewing public to visit Ocean's Gentlemen's Club in the hopes of meeting Pinder.  The images feature Pinder in a purple bra and panties bending over an oven and removing a turkey promoting the "Epic Turkey Bash" event at the club.  The images were used to make it appear she was a stripper appearing at the strip club or that she endorsed the club.

108.    The images were used without the consent of Pinder and altered to intentionally give the impression that Pinder is a spokesperson for Ocean's Gentlemen's Club, working at Ocean's Gentlemen's Club, and/or endorses Ocean's Gentlemen's Club.

109.    Pinder's image, likeness, and/or identity in **Exhibit E** are being used as advertising, on social media, as a coupon, for branding purposes, and for extra uses.

110.    Defendant's unauthorized use of Pinder's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subject image was ongoing and continuous in that any

person visiting Defendants Facebook account could view, access, and even download the image from the date it was first posted until present. During the entire timeframe that Defendant's used Pinder's image and likeness, they did so unlawfully, without authorization, and consent, and Pinder suffered a continued or repeated injury as a result of Defendant's unlawful conduct.

111.    Pinder has never been hired by Defendant or contracted with Defendant to advertise, promote, market, or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

112.    Defendant never sought permission or authority to use Pinder's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

113.    Pinder never gave permission, or assigned, licensed, or otherwise consented to Defendant using her image, likeness, or identity to advertise, promote, market, or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

114.    Defendant neither offered nor paid any remuneration to Pinder for the unauthorized use of her image, likeness, or identity.

115.    Defendant's use of Pinder's image, likeness, and/or identity in connection with Ocean's Gentlemen's Club's event impugns Pinder's character, embarrasses her, and suggests – falsely – her support for and participation in a strip club lifestyle.

116.    Defendant's improper use of Pinder's image permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Pinder's image in their market activities and business.  In doing so, Defendant has further damaged Pinder.

### *Plaintiff Lina Posada*

117.     Lina Posada is a fashion model and designer from Barranquilla, Colombia. She is best known for her appearances in the *Besame* and *Espiral* lingerie collection photo-shoots. Posada has also modeled *for Paradizia Swimwear, Babalú Swimwear, Irgus Swimwear, Ujeans*, as well as many others. She has over 500,000 YouTube views, over 5,000 Twitter followers, 6,000 Facebook followers, and over 76,300 Instagram followers.

118.     In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Posada negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

119.     Posada's image, likeness, and/or identity are depicted in at least two photographs, enclosed as **Exhibit F** to this Complaint, which has been used at least two times to create the false perception that Posada has consented or agreed to promote, advertise, market, and/or endorse Ocean's Gentlemen's Club.  Specifically, beginning on or around late October 2016, and again in February of 2017, Posada's image was posted to Ocean's Gentlemen's Club's Facebook page, Twitter page, and Instagram page with intent to invite the viewing public to visit Ocean's Gentlemen's Club in the hopes of meeting Posada.  The images feature Posada in a white bra and panties promoting events at the club.  Another image features her on a coupon in a backless cocktail dress promoting free admission with an auto show ticket.   The images were used to make it appear she was a stripper appearing at the strip club or that she endorsed the club.

120.     The images were used without the consent of Posada and altered to intentionally give the impression that Posada is a spokesperson for Ocean's Gentlemen's Club, working at Ocean's Gentlemen's Club, and/or endorses Ocean's Gentlemen's Club.

121. Posada's image, likeness, and/or identity in **Exhibit F** are being used as advertising, on social media, as a coupon, for branding purposes, and for extra uses.

122. Defendant's unauthorized use of Posada's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subject image was ongoing and continuous in that any person visiting Defendants Facebook account could view, access, and even download the image from the date it was first posted until present. During the entire timeframe that Defendant's used Posada's image and likeness, they did so unlawfully, without authorization, and consent, and Posada suffered a continued or repeated injury as a result of Defendant's unlawful conduct.

123. Posada has never been hired by Defendant or contracted with Defendant to advertise, promote, market, or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

124. Defendant never sought permission or authority to use Posada's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

125. Posada never gave permission, or assigned, licensed, or otherwise consented to Defendant using her image, likeness, or identity to advertise, promote, market, or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

126. Defendant neither offered nor paid any remuneration to Posada for the unauthorized use of her image, likeness, or identity.

127. Defendant's use of Posada's image, likeness, and/or identity in connection with Ocean's Gentlemen's Club's event impugns Posada's character, embarrasses her, and suggests – falsely – her support for and participation in a strip club lifestyle.

128.    Defendant's improper use of Posada's image permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Posada's image in their market activities and business.  In doing so, Defendant has further damaged Posada.

### Plaintiff Katarina Van Derham

129.    Katarina Van Derham is a successful model, actress, philanthropist, and entrepreneur. As a model, Van Derham graced over 60 magazine covers and appeared in over 600 media outlets including the Time Square jumbotron, CNN, FOX, and NBC. She appeared in 17 national and international print and TV commercials and has been voted one of the 100 sexiest women in the world by magazines on 3 different continents. Van Derham made history by being the only St. Pauli Girl spokesmodel who got re-elected. This has not been repeated since. As an actress, she played opposite Bob Saget in the TV show, Entourage and plays one of the lead roles in the upcoming movie, "Unbelievable" alongside Nichelle Nichols, Rim Russ, and Gilbert Gottfried. Currently, Van Derham is working on the movie, "Vendetta Vette". She is also a founder, CEO, and Editor-in-Chief of classic, glamour lifestyle magazine, *VIVA GLAM*. Her well-respected status gets her invited as a judge of model contests and beauty pageants around the globe. She has over 29,000 Instagram followers, 15,500 Twitter followers, and over 9,000 Facebook followers.

130.    In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Van Derham negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

131.    Van Derham's image, likeness, and/or identity are depicted in at least two photographs, enclosed as **Exhibit G** to this Complaint, which has been used at least two times to create the false perception that Van Derham has consented or agreed to promote, advertise,

market, and/or endorse Ocean's Gentlemen's Club.  Specifically, beginning on or around late October 2016, Van Derham's image was posted to Ocean's Gentlemen's Club's Facebook page with intent to invite the viewing public to visit Ocean's Gentlemen's Club in the hopes of meeting Van Derham.  The image features Van Derham in a black leather dress promoting the Halloween "Freaky Deaky After Party" event at the club.  Another image features her on a coupon in a backless cocktail dress promoting free admission with an auto show ticket.   The images were used to make it appear she was a stripper appearing at the strip club or that she endorsed the club.

132.   The images were used without the consent of Van Derham and altered to intentionally give the impression that Van Derham is a spokesperson for Ocean's Gentlemen's Club, working at Ocean's Gentlemen's Club, and/or endorses Ocean's Gentlemen's Club.

133.   Van Derham's image, likeness, and/or identity in **Exhibit G** are being used as advertising, on social media, as a coupon, for branding purposes, and for extra uses.

134.   Defendant's unauthorized use of Van Derham's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subject image was ongoing and continuous in that any person visiting Defendants Facebook account could view, access, and even download the image from the date it was first posted until present.  During the entire timeframe that Defendant's used Van Derham's image and likeness, they did so unlawfully, without authorization, and consent, and Van Derham suffered a continued or repeated injury as a result of Defendant's unlawful conduct.

135.   Van Derham has never been hired by Defendant or contracted with Defendant to advertise, promote, market, or endorse Defendant's businesses, Ocean's Gentlemen's Club, or

any Ocean's Gentlemen's Club event.

136. Defendant never sought permission or authority to use Van Derham's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

137. Van Derham never gave permission, or assigned, licensed, or otherwise consented to Defendant using her image, likeness, or identity to advertise, promote, market, or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

138. Defendant neither offered nor paid any remuneration to Van Derham for the unauthorized use of her image, likeness, or identity.

139. Defendant's use of Van Derham's image, likeness, and/or identity in connection with Ocean's Gentlemen's Club's event impugns Van Derham's character, embarrasses her, and suggests – falsely – her support for and participation in a strip club lifestyle.

140. Defendant's improper use of Van Derham's image permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Van Derham's image in their market activities and business. In doing so, Defendant has further damaged Van Derham.

### *Plaintiff Laurie Romeo*

141. Romeo is, and at all times relevant to this action was, a successful model and actress. Young's modeling and acting career includes photo shoots, parts on major a TV series, and magazine shoots. Young models for Shirley's of Hollywood, is an ambassador and cheerleader for the NHRA drag racing series, is the 2015 *Kandy Magazine* model of the year, and has done a number of television commercials, including for Adam and Eve products

142. In all instances of commercial marketing and promotion of her image, likeness, or

identity by third parties, Romeo negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

143.   Romeo's image, likeness, and/or identity are depicted in at least one photograph, enclosed as **Exhibit H** to this Complaint, which has been used at least one time to create the false perception that Romeo has consented or agreed to promote, advertise, market, and/or endorse Ocean's Gentlemen's Club.  Specifically, beginning on or around July 4, 2018, Romeo's image was posted to Ocean Gentlemen's Club's Facebook page with intent to invite the viewing public to visit Ocean's Gentlemen's Club in the hopes of meeting Romeo.  The image features the image of Romeo in a U.S.A. flag themed bikini and was placed into the Facebook post to make it appear she was a stripper appearing at the strip club.

144.   The image was used without the consent of Romeo and altered to intentionally give the impression that Romeo is a spokesperson for Ocean's Gentlemen's Club, working at Ocean's Gentlemen's Club, and/or endorses Ocean's Gentlemen's Club.

145.   Romeo's image, likeness, and/or identity in **Exhibit H** are being used as advertising, on social media, as a coupon, for branding purposes, and for extra uses.

146.   Defendant's unauthorized use of Romeo's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subject image was ongoing and continuous in that any person visiting Defendants Facebook account could view, access, and even download the image from the date it was first posted until present.  During the entire timeframe that Defendant's used Romeo's image and likeness, they did so unlawfully, without authorization, and consent, and Romeo suffered a continued or repeated injury as a result of Defendant's unlawful conduct.

147.   Romeo has never been hired by Defendant or contracted with Defendant to

advertise, promote, market, or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

148.   Defendant never sought permission or authority to use Romeo's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

149.   Romeo never gave permission, or assigned, licensed, or otherwise consented to Defendant using her image, likeness, or identity to advertise, promote, market, or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

150.   Defendant neither offered nor paid any remuneration to Romeo for the unauthorized use of her image, likeness, or identity.

151.   Defendant's use of Romeo's image, likeness, and/or identity in connection with Ocean's Gentlemen's Club's event impugns Romeo's character, embarrasses her, and suggests – falsely – her support for and participation in a strip club lifestyle.

152.   Defendant's improper use of Romeo's image permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Romeo's image in their market activities and business.  In doing so, Defendant has further damaged Romeo.

### Plaintiff Alana Souza (a/k/a Alana Campos)

153.   Souza is, and at all times relevant to this action was, a professional model and actress. Souza is a Brazilian model who started her career at age 15. Souza was scouted by the director of Ford Models, which became her agency for the five years. Souza was nominated for many beauty pageants in her country, but at age 20, she moved to the United States where she is represented by Wilhelmina Models. Souza has been published in magazines such as *Playboy, Ashtonish Mag, Viva Glam, Bliss Mag* and as a cover girl for *Arizona Foothills Magazine*. Souza

has also beein many campaigns such as Arden B, Target, Chynna Dolls, Frederick's of Hollywood, ICollection, Elegant Moments, Drift Eyewear, Sexy Dresses, Sachika, Marisa Kenson, Sports Calendar, and appeared as a spokes model for My Body Journey. In addition, Souza was featured in the movie "Last Vegas" with Robert DeNiro, Morgan Freeman, and Michal Douglas.

154.   In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Souza negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

155.   Souza's image, likeness, and/or identity are depicted in at least one photograph, enclosed as **Exhibit I** to this Complaint, which has been used at least one time to create the false perception that Souza has consented or agreed to promote, advertise, market, and/or endorse Ocean's Gentlemen's Club.  Specifically, beginning on or around July 4, 2018, Souza's image was posted to Ocean's Gentlemen's Club's Facebook page with intent to invite the viewing public to visit Ocean's Gentlemen's Club in the hopes of meeting Souza.  The image features the image of Souza in a blue and white bikini and was placed into the Facebook post to make it appear she was a stripper appearing at the strip club.

156.   The image was used without the consent of Souza and altered to intentionally give the impression that Souza is a spokesperson for Ocean's Gentlemen's Club, working at Ocean's Gentlemen's Club, and/or endorses Ocean's Gentlemen's Club.

157.   Souza's image, likeness, and/or identity in **Exhibit I** are being used as advertising, on social media, as a coupon, for branding purposes, and for extra uses.

158.   Defendant's unauthorized use of Souza's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the

manner in which Defendant's used the subject image was ongoing and continuous in that any person visiting Defendants Facebook account could view, access, and even download the image from the date it was first posted until present. During the entire timeframe that Defendant's used Souza's image and likeness, they did so unlawfully, without authorization, and consent, and Souza suffered a continued or repeated injury as a result of Defendant's unlawful conduct.

159.    Souza has never been hired by Defendant or contracted with Defendant to advertise, promote, market, or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

160.    Defendant never sought permission or authority to use Souza's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

161.    Souza never gave permission, or assigned, licensed, or otherwise consented to Defendant using her image, likeness, or identity to advertise, promote, market, or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

162.    Defendant neither offered nor paid any remuneration to Souza for the unauthorized use of her image, likeness, or identity.

163.    Defendant's use of Souza's image, likeness, and/or identity in connection with Ocean's Gentlemen's Club's event impugns Souza's character, embarrasses her, and suggests – falsely – her support for and participation in a strip club lifestyle.

164.    Defendant's improper use of Souza's image permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Souza's image in their market activities and business.  In doing so, Defendant has further damaged Souza.

*Plaintiff Dessie Mitcheson*

165.   Mitcheson is, and at all times relevant to this action was, a professional model and actress. Mitcheson competed in Miss Pennsylvania USA at age 18 and placed in the Top 10. Mitcheson soon became the face of Playboy Intimates, and then became the face of MGM Grand Las Vegas and Miss Pennsylvania Intercontinental. Mitcheson was also named *Maxim* magazine's "Hometown Hottie". That same year, Mitcheson was #100 on *Maxim's* Hot 100 List. Mitcheson has graced the pages of multiple issues of *Maxim*, including a three page spread, two center folds, and landed the cover for the May 2014 *Navy* issue. Mitcheson was featured as the main Tecate Beer ring girl in the biggest Pay-Per-View event in history, the Mayweather v. Pacquiao fight, which gave her the worldwide visibility with over 100 million viewers. This triggered a huge demand for her services and increased her daily quote substantially. Mitcheson has also been featured by national advertisers such as Crest toothpaste, Tecate, Roma Costumes, and J. Valentine. Mitcheson was also the face of an International video game.

166.   In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Mitcheson negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

167.   Mitcheson's image, likeness, and/or identity are depicted in at least one photograph, enclosed as **Exhibit J** to this Complaint, which has been used at least one time to create the false perception that Mitcheson has consented or agreed to promote, advertise, market, and/or endorse Ocean's Gentlemen's Club.  Specifically, beginning on or around July 4, 2018, Mitcheson's image was posted to Ocean's Gentlemen's Club's Facebook page with intent to invite the viewing public to visit Ocean's Gentlemen's Club in the hopes of meeting Mitcheson. The image features the image of Mitcheson in a U.S.A. flag themed swimsuit and was placed

into the Facebook post to make it appear she was a stripper appearing at the strip club.

168.   The image was used without the consent of Mitcheson and altered to intentionally give the impression that Mitcheson is a spokesperson for Ocean's Gentlemen's Club, working at Ocean's Gentlemen's Club, and/or endorses Ocean's Gentlemen's Club.

169.   Mitcheson's image, likeness, and/or identity in **Exhibit J** are being used as advertising, on social media, as a coupon, for branding purposes, and for extra uses.

170.   Defendant's unauthorized use of Mitcheson's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subject image was ongoing and continuous in that any person visiting Defendants Facebook account could view, access, and even download the image from the date it was first posted until present.  During the entire timeframe that Defendant's used Mitcheson's image and likeness, they did so unlawfully, without authorization, and consent, and Mitcheson suffered a continued or repeated injury as a result of Defendant's unlawful conduct.

171.   Mitcheson has never been hired by Defendant or contracted with Defendant to advertise, promote, market, or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

172.   Defendant never sought permission or authority to use Mitcheson's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

173.   Mitcheson never gave permission, or assigned, licensed, or otherwise consented to Defendant using her image, likeness, or identity to advertise, promote, market, or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

174.   Defendant neither offered nor paid any remuneration to Mitcheson for the

unauthorized use of her image, likeness, or identity.

175.   Defendant's use of Mitcheson's image, likeness, and/or identity in connection with Ocean's Gentlemen's Club's event impugns Mitcheson's character, embarrasses her, and suggests – falsely – her support for and participation in a strip club lifestyle.

176.   Defendant's improper use of Mitcheson's image permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Mitcheson's image in their market activities and business.   In doing so, Defendant has further damaged Mitcheson.

### *Plaintiff Jennifer Archuleta*

177.   Archuleta is, and at all times relevant to this action was, a professional model, actress, and reality TV star.  Archuleta, became the Playboy "Playmate of the Month" in August 2001. Archuleta subsequently launched her own website and was chosen by Carmen Electra to model for her celebrity guest photographer photoshoot on www.playboy.com. Archuleta has also appeared in several music videos, including videos for Justin Timberlake, Sterophonics, and Marc Anthony. Archuleta appeared for the cover of several magazines, such as *Holistic Health Magazine, Moves, American Curves, Muscle & Fitness, Hers, Physical, Iron Man, VP Racing Fuel, Performance Audio and Sound, AtoZ, Planet Muscle, 944, Stun*, and *People* (Australia). Archuleta has also appeared in several magazines including *FHM*, *American Curves* (as a cover model), *Supreme*, *MuscleMag International, Muscle & Fitness, Teeze,* and in a Bowflex ad. Archuleta along with two other models, were given the keys to Las Vegas by the mayor in appreciation for posing for a calendar to promote the city. Archuleta has appeared in movies such as "American Pie; Band Camp" and "The Pool Boys" and was featured the on many television shows *The Weakest Link, Street Smart, Dog Eat Dog, Wild On!, Russian Roulette, Howard Stern,*

*MTV Cribs, Entertainment Tonight, Best Damn Sports Show Period, Ripley's Believe It or Not, The Other Half*, and was featured on *E! The True Hollywood Story* and *Mom Time TV*. Archuleta is the spokesperson for Ciclon Rum and Bally's Slot Machine. Archuleta has over 114,300 Twitter followers, over 16,100 Instagram followers, and over 8,800 Facebook likes.

178.   In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Archuleta negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

179.   Archuleta's image, likeness, and/or identity are depicted in at least two photographs, enclosed as **Exhibit K** to this Complaint, which has been used at least one time to create the false perception that Archuleta has consented or agreed to promote, advertise, market, and/or endorse Ocean's Gentlemen's Club.  Specifically, beginning on or around July 1, 2018, Archuleta's image was posted to Ocean's Gentlemen's Club's Facebook page with intent to invite the viewing public to visit Ocean's Gentlemen's Club in the hopes of meeting Archuleta. The image features the image of Archuleta in a U.S.A. flag themed bikini and was placed into the Facebook post to make it appear she was a stripper appearing at the strip club. The same image of Archuleta was posted to Ocean Gentlemen's Club Instagram page beginning or around, July 2, 2018.

180.   The image was used without the consent of Archuleta and altered to intentionally give the impression that Archuleta is a spokesperson for Ocean's Gentlemen's Club, working at Ocean's Gentlemen's Club, and/or endorses Ocean's Gentlemen's Club.

181.   Archuleta's image, likeness, and/or identity in **Exhibit K** are being used as advertising, on social media, as a coupon, for branding purposes, and for extra uses.

182.   Defendant's unauthorized use of Archuleta's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subject image was ongoing and continuous in that any person visiting Defendants Facebook account could view, access, and even download the image from the date it was first posted until present. During the entire timeframe that Defendant's used Archuleta's image and likeness, they did so unlawfully, without authorization, and consent, and Archuleta suffered a continued or repeated injury as a result of Defendant's unlawful conduct.

183.   Archuleta has never been hired by Defendant or contracted with Defendant to advertise, promote, market, or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

184.   Defendant never sought permission or authority to use Archuleta's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

185.   Archuleta never gave permission, or assigned, licensed, or otherwise consented to Defendant using her image, likeness, or identity to advertise, promote, market, or endorse Defendant's businesses, Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club event.

186.   Defendant neither offered nor paid any remuneration to Archuleta for the unauthorized use of her image, likeness, or identity.

187.   Defendant's use of Archuleta's image, likeness, and/or identity in connection with Ocean's Gentlemen's Club's event impugns Archuleta's character, embarrasses her, and suggests – falsely – her support for and participation in a strip club lifestyle.

188.   Defendant's improper use of Archuleta's image permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Archuleta's

image in their market activities and business. In doing so, Defendant has further damaged Archuleta.

## CAUSES OF ACTION

### *Plaintiff Cielo Jean Gibson's Causes of Action against Defendant Ocean's Gentlemen's Club*

### GIBSON COUNT I
(**Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Advertising**)

189. Gibson re-alleges paragraphs 1 – 21, 22, 33 – 58, and 59 – 70 above, and incorporates the same by reference as though fully set forth herein.

190. Section 43 of the Lanham Act, 15 U.S.C. § 1125, *et seq.* applies to Defendant and protects Gibson from the conduct described herein. Specifically, the Lanham Act prohibits a party in commercial advertising and promotion from "misrepresent[ing] the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services or commercial activities . . .". 15 U.S.C. §1125(a)(1)(B).

191. Defendant used Gibson's image, likeness and/or identity as described herein without authority in order to create the perception that Gibson worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses and activities, and/or consented to or authorized Defendant to use her image in order to advertise, promote, and market Defendant's businesses, Ocean's Gentlemen's Club, and/or Ocean's Gentlemen's Club's events and activities.

192. Defendant's use of Gibson's image, likeness and/or identity to advertise, promote and market Defendant's businesses, Ocean's Gentlemen's Club, and/or Ocean's Gentlemen's Club's events and activities as described in this Original Complaint was false and misleading.

193.   Defendant's unauthorized use of Gibson's image, likeness and/or identity as described in this Original Complaint constitutes false advertising by suggesting or implying, among other things, that Gibson worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities and/or that Gibson would participate in or appear at the specific events promoted in the advertisements.

194.   Defendant's false advertising described above has the capacity or tendency to confuse consumers, including actual and prospective patrons of Ocean's Gentlemen's Club, as to the general quality of attendees and participants of Ocean's Gentlemen's Club and in their events, as well as specifically whether Gibson worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities.

195.   Upon information and belief, Defendant's false advertising described above did, in fact, deceive and/or cause consumer confusion as to whether Gibson worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events and activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities.

196.   Among other things, upon information and belief, such unauthorized use misled and served to entice consumers and prospective consumers to join Ocean's Gentlemen's Club, visit Ocean's Gentlemen's Club, and participate in events at Ocean's Gentlemen's Club and had a material effect and impact on the decision of members and prospective members and participants to join Ocean's Gentlemen's Club, visit Ocean's Gentlemen's Club and take part in the events at Ocean's Gentlemen's Club.

197.   Defendant's advertisements, promotions and marketing of Ocean's Gentlemen's Club and events at Ocean's Gentlemen's Club occur in and are targeted to interstate commerce. Specifically, Defendant promote their businesses and events through interstate promotions and campaigns to target persons from different states throughout the United States. Defendant principally use the World Wide Web, social media and other vehicles of interstate commerce to advertise, market, promote, and entice or lure membership and attendance at Ocean's Gentlemen's Club events.

198.   Defendant's unauthorized use of Gibson's image, likeness and/or identity as described herein was designed to benefit Defendant's businesses interests by, among other things, promoting Ocean's Gentlemen's Club and their activities and attracting clientele to Ocean's Gentlemen's Club.

199.   Defendant knew or should have known that their unauthorized use of Gibson's image, likeness and/or identity would cause consumer confusion as described in this Original Complaint.

200.   Defendant's unauthorized use of Gibson's image, likeness and/or identity as described herein violates 15 U.S.C. §1125(a) and was wrongful.

201.   Defendant's wrongful conduct as described herein was willful.

202. As such, the present case is an exceptional case warranting an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

203. Defendant had actual or constructive knowledge of the wrongfulness of their conduct, acted with intent to deprive Gibson of a property interest, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to Gibson.

204. The method and manner in which Defendant used the image of Gibson further evinces that Defendant were aware of or consciously disregarded the fact that Gibson did not consent to Defendant's use of the image to advertise Defendant's businesses.

205. Defendant has caused irreparable harm to Gibson, her reputation and brand by attributing to Gibson the strip club lifestyle and activities at Ocean's Gentlemen's Club.

206. Defendant unauthorized use of Gibson's image, likeness and/or identity directly and proximately caused and continue to cause damage to Gibson in an amount to be determined at trial.

**WHEREFORE**, Gibson respectfully requests that the Court issue a judgment granting actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

## GIBSON COUNT II
### (Violation of §43 of the Lanham Act, 15 U.S.C. § 1125(a) *et seq.:* False Endorsement)

207. Gibson re-alleges paragraphs 1 – 21, 22, 33 – 58, and 59 – 70 above, and incorporates the same by reference as though fully set forth herein.

208.   Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) applies to Defendant, and protects Gibson from the conduct described herein.

209.   Defendant used Gibson's image, *inter alia,* in order to create the false impression with the public that Gibson either worked at Defendant's strip club, or endorsed Defendant's sexually-oriented businesses.

210.   This was done to promote and attract clientele to Ocean's Gentlemen's Club, and thereby generate revenue for Defendant.

211.   Thus, this was done in furtherance of Defendant's commercial benefit.

212.   Gibson is in the business of commercializing her identity and selling her images to reputable brands and companies for profit. Defendant's customers are the exact demographic that views Gibson's images in magazines and online.  By virtue of Gibson's use of her image and identify to build her brand, she has acquired a distinctiveness through secondary meaning. Gibson's image either suggests the basic nature of her product or service, identifies the characteristic of her product or service, or suggests the characteristics of her product or service that requires an effort of the imagination by the consumer in order to be understood as descriptive. As such, her brand – the reason her clients seek to hire her – is unique in that it is encompassed in her identity, i.e., her persona.

213.   Both Gibson and Defendant compete in the entertainment industry, use similar marketing channels and their respective endeavors overlap. They vie for the same dollars from the same demographic consumer group.

214.   As such, an unauthorized use of Gibson's image to promote a strip club created an undeniable confusion in Defendant consumers' minds, which lead to competitive injury to Gibson.  There is no doubt that Defendant's used Gibson's image for advertising puprposes, that

is to promote their business enteprises, as such, Defendant's unauthorized and unlawful use of Gibson's image and likeness was an existing intent to commercialize an interest in Gibson's image and likeness.

215.   Defendant's use of Gibson's image, likeness and/or identity constitutes a false designation of the source of origin, sponsorship, approval, or association which has deceived Gibson's fans and present and prospective clients into believing that Ocean's Gentlemen's Club's advertisements are endorsed by Gibson, or sponsored, approved or associated with Gibson.

216.   Despite the fact that Defendant were at all times aware that Gibson neither worked at, nor endorsed their strip club, nevertheless, they used Gibson's image in order to mislead potential customers as to Gibson's employment at and/or affiliation with Ocean's Gentlemen's Club.

217.   Defendant knew that their use of Gibson's image would cause consumer confusion as to Gibson's sponsorship and/or employment at Ocean's Gentlemen's Club.

218.   Upon information and belief, Defendant's use of Gibson's image did in fact cause consumer confusion as to Gibson's employment at and/or endorsement of Defendant's businesses, and the goods and services provided by Defendant.

219.   As a direct and proximate result of Defendant's actions, Gibson has no control over the nature and quality of the line of products or services provided by Defendant, the nature of the advertisements depicting Gibson's image, likeness and/or identity, or how Gibson's image, likeness and/or identity is being depicted by Defendant.

220.   Further, any failure, neglect or default by Defendant will reflect adversely on Gibson as the believed source of origin, sponsorship, approval or association thereof, hampering

efforts by Gibson to continue to protect her reputation for high quality professional modeling, resulting in loss of sales thereof and the considerable expenditures to promote her personal modeling services to legitimate mainstream media, all to the irreparable harm of Gibson.

221.    Due to Ocean's Gentlemen's Club's unauthorized use of Gibson's image, Gibson has been damaged in an amount to be determined at trial.

**WHEREFORE**, Gibson respectfully requests that the Court enter a judgment against Defendant and grant actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

## <u>GIBSON COUNT III</u>
(**Violation of Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/10** *et seq.* *Right to Publicity*)

222.    Gibson re-alleges paragraphs 1 – 21, 22, 33 – 58, and 59 – 70 above, and incorporates the same by reference as though fully set forth herein.

223.    Gibson has a right of publicity under IRPA, **765 ILCS 1075/10** *et seq. Right to Publicity*.

224.    Defendant may not publish, print, display or publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of Gibson without express written or oral consent to such use.

225.    As set forth herein, Defendant has violated Gibson's right to publicity by invading Gibson's privacy, misappropriating her likeness, and publishing on Ocean's Gentlemen's Club social media outlets, the altered image of Gibson as it appears in Exhibit A, likeness and/or identity of Gibson which made it appear as though Gibson was employed at Ocean's

Gentlemen's Club, or endorsed the strip club, or any Ocean's Gentlemen's Club events or activities.

226.  Defendant's unauthorized use of Gibson's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subect image was ongoing and continuous in that any person visiting the Defedant's Instagram account could view, access, an even download the image from the date it was first poseted until present.

227.  At all relevant times, Defendant published, printed, displayed and/or publicly used Gibson's image, likeness or identity on their social media outlets, among others, for purposes of trade and/or commercial advertising including, but not limited to, promoting, advertising and marketing Ocean's Gentlemen's Club and/or Ocean's Gentlemen's Club's events and activities.

228.  The Ocean's Gentlemen's Club social media outlets were designed to attract business to Ocean's Gentlemen's Club and generate revenue for Defendant.

229.  Upon information and belief, Defendant's use of Plaintiff's Image did in fact attract clientele and generate business for Ocean's Gentlemen's Club.

230.  Defendant took these actions without Gibson's permission, consent or authority, be it written or otherwise. In fact, Defendant never sought permission nor authority to use Gibson's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's event or activities.

231.  Gibson never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness or identity to advertise, promote, market or endorse

Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's event or activity.

232. Defendant was at all relevant times aware that they never received any Plaintiff's permission or consent to use their Image on any website or social media account, or on any other medium, in order to promote Ocean's Gentlemen's Club.

233. At no point did Defendant ever compensate Plaintiff for its use of her Images.

234. No applicable privilege or authorization exists for Defendant's use of Plaintiff's Image.

235. Defendant intentionally or, at a minimum, recklessly, published, printed, displayed, or otherwise publicly disseminated or used Gibson's image, likeness or identity without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Original Complaint.

236. Defendant had actual or constructive knowledge of the wrongfulness of their conduct and acted with intent or reckless disregard to deprive Gibson of a property interest during the entire time period in which the unauthorized use took place.

237. At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Gibson's rights.

238. Alternatively, Defendant acted negligently towards Gibson in using and disseminating, without authority, her image, likeness or identity on Ocean's Gentlemen's Club's social media outlets in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities.

239. Defendant caused irreparable harm to Gibson, her reputation and brand by attributing to Gibson the strip club lifestyle and activities at Ocean's Gentlemen's Club.

240. Defendant has also damaged Gibson as a direct and proximate result of their unauthorized use of Gibson's image, likeness and/or identity without compensating Gibson.

241. Due to Defendant's violation of Plaintiff's rights of privacy and publicity under IRPA, Plaintiff has been damaged in an amount to be determined at trial, but in all events not less than seventy-five thousand dollars ($75,000.00), exclusive of punitive and exemplary damages.

242. In addition, Plaintiff hereby requests an Order permanently enjoining Defendant from violating Plaintiff's right to privacy and publicity.

243. In addition, Plaintiff hereby requests an award of punitive damages, in an amount to be determined at trial, due to Defendant knowing and intentional violation of her statutory rights to privacy and publicity.

**WHEREFORE**, Gibson respectfully requests that the Court issue a judgment against Defendant for all remedies available under a claim of misappropriation including, but not limited to, actual damages, costs, interest, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

### GIBSON COUNT IV
**(Violation of Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq. False Light*)**

244. Gibson re-alleges paragraphs 1 – 21, 22, 33 – 58, and 59 – 70 above, and incorporates the same by reference as though fully set forth herein

245. Defendant published Gibson's image, likeness and/or identity on social media outlets, among others, in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities, causing her to be placed in a false light as a

stripper or as someone who was affiliated with Ocean's Gentlemen's Club, or endorsed Ocean's Gentlemen's Club strip club before the public as a result of that publication.

246.   Defendant's unauthorized use of Gibson's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subect image was ongoing and continuous in that any person visiting the Defedant's Instagram account could view, access, an even download the image from the date it was first poseted until present.

247.   Without question, this "false light would be highly offensive to a reasonable person" and, by portraying Plaintiff in a false light Defendant did so with actual malice, with knowledge of or reckless disregard for the falsity of the statements.

248.   Defendant published Plaintiff's Image on the respective Ocean's Gentlemen's Club social media outlets, in order to create the false impression that Plaintiff was either a stripper working at Ocean's Gentlemen's Club, or endorsed Ocean's Gentlemen's Club strip club.

249.   As such, Defendant's intent in publishing Plaintiff's Image was to mislead the public and cast her in a false light with respect to her affiliation with Ocean's Gentlemen's Club. As Defendant was at all times aware, Plaintiff never worked at any Ocean's Gentlemen's Club strip club, never endorsed Ocean's Gentlemen's Club, and never had any affiliation with Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club events or activities.Defendant never sought permission or authority to use Gibson's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's events or activities.

250.   Gibson never consented to, permitted, assigned, licensed, or otherwise agreed to

Defendant's use of her image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club event or activity.

251.     Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Gibson's image, likeness or identity without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Original Complaint.

252.     Defendant had actual or constructive knowledge of the wrongfulness of their conduct and acted with intent or with reckless disregard to deprive Gibson of a property interest during the entire time period in which the unauthorized use took place.

253.     At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Gibson's rights.

254.     Alternatively, Defendant acted negligently towards Gibson in using and disseminating, without authority, her image, likeness or identity on social media outlets in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities.

255.     Defendant has caused irreparable harm to Gibson, her reputation and brand by attributing to Gibson the strip club lifestyle and activities at Ocean's Gentlemen's Club.

256.     Defendant has also damaged Gibson as a direct and proximate result of their unauthorized use of Gibson's image, likeness or identity without compensating Gibson. Defendant's conduct has been despicable and taken in conscious disregard of Gibson's rights.

**WHEREFORE**, Gibson respectfully requests that the Court issue a judgment against Defendant for all remedies available under law, including but not limited to, both actual loss and

damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

## GIBSON COUNT V
### (Negligence and *Respondeat Superior*)

257.  Gibson re-alleges paragraphs 1 – 21, 22, 33 – 58, and 59 – 70 above, and incorporates the same by reference as though fully set forth herein.

258.  Upon information and belief, Defendant was negligent in its failure to promulgate policies and procedures concerning the misappropriation of the Image of models that were used on the Ocean's Gentlemen's Club Website and social media accounts.

259.  Said failure was the proximate cause of the harm Plaintiff suffered when her Image was published without her authorization.

260.  In the alternative, and upon information and belief, although Defendant promulgated policies and procedures concerning the misappropriation of images, Defendant nevertheless negligently failed to enforce those policies, communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with Federal and Illinois law, were not violated.

261.  In addition, Defendant had a duty to refrain from appropriating the Image of those with whom it had not contracted, and had not paid.

262.  Defendant violated said duty by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

263.  As a result of Defendant's negligence, Plaintiff have suffered damages in an amount to be determined at trial, but which in all events are in excess of seventy-five thousand dollars ($75,000), exclusive of punitive and exemplary damages.

*Plaintiff Jessica "Jessa" Hinton's Causes of Action*
*against Defendant Ocean's Gentlemen's Club*
**HINTON COUNT I**
(**Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Advertising**)

264.   Hinton re-alleges paragraphs 1 – 21, 23, 33 – 58, and 71 – 81 above, and incorporates the same by reference as though fully set forth herein.

265.   Section 43 of the Lanham Act, 15 U.S.C. § 1125, *et seq.* applies to Defendant and protects Hinton from the conduct described herein. Specifically, the Lanham Act prohibits a party in commercial advertising and promotion from "misrepresent[ing] the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services or commercial activities . . .". 15 U.S.C. §1125(a)(1)(B).

266.   Defendant used Hinton's image, likeness and/or identity as described herein without authority in order to create the perception that Hinton worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses and activities, and/or consented to or authorized Defendant to use her image in order to advertise, promote, and market Defendant's businesses, Ocean's Gentlemen's Club, and/or Ocean's Gentlemen's Club's events and activities.

267.   Defendant's use of Hinton's image, likeness and/or identity to advertise, promote and market Defendant's businesses, Ocean's Gentlemen's Club, and/or Ocean's Gentlemen's Club's events and activities as described in this Original Complaint was false and misleading.

268.   Defendant's unauthorized use of Hinton's image, likeness and/or identity as described in this Original Complaint constitutes false advertising by suggesting or implying, among other things, that Hinton worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events or activities, or consented to or authorized Defendant's usage of her image in order

to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities and/or that Hinton would participate in or appear at the specific events promoted in the advertisements.

269.   Defendant's false advertising described above has the capacity or tendency to confuse consumers, including actual and prospective patrons of Ocean's Gentlemen's Club, as to the general quality of attendees and participants of Ocean's Gentlemen's Club and in their events, as well as specifically whether Hinton worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities.

270.   Upon information and belief, Defendant's false advertising described above did, in fact, deceive and/or cause consumer confusion as to whether Hinton worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events and activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities.

271.   Among other things, upon information and belief, such unauthorized use misled and served to entice consumers and prospective consumers to join Ocean's Gentlemen's Club, visit Ocean's Gentlemen's Club, and participate in events at Ocean's Gentlemen's Club and had a material effect and impact on the decision of members and prospective members and participants to join Ocean's Gentlemen's Club, visit Ocean's Gentlemen's Club and take part in the events at Ocean's Gentlemen's Club.

272.    Defendant's advertisements, promotions and marketing of Ocean's Gentlemen's Club and events at Ocean's Gentlemen's Club occur in and are targeted to interstate commerce. Specifically, Defendant promote their businesses and events through interstate promotions and campaigns to target persons from different states throughout the United States. Defendant principally use the World Wide Web, social media and other vehicles of interstate commerce to advertise, market, promote, and entice or lure membership and attendance at Ocean's Gentlemen's Club events.

273.    Defendant's unauthorized use of Hinton's image, likeness and/or identity as described herein was designed to benefit Defendant's businesses interests by, among other things, promoting Ocean's Gentlemen's Club and their activities and attracting clientele to Ocean's Gentlemen's Club.

274.    Defendant knew or should have known that their unauthorized use of Hinton's image, likeness and/or identity would cause consumer confusion as described in this Original Complaint.

275.    Defendant's unauthorized use of Hinton's image, likeness and/or identity as described herein violates 15 U.S.C. §1125(a) and was wrongful.

276.    Defendant's wrongful conduct as described herein was willful.

277.    As such, the present case is an exceptional case warranting an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

278.    Defendant had actual or constructive knowledge of the wrongfulness of their conduct, acted with intent to deprive Hinton of a property interest, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to Hinton.

279.    The method and manner in which Defendant used the image of Hinton further

evinces that Defendant were aware of or consciously disregarded the fact that Hinton did not consent to Defendant's use of the image to advertise Defendant's businesses.

280.   Defendant has caused irreparable harm to Hinton, her reputation and brand by attributing to Hinton the strip club lifestyle and activities at Ocean's Gentlemen's Club.Defendant unauthorized use of Hinton's image, likeness and/or identity directly and proximately caused and continue to cause damage to Hinton in an amount to be determined at trial.

WHEREFORE, Hinton respectfully requests that the Court issue a judgment granting actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

**HINTON COUNT II**
(**Violation of §43 of the Lanham Act, 15 U.S.C. § 1125(a)** *et seq.:* **False Endorsement**)

281.   Hinton re-alleges paragraphs 1 – 21, 23, 33 – 58, and 71 – 81 above, and incorporates the same by reference as though fully set forth herein.

282.   Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) applies to Defendant, and protects Hinton from the conduct described herein.

283.   Defendant used Hinton's image, *inter alia,* in order to create the false impression with the public that Hinton either worked at Defendant's strip club, or endorsed Defendant's sexually-oriented businesses.

284.   This was done to promote and attract clientele to Ocean's Gentlemen's Club, and thereby generate revenue for Defendant.

285. Thus, this was done in furtherance of Defendant's commercial benefit.

286. Hinton is in the business of commercializing her identity and selling her images to reputable brands and companies for profit. Defendant's customers are the exact demographic that views Hinton's images in magazines and online. By virtue of Hinton's use of her image and identify to build her brand, she has acquired a distinctiveness through secondary meaning. Hinton's image either suggests the basic nature of her product or service, identifies the characteristic of her product or service, or suggests the characteristics of her product or service that requires an effort of the imagination by the consumer in order to be understood as descriptive. As such, her brand – the reason her clients seek to hire her – is unique in that it is encompassed in her identity, i.e., her persona.

287. Both Hinton and Defendant compete in the entertainment industry, use similar marketing channels and their respective endeavors overlap. They vie for the same dollars from the same demographic consumer group.

288. As such, an unauthorized use of Hinton's image to promote a strip club created an undeniable confusion in Defendant consumers' minds, which lead to competitive injury to Hinton. There is no doubt that Defendant's used Hinton's image for advertising puprposes, that is to promote their business enteprises, as such, Defendant's unauthorized and unlawful use of Hinton's image and likeness was an existing intent to commercialize an interest in Hinton's image and likeness.

289. Defendant's use of Hinton's image, likeness and/or identity constitutes a false designation of the source of origin, sponsorship, approval, or association which has deceived Hinton's fans and present and prospective clients into believing that Ocean's Gentlemen's Club's advertisements are endorsed by Hinton, or sponsored, approved or associated with Hinton.

290.    Despite the fact that Defendant were at all times aware that Hinton neither worked at, nor endorsed their strip club, nevertheless, they used Hinton's image in order to mislead potential customers as to Hinton's employment at and/or affiliation with Ocean's Gentlemen's Club.

291.    Defendant knew that their use of Hinton's image would cause consumer confusion as to Hinton's sponsorship and/or employment at Ocean's Gentlemen's Club.

292.    Upon information and belief, Defendant's use of Hinton's image did in fact cause consumer confusion as to Hinton's employment at and/or endorsement of Defendant's businesses, and the goods and services provided by Defendant.

293.    As a direct and proximate result of Defendant's actions, Hinton has no control over the nature and quality of the line of products or services provided by Defendant, the nature of the advertisements depicting Hinton's image, likeness and/or identity, or how Hinton's image, likeness and/or identity is being depicted by Defendant.

294.    Further, any failure, neglect or default by Defendant will reflect adversely on Hinton as the believed source of origin, sponsorship, approval or association thereof, hampering efforts by Hinton to continue to protect her reputation for high quality professional modeling, resulting in loss of sales thereof and the considerable expenditures to promote her personal modeling services to legitimate mainstream media, all to the irreparable harm of Hinton.

295.    Due to Ocean's Gentlemen's Club's unauthorized use of Hinton's image, Hinton has been damaged in an amount to be determined at trial.

**WHEREFORE**, Hinton respectfully requests that the Court enter a judgment against Defendant and grant actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use,

attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

**HINTON COUNT III**
(**Violation of Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/10** *et seq.*
*Right to Publicity*)

296.   Hinton re-alleges paragraphs paragraphs 1 – 21, 23, 33 – 58, and 71 – 81 above, and incorporates the same by reference as though fully set forth herein.

297.   Hinton has a right of publicity under IRPA, **765 ILCS 1075/10** *et seq. Right to Publicity*.

298.   Defendant may not publish, print, display or publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of Hinton without express written or oral consent to such use.

299.   As set forth herein, Defendant has violated Hinton's right to publicity by invading Sears' privacy, misappropriating her likeness, and publishing on Ocean's Gentlemen's Club social media outlets, the altered image as it appears in Exhibit B, likeness and/or identity of Hinton which made it appear as though Hinton was employed at Ocean's Gentlemen's Club, or endorsed the strip club, or any Ocean's Gentlemen's Club events or activities.

300.   Defendant's unauthorized use of Hinton's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subect image was ongoing and continuous in that any person visiting the Defedant's Instagram and Facebook account, and/or Google, could view, access, an even download the image from the date it was first poseted until present.

301.   At all relevant times, Defendant published, printed, displayed and/or publicly used Hinton's image, likeness or identity on their social media outlets, among others, for

purposes of trade and/or commercial advertising including, but not limited to, promoting, advertising and marketing Ocean's Gentlemen's Club and/or Ocean's Gentlemen's Club's events and activities.

302. The Ocean's Gentlemen's Club social media outlets were designed to attract business to Ocean's Gentlemen's Club and generate revenue for Defendant.

303. Upon information and belief, Defendant's use of Plaintiff's Image did in fact attract clientele and generate business for Ocean's Gentlemen's Club.

304. Defendant took these actions without Hinton's permission, consent or authority, be it written or otherwise. In fact, Defendant never sought permission nor authority to use Hinton's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's event or activities.

305. Hinton never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's event or activity.

306. Defendant was at all relevant times aware that they never received any Plaintiff's permission or consent to use their Image on any website or social media account, or on any other medium, in order to promote Ocean's Gentlemen's Club.

307. At no point did Defendant ever compensate Plaintiff for its use of her Images.

308. No applicable privilege or authorization exists for Defendant's use of Plaintiff's Image.

309. Defendant intentionally or, at a minimum, recklessly, published, printed, displayed, or otherwise publicly disseminated or used Hinton's image, likeness or identity

without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Original Complaint.

310.   Defendant had actual or constructive knowledge of the wrongfulness of their conduct and acted with intent or reckless disregard to deprive Hinton of a property interest during the entire time period in which the unauthorized use took place.

311.   At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Hinton's rights.

312.   Alternatively, Defendant acted negligently towards Hinton in using and disseminating, without authority, her image, likeness or identity on Ocean's Gentlemen's Club's social media outlets in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities.

313.   Defendant caused irreparable harm to Hinton, her reputation and brand by attributing to Hinton the strip club lifestyle and activities at Ocean's Gentlemen's Club.

314.   Defendant has also damaged Hinton as a direct and proximate result of their unauthorized use of Hinton's image, likeness and/or identity without compensating Hinton.

315.   Due to Defendant's violation of Plaintiff's rights of privacy and publicity under IRPA, Plaintiff has been damaged in an amount to be determined at trial, but in all events not less than seventy-five thousand dollars ($75,000.00), exclusive of punitive and exemplary damages.

316.   In addition, Plaintiff hereby requests an Order permanently enjoining Defendant from violating Plaintiff's right to privacy and publicity.

317.    In addition, Plaintiff hereby requests an award of punitive damages, in an amount to be determined at trial, due to Defendant knowing and intentional violation of her statutory rights to privacy and publicity.

WHEREFORE, Hinton respectfully requests that the Court issue a judgment against Defendant for all remedies available under a claim of misappropriation including, but not limited to, actual damages, costs, interest, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

### HINTON COUNT IV
**(Violation of Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq. False Light*)**

318.    Hinton re-alleges paragraphs paragraphs 1 – 21, 23, 33 – 58, and 71 – 81 above, and incorporates the same by reference as though fully set forth herein

319.    Defendant published Hinton's image, likeness and/or identity on social media outlets, among others, in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities, causing her to be placed in a false light as a stripper or as someone who was affiliated with Ocean's Gentlemen's Club, or endorsed Ocean's Gentlemen's Club strip club before the public as a result of that publication.

320.    Defendant's unauthorized use of Hinton's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subect image was ongoing and continuous in that any person visiting the Defedant's Instagram and Facebook account, and/or Google, could view, access, an even download the image from the date it was first poseted until present.

321.   Without question, this "false light would be highly offensive to a reasonable person" and, by portraying Plaintiff in a false light Defendant did so with actual malice, with knowledge of or reckless disregard for the falsity of the statements.

322.   Defendant published Plaintiff's Image on the respective Ocean's Gentlemen's Club social media outlets, in order to create the false impression that Plaintiff was either a stripper working at Ocean's Gentlemen's Club, or endorsed Ocean's Gentlemen's Club strip club.

323.   As such, Defendant's intent in publishing Plaintiff's Image was to mislead the public and cast her in a false light with respect to her affiliation with Ocean's Gentlemen's Club. As Defendant was at all times aware, Plaintiff never worked at any Ocean's Gentlemen's Club strip club, never endorsed Ocean's Gentlemen's Club, and never had any affiliation with Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club events or activities.

324.   Defendant never sought permission or authority to use Hinton's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's events or activities. Hinton never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club event or activity.

325.   Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Hinton's image, likeness or identity without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Original Complaint.

326.   Defendant had actual or constructive knowledge of the wrongfulness of their conduct and acted with intent or with reckless disregard to deprive Hinton of a property interest during the entire time period in which the unauthorized use took place.

327.   At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Hinton's rights.

328.   Alternatively, Defendant acted negligently towards Hinton in using and disseminating, without authority, her image, likeness or identity on social media outlets in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities.

329.   Defendant has caused irreparable harm to Hinton, her reputation and brand by attributing to Hinton the strip club lifestyle and activities at Ocean's Gentlemen's Club.

330.   Defendant has also damaged Hinton as a direct and proximate result of their unauthorized use of Hinton's image, likeness or identity without compensating Hinton. Defendant's conduct has been despicable and taken in conscious disregard of Hinton's rights.

**WHEREFORE**, Hinton respectfully requests that the Court issue a judgment against Defendant for all remedies available under law, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

## HINTON COUNT V
### (Negligence and *Respondeat Superior*)

331.   Hinton re-alleges paragraphs 1 – 21, 23, 33 – 58, and 71 – 81 above, and incorporates the same by reference as though fully set forth herein.

332.   Upon information and belief, Defendant was negligent in its failure to promulgate policies and procedures concerning the misappropriation of the Image of models that were used

on the Ocean's Gentlemen's Club Website and social media accounts.

333.   Said failure was the proximate cause of the harm Plaintiff suffered when her Image was published without her authorization.

334.   In the alternative, and upon information and belief, although Defendant promulgated policies and procedures concerning the misappropriation of images, Defendant nevertheless negligently failed to enforce those policies, communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with Federal and Illinois law, were not violated.

335.   In addition Defendant had a duty to refrain from appropriating the Image of those with whom it had not contracted, and had not paid.

336.   Defendant violated said duty by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

337.   As a result of Defendant's negligence, Plaintiff have suffered damages in an amount to be determined at trial, but which in all events are in excess of seventy-five thousand dollars ($75,000), exclusive of punitive and exemplary damages.

### *Plaintiff Jaime Edmondson-Longoria's Causes of Action against Defendant Ocean's Gentlemen's Club*
### LONGORIA COUNT I
### (Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Advertising)

338.   Longoria re-alleges paragraphs 1 – 21, 24, 33 – 58, and 82 – 93 above, and incorporates the same by reference as though fully set forth herein.

339.   Section 43 of the Lanham Act, 15 U.S.C. § 1125, *et seq.* applies to Defendant and protects Longoria from the conduct described herein. Specifically, the Lanham Act prohibits a party in commercial advertising and promotion from "misrepresent[ing] the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services or

commercial activities . . .". 15 U.S.C. §1125(a)(1)(B).

340. Defendant used Longoria's image, likeness and/or identity as described herein without authority in order to create the perception that Longoria worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses and activities, and/or consented to or authorized Defendant to use her image in order to advertise, promote, and market Defendant's businesses, Ocean's Gentlemen's Club, and/or Ocean's Gentlemen's Club's events and activities.

341. Defendant's use of Longoria's image, likeness and/or identity to advertise, promote and market Defendant's businesses, Ocean's Gentlemen's Club, and/or Ocean's Gentlemen's Club's events and activities as described in this Original Complaint was false and misleading.

342. Defendant's unauthorized use of Longoria's image, likeness and/or identity as described in this Original Complaint constitutes false advertising by suggesting or implying, among other things, that Longoria worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities and/or that Longoria would participate in or appear at the specific events promoted in the advertisements.

343. Defendant's false advertising described above has the capacity or tendency to confuse consumers, including actual and prospective patrons of Ocean's Gentlemen's Club, as to the general quality of attendees and participants of Ocean's Gentlemen's Club and in their events, as well as specifically whether Longoria worked at or was otherwise affiliated with

Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities.

344.   Upon information and belief, Defendant's false advertising described above did, in fact, deceive and/or cause consumer confusion as to whether Longoria worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events and activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities.

345.   Among other things, upon information and belief, such unauthorized use misled and served to entice consumers and prospective consumers to join Ocean's Gentlemen's Club, visit Ocean's Gentlemen's Club, and participate in events at Ocean's Gentlemen's Club and had a material effect and impact on the decision of members and prospective members and participants to join Ocean's Gentlemen's Club, visit Ocean's Gentlemen's Club and take part in the events at Ocean's Gentlemen's Club.

346.   Defendant's advertisements, promotions and marketing of Ocean's Gentlemen's Club and events at Ocean's Gentlemen's Club occur in and are targeted to interstate commerce. Specifically, Defendant promote their businesses and events through interstate promotions and campaigns to target persons from different states throughout the United States. Defendant principally use the World Wide Web, social media and other vehicles of interstate commerce to advertise, market, promote, and entice or lure membership and attendance at Ocean's Gentlemen's Club events.

347.   Defendant's unauthorized use of Longoria's image, likeness and/or identity as described herein was designed to benefit Defendant's businesses interests by, among other things, promoting Ocean's Gentlemen's Club and their activities and attracting clientele to Ocean's Gentlemen's Club.

348.   Defendant knew or should have known that their unauthorized use of Longoria's image, likeness and/or identity would cause consumer confusion as described in this Original Complaint.

349.   Defendant's unauthorized use of Longoria's image, likeness and/or identity as described herein violates 15 U.S.C. §1125(a) and was wrongful.

350.   Defendant's wrongful conduct as described herein was willful.

351.   As such, the present case is an exceptional case warranting an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

352.   Defendant had actual or constructive knowledge of the wrongfulness of their conduct, acted with intent to deprive Longoria of a property interest, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to Longoria.

353.   The method and manner in which Defendant used the image of Longoria further evinces that Defendant were aware of or consciously disregarded the fact that Longoria did not consent to Defendant's use of the image to advertise Defendant's businesses.

354.   Defendant has caused irreparable harm to Longoria, her reputation and brand by attributing to Longoria the strip club lifestyle and activities at Ocean's Gentlemen's Club.Defendant unauthorized use of Longoria's image, likeness and/or identity directly and proximately caused and continue to cause damage to Longoria in an amount to be determined at

66

trial.

**WHEREFORE**, Longoria respectfully requests that the Court issue a judgment granting actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

## LONGORIA COUNT II
### (Violation of §43 of the Lanham Act, 15 U.S.C. § 1125(a) *et seq.:* False Endorsement)

355.   Longoria re-alleges paragraphs 1 – 21, 24, 33 – 58, and 82 – 93 above, and incorporates the same by reference as though fully set forth herein.

356.   Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) applies to Defendant, and protects Longoria from the conduct described herein.

357.   Defendant used Longoria's image, *inter alia,* in order to create the false impression with the public that Longoria either worked at Defendant's strip club, or endorsed Defendant's sexually-oriented businesses.

358.   This was done to promote and attract clientele to Ocean's Gentlemen's Club, and thereby generate revenue for Defendant.

359.   Thus, this was done in furtherance of Defendant's commercial benefit.

360.   Longoria is in the business of commercializing her identity and selling her images to reputable brands and companies for profit. Defendant's customers are the exact demographic that views Longoria's images in magazines and online.  By virtue of Longoria's use of her image and identify to build her brand, she has acquired a distinctiveness through secondary meaning. Longoria's image either suggests the basic nature of her product or service, identifies the

characteristic of her product or service, or suggests the characteristics of her product or service that requires an effort of the imagination by the consumer in order to be understood as descriptive. As such, her brand – the reason her clients seek to hire her – is unique in that it is encompassed in her identity, i.e., her persona.

361.    Both Longoria and Defendant compete in the entertainment industry, use similar marketing channels and their respective endeavors overlap. They vie for the same dollars from the same demographic consumer group.

362.    As such, an unauthorized use of Longoria's image to promote a strip club created an undeniable confusion in Defendant consumers' minds, which lead to competitive injury to Longoria.  There is no doubt that Defendant's used Longoria's image for advertising puprposes, that is to promote their business enteprises, as such, Defendant's unauthorized and unlawful use of Longoria's image and likeness was an existing intent to commercialize an interest in Longoria's image and likeness.

363.    Defendant's use of Longoria's image, likeness and/or identity constitutes a false designation of the source of origin, sponsorship, approval, or association which has deceived Longoria's fans and present and prospective clients into believing that Ocean's Gentlemen's Club's advertisements are endorsed by Longoria, or sponsored, approved or associated with Longoria.

364.    Despite the fact that Defendant were at all times aware that Longoria neither worked at, nor endorsed their strip club, nevertheless, they used Longoria's image in order to mislead potential customers as to Longoria's employment at and/or affiliation with Ocean's Gentlemen's Club.

365.    Defendant knew that their use of Longoria's image would cause consumer confusion as to Longoria's sponsorship and/or employment at Ocean's Gentlemen's Club.

366.    Upon information and belief, Defendant's use of Longoria's image did in fact cause consumer confusion as to Longoria's employment at and/or endorsement of Defendant's businesses, and the goods and services provided by Defendant.

367.    As a direct and proximate result of Defendant's actions, Longoria has no control over the nature and quality of the line of products or services provided by Defendant, the nature of the advertisements depicting Longoria's image, likeness and/or identity, or how Longoria's image, likeness and/or identity is being depicted by Defendant.

368.    Further, any failure, neglect or default by Defendant will reflect adversely on Longoria as the believed source of origin, sponsorship, approval or association thereof, hampering efforts by Longoria to continue to protect her reputation for high quality professional modeling, resulting in loss of sales thereof and the considerable expenditures to promote her personal modeling services to legitimate mainstream media, all to the irreparable harm of Longoria.

369.    Due to Ocean's Gentlemen's Club's unauthorized use of Longoria's image, Longoria has been damaged in an amount to be determined at trial.

**WHEREFORE**, Longoria respectfully requests that the Court enter a judgment against Defendant and grant actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

## LONGORIA COUNT III
**(Violation of Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/10 *et seq.*** *Right to Publicity*)

370.   Longoria re-alleges paragraphs 1 – 21, 24, 33 – 58, and 82 – 93 above, and incorporates the same by reference as though fully set forth herein.

371.   Longoria has a right of publicity under IRPA, **765 ILCS 1075/10 *et seq. Right to Publicity***.

372.   Defendant may not publish, print, display or publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of Longoria without express written or oral consent to such use.

373.   As set forth herein, Defendant has violated Longoria's right to publicity by invading Plaintiff's privacy, misappropriating her likeness, and publishing on Ocean's Gentlemen's Club social media outlets, the altered image as it appears in Exhibit C, likeness and/or identity of Longoria which made it appear as though Longoria was employed at Ocean's Gentlemen's Club, or endorsed the strip club, or any Ocean's Gentlemen's Club events or activities.

374.   Defendant's unauthorized use of Longoria's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subect image was ongoing and continuous in that any person visiting the Defedant's website, Instagram and Facebook account could view, access, an even download the image from the date it was first poseted until present.

375.   At all relevant times, Defendant published, printed, displayed and/or publicly used Longoria's image, likeness or identity on their social media outlets, among others, for purposes of trade and/or commercial advertising including, but not limited to, promoting,

advertising and marketing Ocean's Gentlemen's Club and/or Ocean's Gentlemen's Club's events and activities.

376.   The Ocean's Gentlemen's Club social media outlets were designed to attract business to Ocean's Gentlemen's Club and generate revenue for Defendant.

377.   Upon information and belief, Defendant's use of Plaintiff's Image did in fact attract clientele and generate business for Ocean's Gentlemen's Club.

378.   Defendant took these actions without Longoria's permission, consent or authority, be it written or otherwise. In fact, Defendant never sought permission nor authority to use Longoria's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's event or activities.

379.   Longoria never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's event or activity.

380.   Defendant was at all relevant times aware that they never received any Plaintiff's permission or consent to use their Image on any website or social media account, or on any other medium, in order to promote Ocean's Gentlemen's Club.

381.   At no point did Defendant ever compensate Plaintiff for its use of her Images.

382.   No applicable privilege or authorization exists for Defendant's use of Plaintiff's Image.

383.  Defendant intentionally or, at a minimum, recklessly, published, printed, displayed, or otherwise publicly disseminated or used Longoria's image, likeness or identity

without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Original Complaint.

384.  Defendant had actual or constructive knowledge of the wrongfulness of their conduct and acted with intent or reckless disregard to deprive Longoria of a property interest during the entire time period in which the unauthorized use took place.

385.  At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Longoria's rights.

386.  Alternatively, Defendant acted negligently towards Longoria in using and disseminating, without authority, her image, likeness or identity on Ocean's Gentlemen's Club's social media outlets in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities.

387.  Defendant caused irreparable harm to Longoria, her reputation and brand by attributing to Longoria the strip club lifestyle and activities at Ocean's Gentlemen's Club.

388.  Defendant has also damaged Longoria as a direct and proximate result of their unauthorized use of Longoria's image, likeness and/or identity without compensating Longoria.

389.  Due to Defendant's violation of Plaintiff's rights of privacy and publicity under IRPA, Plaintiff has been damaged in an amount to be determined at trial, but in all events not less than seventy-five thousand dollars ($75,000.00), exclusive of punitive and exemplary damages.

390.  In addition, Plaintiff hereby requests an Order permanently enjoining Defendant from violating Plaintiff's right to privacy and publicity.

391.   In addition, Plaintiff hereby requests an award of punitive damages, in an amount to be determined at trial, due to Defendant knowing and intentional violation of her statutory rights to privacy and publicity.

**WHEREFORE**, Longoria respectfully requests that the Court issue a judgment against Defendant for all remedies available under a claim of misappropriation including, but not limited to, actual damages, costs, interest, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

## LONGORIA COUNT IV
### (Violation of Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq. False Light*)

392.   Longoria re-alleges paragraphs 1 – 21, 24, 33 – 58, and 82 – 93 above, and incorporates the same by reference as though fully set forth herein

393.   Defendant published Longoria's image, likeness and/or identity on social media outlets, among others, in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities, causing her to be placed in a false light as a stripper or as someone who was affiliated with Ocean's Gentlemen's Club, or endorsed Ocean's Gentlemen's Club strip club before the public as a result of that publication.

394.   Defendant's unauthorized use of Longoria's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subect image was ongoing and continuous in that any person visiting the Defedant's website, Instagram and Facebook account could view, access, an even download the image from the date it was first poseted until present.

395.   Without question, this "false light would be highly offensive to a reasonable person" and, by portraying Plaintiff in a false light Defendant did so with actual malice, with knowledge of or reckless disregard for the falsity of the statements.

396.   Defendant published Plaintiff's Image on the respective Ocean's Gentlemen's Club social media outlets, in order to create the false impression that Plaintiff was either a stripper working at Ocean's Gentlemen's Club, or endorsed Ocean's Gentlemen's Club strip club.

397.   As such, Defendant's intent in publishing Plaintiff's Image was to mislead the public and cast her in a false light with respect to her affiliation with Ocean's Gentlemen's Club. As Defendant was at all times aware, Plaintiff never worked at any Ocean's Gentlemen's Club strip club, never endorsed Ocean's Gentlemen's Club, and never had any affiliation with Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club events or activities.

398.   Defendant never sought permission or authority to use Longoria's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's events or activities. Longoria never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club event or activity.

399.   Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Longoria's image, likeness or identity without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Original Complaint.

400. Defendant had actual or constructive knowledge of the wrongfulness of their conduct and acted with intent or with reckless disregard to deprive Longoria of a property interest during the entire time period in which the unauthorized use took place.

401. At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Longoria's rights.

402. Alternatively, Defendant acted negligently towards Longoria in using and disseminating, without authority, her image, likeness or identity on social media outlets in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities.

403. Defendant has caused irreparable harm to Longoria, her reputation and brand by attributing to Longoria the strip club lifestyle and activities at Ocean's Gentlemen's Club.

404. Defendant has also damaged Longoria as a direct and proximate result of their unauthorized use of Longoria's image, likeness or identity without compensating Longoria. Defendant's conduct has been despicable and taken in conscious disregard of Longoria's rights.

**WHEREFORE**, Longoria respectfully requests that the Court issue a judgment against Defendant for all remedies available under law, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

## LONGORIA COUNT V
### (Negligence and *Respondeat Superior*)

405. Longoria re-alleges paragraphs 1 – 21, 24, 33 – 58, and 82 – 93 above, and incorporates the same by reference as though fully set forth herein.

406. Upon information and belief, Defendant was negligent in its failure to promulgate policies and procedures concerning the misappropriation of the Image of models that were used

on the Ocean's Gentlemen's Club Website and social media accounts.

407.   Said failure was the proximate cause of the harm Plaintiff suffered when her Image was published without her authorization.

408.   In the alternative, and upon information and belief, although Defendant promulgated policies and procedures concerning the misappropriation of images, Defendant nevertheless negligently failed to enforce those policies, communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with Federal and Illinois law, were not violated.

409.   In addition Defendant had a duty to refrain from appropriating the Image of those with whom it had not contracted, and had not paid.

410.   Defendant violated said duty by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

411.   As a result of Defendant's negligence, Plaintiff have suffered damages in an amount to be determined at trial, but which in all events are in excess of seventy-five thousand dollars ($75,000), exclusive of punitive and exemplary damages.

*Plaintiff Eva Pepaj's Causes of Action*
*against Defendant Ocean's Gentlemen's Club*
**PEPAJ COUNT I**
**(Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Advertising)**

412.   Pepaj re-alleges paragraphs 1 – 21, 25, 33 – 58, and 94 – 104 above, and incorporates the same by reference as though fully set forth herein.

413.   Section 43 of the Lanham Act, 15 U.S.C. § 1125, *et seq.* applies to Defendant and protects Pepaj from the conduct described herein. Specifically, the Lanham Act prohibits a party in commercial advertising and promotion from "misrepresent[ing] the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services or commercial

76

activities . . .".  15 U.S.C. §1125(a)(1)(B).

414.  Defendant used Pepaj's image, likeness and/or identity as described herein without authority in order to create the perception that Pepaj worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses and activities, and/or consented to or authorized Defendant to use her image in order to advertise, promote, and market Defendant's businesses, Ocean's Gentlemen's Club, and/or Ocean's Gentlemen's Club's events and activities.

415.  Defendant's use of Pepaj's image, likeness and/or identity to advertise, promote and market Defendant's businesses, Ocean's Gentlemen's Club, and/or Ocean's Gentlemen's Club's events and activities as described in this Original Complaint was false and misleading.

416.  Defendant's unauthorized use of Pepaj's image, likeness and/or identity as described in this Original Complaint constitutes false advertising by suggesting or implying, among other things, that Pepaj worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities and/or that Pepaj would participate in or appear at the specific events promoted in the advertisements.

417.  Defendant's false advertising described above has the capacity or tendency to confuse consumers, including actual and prospective patrons of Ocean's Gentlemen's Club, as to the general quality of attendees and participants of Ocean's Gentlemen's Club and in their events, as well as specifically whether Pepaj worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's

Gentlemen's Club's events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities.

418.   Upon information and belief, Defendant's false advertising described above did, in fact, deceive and/or cause consumer confusion as to whether Pepaj worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events and activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities.

419.   Among other things, upon information and belief, such unauthorized use misled and served to entice consumers and prospective consumers to join Ocean's Gentlemen's Club, visit Ocean's Gentlemen's Club, and participate in events at Ocean's Gentlemen's Club and had a material effect and impact on the decision of members and prospective members and participants to join Ocean's Gentlemen's Club, visit Ocean's Gentlemen's Club and take part in the events at Ocean's Gentlemen's Club.

420.   Defendant's advertisements, promotions and marketing of Ocean's Gentlemen's Club and events at Ocean's Gentlemen's Club occur in and are targeted to interstate commerce. Specifically, Defendant promote their businesses and events through interstate promotions and campaigns to target persons from different states throughout the United States. Defendant principally use the World Wide Web, social media and other vehicles of interstate commerce to advertise, market, promote, and entice or lure membership and attendance at Ocean's Gentlemen's Club events.

421.   Defendant's unauthorized use of Pepaj's image, likeness and/or identity as

described herein was designed to benefit Defendant's businesses interests by, among other things, promoting Ocean's Gentlemen's Club and their activities and attracting clientele to Ocean's Gentlemen's Club.

422.   Defendant knew or should have known that their unauthorized use of Pepaj's image, likeness and/or identity would cause consumer confusion as described in this Original Complaint.

423.   Defendant's unauthorized use of Pepaj's image, likeness and/or identity as described herein violates 15 U.S.C. §1125(a) and was wrongful.

424.   Defendant's wrongful conduct as described herein was willful.

425.   As such, the present case is an exceptional case warranting an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

426.   Defendant had actual or constructive knowledge of the wrongfulness of their conduct, acted with intent to deprive Longoria of a property interest, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to Pepaj.

427.   The method and manner in which Defendant used the image of Pepaj further evinces that Defendant were aware of or consciously disregarded the fact that Pepaj did not consent to Defendant's use of the image to advertise Defendant's businesses.

428.   Defendant has caused irreparable harm to Pepaj, her reputation and brand by attributing to Pepaj the strip club lifestyle and activities at Ocean's Gentlemen's Club.Defendant unauthorized use of Pepaj's image, likeness and/or identity directly and proximately caused and continue to cause damage to Pepaj in an amount to be determined at trial.

**WHEREFORE**, Pepaj respectfully requests that the Court issue a judgment granting actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

### PEPAJ COUNT II
### (Violation of §43 of the Lanham Act, 15 U.S.C. § 1125(a) *et seq.:* False Endorsement)

429. Pepaj re-alleges paragraphs 1 – 21, 25, 33 – 58, and 94 – 104 above, and incorporates the same by reference as though fully set forth herein.

430. Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) applies to Defendant, and protects Pepaj from the conduct described herein.

431. Defendant used Pepaj's image, *inter alia,* in order to create the false impression with the public that Pepaj either worked at Defendant's strip club, or endorsed Defendant's sexually-oriented businesses.

432. This was done to promote and attract clientele to Ocean's Gentlemen's Club, and thereby generate revenue for Defendant.

433. Thus, this was done in furtherance of Defendant's commercial benefit.

434. Pepaj is in the business of commercializing her identity and selling her images to reputable brands and companies for profit. Defendant's customers are the exact demographic that views Pepaj's images in magazines and online.  By virtue of Pepaj's use of her image and identify to build her brand, she has acquired a distinctiveness through secondary meaning. Pepaj's image either suggests the basic nature of her product or service, identifies the characteristic of her product or service, or suggests the characteristics of her product or service

that requires an effort of the imagination by the consumer in order to be understood as descriptive. As such, her brand – the reason her clients seek to hire her – is unique in that it is encompassed in her identity, i.e., her persona.

435.   Both Pepaj and Defendant compete in the entertainment industry, use similar marketing channels and their respective endeavors overlap. They vie for the same dollars from the same demographic consumer group.

436.   As such, an unauthorized use of Pepaj's image to promote a strip club created an undeniable confusion in Defendant consumers' minds, which lead to competitive injury to Pepaj. There is no doubt that Defendant's used Pepaj's image for advertising puprposes, that is to promote their business enteprises, as such, Defendant's unauthorized and unlawful use of Pepaj's image and likeness was an existing intent to commercialize an interest in Pepaj's image and likeness.

437.   Defendant's use of Pepaj's image, likeness and/or identity constitutes a false designation of the source of origin, sponsorship, approval, or association which has deceived Pepaj's fans and present and prospective clients into believing that Ocean's Gentlemen's Club's advertisements are endorsed by Pepaj, or sponsored, approved or associated with Pepaj.

438.   Despite the fact that Defendant were at all times aware that Pepaj neither worked at, nor endorsed their strip club, nevertheless, they used Pepaj's image in order to mislead potential customers as to Pepaj's employment at and/or affiliation with Ocean's Gentlemen's Club.

439.   Defendant knew that their use of Pepaj's image would cause consumer confusion as to Pepaj's sponsorship and/or employment at Ocean's Gentlemen's Club.

81

440.    Upon information and belief, Defendant's use of Pepaj's image did in fact cause consumer confusion as to Pepaj's employment at and/or endorsement of Defendant's businesses, and the goods and services provided by Defendant.

441.    As a direct and proximate result of Defendant's actions, Pepaj has no control over the nature and quality of the line of products or services provided by Defendant, the nature of the advertisements depicting Pepaj's image, likeness and/or identity, or how Longoria's image, likeness and/or identity is being depicted by Defendant.

442.    Further, any failure, neglect or default by Defendant will reflect adversely on Pepaj as the believed source of origin, sponsorship, approval or association thereof, hampering efforts by Pepaj to continue to protect her reputation for high quality professional modeling, resulting in loss of sales thereof and the considerable expenditures to promote her personal modeling services to legitimate mainstream media, all to the irreparable harm of Pepaj.

443.    Due to Ocean's Gentlemen's Club's unauthorized use of Pepaj's image, Pepaj has been damaged in an amount to be determined at trial.

**WHEREFORE**, Pepaj respectfully requests that the Court enter a judgment against Defendant and grant actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

## PEPAJ COUNT III
(**Violation of Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/10** *et seq.*
*Right to Publicity*)

444.    Pepaj re-alleges paragraphs 1 – 21, 25, 33 – 58, and 94 – 104 above, and incorporates the same by reference as though fully set forth herein.

445.   Pepaj has a right of publicity under IRPA, **765 ILCS 1075/10** *et seq. **Right to Publicity**.*

446.   Defendant may not publish, print, display or publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of Pepaj without express written or oral consent to such use.

447.   As set forth herein, Defendant has violated Pepaj's right to publicity by invading Plaintiff's privacy, misappropriating her likeness, and publishing on Ocean's Gentlemen's Club social media outlets, the altered image as it appears in Exhibit D, likeness and/or identity of Pepaj which made it appear as though Pepaj was employed at Ocean's Gentlemen's Club, or endorsed the strip club, or any Ocean's Gentlemen's Club events or activities.

448.   Defendant's unauthorized use of Pepaj's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subect image was ongoing and continuous in that any person visiting the Defedant's Facebook and Instagram account could view, access, an even download the image from the date it was first poseted until present.

449.   At all relevant times, Defendant published, printed, displayed and/or publicly used Pepaj's image, likeness or identity on their social media outlets, among others, for purposes of trade and/or commercial advertising including, but not limited to, promoting, advertising and marketing Ocean's Gentlemen's Club and/or Ocean's Gentlemen's Club's events and activities.

450.   The Ocean's Gentlemen's Club social media outlets were designed to attract business to Ocean's Gentlemen's Club and generate revenue for Defendant.

451.   Upon information and belief, Defendant's use of Plaintiff's Image did in fact attract clientele and generate business for Ocean's Gentlemen's Club.

452. Defendant took these actions without Longoria's permission, consent or authority, be it written or otherwise. In fact, Defendant never sought permission nor authority to use Pepaj's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's event or activities.

453. Pepaj never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's event or activity.

454. Defendant was at all relevant times aware that they never received any Plaintiff's permission or consent to use their Image on any website or social media account, or on any other medium, in order to promote Ocean's Gentlemen's Club.

455. At no point did Defendant ever compensate Plaintiff for its use of her Images.

456. No applicable privilege or authorization exists for Defendant's use of Plaintiff's Image.

457. Defendant intentionally or, at a minimum, recklessly, published, printed, displayed, or otherwise publicly disseminated or used Pepaj's image, likeness or identity without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Original Complaint.

458. Defendant had actual or constructive knowledge of the wrongfulness of their conduct and acted with intent or reckless disregard to deprive Pepaj of a property interest during the entire time period in which the unauthorized use took place.

459. At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Pepaj's rights.

460. Alternatively, Defendant acted negligently towards Pepaj in using and disseminating, without authority, her image, likeness or identity on Ocean's Gentlemen's Club's social media outlets in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities.

461. Defendant caused irreparable harm to Pepaj, her reputation and brand by attributing to Pepaj the strip club lifestyle and activities at Ocean's Gentlemen's Club.

462. Defendant has also damaged Pepaj as a direct and proximate result of their unauthorized use of Pepaj's image, likeness and/or identity without compensating Pepaj.

463. Due to Defendant's violation of Plaintiff's rights of privacy and publicity under IRPA, Plaintiff has been damaged in an amount to be determined at trial, but in all events not less than seventy-five thousand dollars ($75,000.00), exclusive of punitive and exemplary damages.

464. In addition, Plaintiff hereby requests an Order permanently enjoining Defendant from violating Plaintiff's right to privacy and publicity.

465. In addition, Plaintiff hereby requests an award of punitive damages, in an amount to be determined at trial, due to Defendant knowing and intentional violation of her statutory rights to privacy and publicity.

**WHEREFORE**, Pepaj respectfully requests that the Court issue a judgment against Defendant for all remedies available under a claim of misappropriation including, but not limited to, actual damages, costs, interest, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

## PEPAJ COUNT IV
### (Violation of Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq. False Light*)

466. Pepaj re-alleges paragraphs 1 – 21, 25, 33 – 58, and 94 – 104 above, and incorporates the same by reference as though fully set forth herein

467. Defendant published Pepaj's image, likeness and/or identity on social media outlets, among others, in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities, causing her to be placed in a false light as a stripper or as someone who was affiliated with Ocean's Gentlemen's Club, or endorsed Ocean's Gentlemen's Club strip club before the public as a result of that publication.

468. Defendant's unauthorized use of Pepaj's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subect image was ongoing and continuous in that any person visiting the Defedant's Facebook and Instagram account could view, access, an even download the image from the date it was first poseted until present.

469. Without question, this "false light would be highly offensive to a reasonable person" and, by portraying Plaintiff in a false light Defendant did so with actual malice, with knowledge of or reckless disregard for the falsity of the statements.

470. Defendant published Plaintiff's Image on the respective Ocean's Gentlemen's Club social media outlets, in order to create the false impression that Plaintiff was either a stripper working at Ocean's Gentlemen's Club, or endorsed Ocean's Gentlemen's Club strip club.

471. As such, Defendant's intent in publishing Plaintiff's Image was to mislead the public and cast her in a false light with respect to her affiliation with Ocean's Gentlemen's Club. As Defendant was at all times aware, Plaintiff never worked at any Ocean's Gentlemen's Club strip club, never endorsed Ocean's Gentlemen's Club, and never had any affiliation with Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club events or activities.

472. Defendant never sought permission or authority to use Pepaj's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's events or activities. Pepaj never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club event or activity.

473. Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Pepaj's image, likeness or identity without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Original Complaint.

474. Defendant had actual or constructive knowledge of the wrongfulness of their conduct and acted with intent or with reckless disregard to deprive Pepaj of a property interest during the entire time period in which the unauthorized use took place.

475. At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Pepaj's rights.

476. Alternatively, Defendant acted negligently towards Pepaj in using and disseminating, without authority, her image, likeness or identity on social media outlets in order

to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities.

477.   Defendant has caused irreparable harm to Pepaj, her reputation and brand by attributing to Pepaj the strip club lifestyle and activities at Ocean's Gentlemen's Club.

478.   Defendant has also damaged Longoria as a direct and proximate result of their unauthorized use of Pepaj's image, likeness or identity without compensating Pepaj. Defendant's conduct has been despicable and taken in conscious disregard of Pepaj's rights.

**WHEREFORE**, Pepaj respectfully requests that the Court issue a judgment against Defendant for all remedies available under law, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

## PEPAJ COUNT V
### (Negligence and *Respondeat Superior*)

479.   Pepaj re-alleges paragraphs 1 – 21, 25, 33 – 58, and 94 – 104 above, and incorporates the same by reference as though fully set forth herein.

480.   Upon information and belief, Defendant was negligent in its failure to promulgate policies and procedures concerning the misappropriation of the Image of models that were used on the Ocean's Gentlemen's Club Website and social media accounts.

481.   Said failure was the proximate cause of the harm Plaintiff suffered when her Image was published without her authorization.

482.   In the alternative, and upon information and belief, although Defendant promulgated policies and procedures concerning the misappropriation of images, Defendant nevertheless negligently failed to enforce those policies, communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with Federal and Illinois law,

were not violated.

483. In addition Defendant had a duty to refrain from appropriating the Image of those with whom it had not contracted, and had not paid.

484. Defendant violated said duty by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

485. As a result of Defendant's negligence, Plaintiff have suffered damages in an amount to be determined at trial, but which in all events are in excess of seventy-five thousand dollars ($75,000), exclusive of punitive and exemplary damages.

*Plaintiff Lucy Pinder's Causes of Action*
*against Defendant Ocean's Gentlemen's Club*
**PINDER COUNT I**
(**Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Advertising**)

486. Pinder re-alleges paragraphs 1 – 21, 26, 33 – 58, and 105 – 116 above, and incorporates the same by reference as though fully set forth herein.

487. Section 43 of the Lanham Act, 15 U.S.C. § 1125, *et seq.* applies to Defendant and protects Pinder from the conduct described herein. Specifically, the Lanham Act prohibits a party in commercial advertising and promotion from "misrepresent[ing] the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services or commercial activities . . .". 15 U.S.C. §1125(a)(1)(B).

488. Defendant used Pinder's image, likeness and/or identity as described herein without authority in order to create the perception that Pinder worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses and activities, and/or consented to or authorized Defendant to use her image in order to advertise, promote, and market Defendant's businesses, Ocean's Gentlemen's Club, and/or Ocean's Gentlemen's Club's events and activities.

489.   Defendant's use of Pinder's image, likeness and/or identity to advertise, promote and market Defendant's businesses, Ocean's Gentlemen's Club, and/or Ocean's Gentlemen's Club's events and activities as described in this Original Complaint was false and misleading.

490.   Defendant's unauthorized use of Pinder's image, likeness and/or identity as described in this Original Complaint constitutes false advertising by suggesting or implying, among other things, that Pinder worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities and/or that Pinder would participate in or appear at the specific events promoted in the advertisements.

491.   Defendant's false advertising described above has the capacity or tendency to confuse consumers, including actual and prospective patrons of Ocean's Gentlemen's Club, as to the general quality of attendees and participants of Ocean's Gentlemen's Club and in their events, as well as specifically whether Pinder worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities.

492.   Upon information and belief, Defendant's false advertising described above did, in fact, deceive and/or cause consumer confusion as to whether Pinder worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events and activities, or consented to or

authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities.

493.    Among other things, upon information and belief, such unauthorized use misled and served to entice consumers and prospective consumers to join Ocean's Gentlemen's Club, visit Ocean's Gentlemen's Club, and participate in events at Ocean's Gentlemen's Club and had a material effect and impact on the decision of members and prospective members and participants to join Ocean's Gentlemen's Club, visit Ocean's Gentlemen's Club and take part in the events at Ocean's Gentlemen's Club.

494.    Defendant's advertisements, promotions and marketing of Ocean's Gentlemen's Club and events at Ocean's Gentlemen's Club occur in and are targeted to interstate commerce. Specifically, Defendant promote their businesses and events through interstate promotions and campaigns to target persons from different states throughout the United States. Defendant principally use the World Wide Web, social media and other vehicles of interstate commerce to advertise, market, promote, and entice or lure membership and attendance at Ocean's Gentlemen's Club events.

495.    Defendant's unauthorized use of Pinder's image, likeness and/or identity as described herein was designed to benefit Defendant's businesses interests by, among other things, promoting Ocean's Gentlemen's Club and their activities and attracting clientele to Ocean's Gentlemen's Club.

496.    Defendant knew or should have known that their unauthorized use of Pinder's image, likeness and/or identity would cause consumer confusion as described in this Original Complaint.

497.    Defendant's unauthorized use of Pinder's image, likeness and/or identity as

described herein violates 15 U.S.C. §1125(a) and was wrongful.

498.   Defendant's wrongful conduct as described herein was willful.

499.   As such, the present case is an exceptional case warranting an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

500.   Defendant had actual or constructive knowledge of the wrongfulness of their conduct, acted with intent to deprive Pinder of a property interest, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to Pinder.

501.   The method and manner in which Defendant used the image of Pinder further evinces that Defendant were aware of or consciously disregarded the fact that Pinder did not consent to Defendant's use of the image to advertise Defendant's businesses.

502.   Defendant has caused irreparable harm to Pinder, her reputation and brand by attributing to Pinder the strip club lifestyle and activities at Ocean's Gentlemen's Club.Defendant unauthorized use of Pinder's image, likeness and/or identity directly and proximately caused and continue to cause damage to Pinder in an amount to be determined at trial.

**WHEREFORE**, Pinder respectfully requests that the Court issue a judgment granting actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

**PINDER COUNT II**
**(Violation of §43 of the Lanham Act, 15 U.S.C. § 1125(a)** *et seq.:* **False**
**Endorsement**)

503.    Pinder re-alleges paragraphs 1 – 21, 26, 33 – 58, and 105 – 116 above, and incorporates the same by reference as though fully set forth herein.

504.    Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) applies to Defendant, and protects Pinder from the conduct described herein.

505.    Defendant used Pinder's image, *inter alia,* in order to create the false impression with the public that Pinder either worked at Defendant's strip club, or endorsed Defendant's sexually-oriented businesses.

506.    This was done to promote and attract clientele to Ocean's Gentlemen's Club, and thereby generate revenue for Defendant.

507.    Thus, this was done in furtherance of Defendant's commercial benefit.

508.    Pinder is in the business of commercializing her identity and selling her images to reputable brands and companies for profit. Defendant's customers are the exact demographic that views Pinder's images in magazines and online.  By virtue of Pinder's use of her image and identify to build her brand, she has acquired a distinctiveness through secondary meaning. Pinder's image either suggests the basic nature of her product or service, identifies the characteristic of her product or service, or suggests the characteristics of her product or service that requires an effort of the imagination by the consumer in order to be understood as descriptive. As such, her brand – the reason her clients seek to hire her – is unique in that it is encompassed in her identity, i.e., her persona.

509.    Both Pinder and Defendant compete in the entertainment industry, use similar marketing channels and their respective endeavors overlap. They vie for the same dollars from the same demographic consumer group.

510.    As such, an unauthorized use of Pinder's image to promote a strip club created an undeniable confusion in Defendant consumers' minds, which lead to competitive injury to Pinder.  There is no doubt that Defendant's used Pinder's image for advertising puprposes, that is to promote their business enteprises, as such, Defendant's unauthorized and unlawful use of Pinder's image and likeness was an existing intent to commercialize an interest in Pinder's image and likeness.

511.    Defendant's use of Pinder's image, likeness and/or identity constitutes a false designation of the source of origin, sponsorship, approval, or association which has deceived Pinder's fans and present and prospective clients into believing that Ocean's Gentlemen's Club's advertisements are endorsed by Pinder, or sponsored, approved or associated with Pinder.

512.    Despite the fact that Defendant were at all times aware that Pinder neither worked at, nor endorsed their strip club, nevertheless, they used Pinder's image in order to mislead potential customers as to Pinder's employment at and/or affiliation with Ocean's Gentlemen's Club.

513.    Defendant knew that their use of Pinder's image would cause consumer confusion as to Pinder's sponsorship and/or employment at Ocean's Gentlemen's Club.

514.    Upon information and belief, Defendant's use of Pinder's image did in fact cause consumer confusion as to Pinder's employment at and/or endorsement of Defendant's businesses, and the goods and services provided by Defendant.

515.    As a direct and proximate result of Defendant's actions, Pinder has no control over the nature and quality of the line of products or services provided by Defendant, the nature of the advertisements depicting Pinder's image, likeness and/or identity, or how Pinder's image, likeness and/or identity is being depicted by Defendant.

516.    Further, any failure, neglect or default by Defendant will reflect adversely on Pinder as the believed source of origin, sponsorship, approval or association thereof, hampering efforts by Pinder to continue to protect her reputation for high quality professional modeling, resulting in loss of sales thereof and the considerable expenditures to promote her personal modeling services to legitimate mainstream media, all to the irreparable harm of Pinder.

517.    Due to Ocean's Gentlemen's Club's unauthorized use of Pinder's image, Pinder has been damaged in an amount to be determined at trial.

**WHEREFORE**, Pinder respectfully requests that the Court enter a judgment against Defendant and grant actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

## PINDER COUNT III
### (**Violation of Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/10** *et seq.* *Right to Publicity*)

518.    Pinder re-alleges paragraphs 1 – 21, 26, 33 – 58, and 105 – 116 above, and incorporates the same by reference as though fully set forth herein.

519.    Pinder has a right of publicity under IRPA, **765 ILCS 1075/10** *et seq. Right to Publicity*.

520.   Defendant may not publish, print, display or publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of Pinder without express written or oral consent to such use.

521.   As set forth herein, Defendant has violated Pinder's right to publicity by invading Plaintiff's privacy, misappropriating her likeness, and publishing on Ocean's Gentlemen's Club social media outlets, the altered image as it appears in Exhibit E, likeness and/or identity of Pinder which made it appear as though Pinder was employed at Ocean's Gentlemen's Club, or endorsed the strip club, or any Ocean's Gentlemen's Club events or activities.

522.   Defendant's unauthorized use of Pinder's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subect image was ongoing and continuous in that any person visiting the Defedant's Facebook account could view, access, an even download the image from the date it was first poseted until present.

523.   At all relevant times, Defendant published, printed, displayed and/or publicly used Pinder's image, likeness or identity on their social media outlets, among others, for purposes of trade and/or commercial advertising including, but not limited to, promoting, advertising and marketing Ocean's Gentlemen's Club and/or Ocean's Gentlemen's Club's events and activities.

524.   The Ocean's Gentlemen's Club social media outlets were designed to attract business to Ocean's Gentlemen's Club and generate revenue for Defendant.

525.   Upon information and belief, Defendant's use of Plaintiff's Image did in fact attract clientele and generate business for Ocean's Gentlemen's Club.

526.    Defendant took these actions without Pinder's permission, consent or authority, be it written or otherwise. In fact, Defendant never sought permission nor authority to use Pinder's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's event or activities.

527.    Pinder never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's event or activity.

528.    Defendant was at all relevant times aware that they never received any Plaintiff's permission or consent to use their Image on any website or social media account, or on any other medium, in order to promote Ocean's Gentlemen's Club.

529.    At no point did Defendant ever compensate Plaintiff for its use of her Images.

530.    No applicable privilege or authorization exists for Defendant's use of Plaintiff's Image.

531.    Defendant intentionally or, at a minimum, recklessly, published, printed, displayed, or otherwise publicly disseminated or used Pinder's image, likeness or identity without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Original Complaint.

532.    Defendant had actual or constructive knowledge of the wrongfulness of their conduct and acted with intent or reckless disregard to deprive Pinder of a property interest during the entire time period in which the unauthorized use took place.

533.    At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Pinder's rights.

534.   Alternatively, Defendant acted negligently towards Pinder in using and disseminating, without authority, her image, likeness or identity on Ocean's Gentlemen's Club's social media outlets in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities.

535.   Defendant caused irreparable harm to Pinder, her reputation and brand by attributing to Pinder the strip club lifestyle and activities at Ocean's Gentlemen's Club.

536.   Defendant has also damaged Pinder as a direct and proximate result of their unauthorized use of Pinder's image, likeness and/or identity without compensating Pinder.

537.   Due to Defendant's violation of Plaintiff's rights of privacy and publicity under IRPA, Plaintiff has been damaged in an amount to be determined at trial, but in all events not less than seventy-five thousand dollars ($75,000.00), exclusive of punitive and exemplary damages.

538.   In addition, Plaintiff hereby requests an Order permanently enjoining Defendant from violating Plaintiff's right to privacy and publicity.

539.   In addition, Plaintiff hereby requests an award of punitive damages, in an amount to be determined at trial, due to Defendant knowing and intentional violation of her statutory rights to privacy and publicity.

**WHEREFORE**, Pinder respectfully requests that the Court issue a judgment against Defendant for all remedies available under a claim of misappropriation including, but not limited to, actual damages, costs, interest, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

**PINDER COUNT IV**
**(Violation of Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq. False Light*)**

540.   Pinder re-alleges paragraphs 1 – 21, 26, 33 – 58, and 105 – 116 above, and incorporates the same by reference as though fully set forth herein

541.   Defendant published Pinder's image, likeness and/or identity on social media outlets, among others, in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities, causing her to be placed in a false light as a stripper or as someone who was affiliated with Ocean's Gentlemen's Club, or endorsed Ocean's Gentlemen's Club strip club before the public as a result of that publication.

542.   Defendant's unauthorized use of Pinder's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subect image was ongoing and continuous in that any person visiting the Defedant's Facebook account could view, access, an even download the image from the date it was first poseted until present.

543.   Without question, this "false light would be highly offensive to a reasonable person" and, by portraying Plaintiff in a false light Defendant did so with actual malice, with knowledge of or reckless disregard for the falsity of the statements.

544.   Defendant published Plaintiff's Image on the respective Ocean's Gentlemen's Club social media outlets, in order to create the false impression that Plaintiff was either a stripper working at Ocean's Gentlemen's Club, or endorsed Ocean's Gentlemen's Club strip club.

545.   As such, Defendant's intent in publishing Plaintiff's Image was to mislead the public and cast her in a false light with respect to her affiliation with Ocean's Gentlemen's Club. As Defendant was at all times aware, Plaintiff never worked at any Ocean's Gentlemen's Club strip club, never endorsed Ocean's Gentlemen's Club, and never had any affiliation with Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club events or activities.

546.   Defendant never sought permission or authority to use Pinder's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's events or activities. Pinder never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club event or activity.

547.   Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Pinder's image, likeness or identity without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Original Complaint.

548.   Defendant had actual or constructive knowledge of the wrongfulness of their conduct and acted with intent or with reckless disregard to deprive Pinder of a property interest during the entire time period in which the unauthorized use took place.

549.   At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Pinder's rights.

550.   Alternatively, Defendant acted negligently towards Pinder in using and disseminating, without authority, her image, likeness or identity on social media outlets in order

to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities.

551.   Defendant has caused irreparable harm to Pinder, her reputation and brand by attributing to Pinder the strip club lifestyle and activities at Ocean's Gentlemen's Club.

552.   Defendant has also damaged Pinder as a direct and proximate result of their unauthorized use of Pinder's image, likeness or identity without compensating Pinder. Defendant's conduct has been despicable and taken in conscious disregard of Pinder's rights.

**WHEREFORE**, Pinder respectfully requests that the Court issue a judgment against Defendant for all remedies available under law, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

## PINDER COUNT V
### (Negligence and *Respondeat Superior*)

553.   Pinder re-alleges paragraphs 1 – 21, 26, 33 – 58, and 105 – 116 above, and incorporates the same by reference as though fully set forth herein.

554.   Upon information and belief, Defendant was negligent in its failure to promulgate policies and procedures concerning the misappropriation of the Image of models that were used on the Ocean's Gentlemen's Club Website and social media accounts.

555.   Said failure was the proximate cause of the harm Plaintiff suffered when her Image was published without her authorization.

556.   In the alternative, and upon information and belief, although Defendant promulgated policies and procedures concerning the misappropriation of images, Defendant nevertheless negligently failed to enforce those policies, communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with Federal and Illinois law,

were not violated.

557. In addition, Defendant had a duty to refrain from appropriating the Image of those with whom it had not contracted, and had not paid.

558. Defendant violated said duty by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

559. As a result of Defendant's negligence, Plaintiff have suffered damages in an amount to be determined at trial, but which in all events are in excess of seventy-five thousand dollars ($75,000), exclusive of punitive and exemplary damages.

*Plaintiff Lina Posada's Causes of Action*
*against Defendant Ocean's Gentlemen's Club*

**POSADA COUNT I**
(**Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Advertising**)

560. Posada re-alleges paragraphs 1 – 21, 27, 33 – 58, and 117 – 128 above, and incorporates the same by reference as though fully set forth herein.

561. Section 43 of the Lanham Act, 15 U.S.C. § 1125, *et seq.* applies to Defendant and protects Posada from the conduct described herein. Specifically, the Lanham Act prohibits a party in commercial advertising and promotion from "misrepresent[ing] the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services or commercial activities . . .". 15 U.S.C. §1125(a)(1)(B).

562. Defendant used Posada's image, likeness and/or identity as described herein without authority in order to create the perception that Posada worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses and activities, and/or consented to or authorized Defendant to use her image in order to advertise, promote, and market Defendant's businesses, Ocean's Gentlemen's Club, and/or Ocean's Gentlemen's Club's

events and activities.

563. Defendant's use of Posada's image, likeness and/or identity to advertise, promote and market Defendant's businesses, Ocean's Gentlemen's Club, and/or Ocean's Gentlemen's Club's events and activities as described in this Original Complaint was false and misleading.

564. Defendant's unauthorized use of Posada's image, likeness and/or identity as described in this Original Complaint constitutes false advertising by suggesting or implying, among other things, that Posada worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities and/or that Posada would participate in or appear at the specific events promoted in the advertisements.

565. Defendant's false advertising described above has the capacity or tendency to confuse consumers, including actual and prospective patrons of Ocean's Gentlemen's Club, as to the general quality of attendees and participants of Ocean's Gentlemen's Club and in their events, as well as specifically whether Posada worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities.

566. Upon information and belief, Defendant's false advertising described above did, in fact, deceive and/or cause consumer confusion as to whether Posada worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's

Gentlemen's Club or Ocean's Gentlemen's Club's events and activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities.

567. Among other things, upon information and belief, such unauthorized use misled and served to entice consumers and prospective consumers to join Ocean's Gentlemen's Club, visit Ocean's Gentlemen's Club, and participate in events at Ocean's Gentlemen's Club and had a material effect and impact on the decision of members and prospective members and participants to join Ocean's Gentlemen's Club, visit Ocean's Gentlemen's Club and take part in the events at Ocean's Gentlemen's Club.

568. Defendant's advertisements, promotions and marketing of Ocean's Gentlemen's Club and events at Ocean's Gentlemen's Club occur in and are targeted to interstate commerce. Specifically, Defendant promote their businesses and events through interstate promotions and campaigns to target persons from different states throughout the United States. Defendant principally use the World Wide Web, social media and other vehicles of interstate commerce to advertise, market, promote, and entice or lure membership and attendance at Ocean's Gentlemen's Club events.

569. Defendant's unauthorized use of Posada's image, likeness and/or identity as described herein was designed to benefit Defendant's businesses interests by, among other things, promoting Ocean's Gentlemen's Club and their activities and attracting clientele to Ocean's Gentlemen's Club.

570. Defendant knew or should have known that their unauthorized use of Posada's image, likeness and/or identity would cause consumer confusion as described in this Original Complaint.

571. Defendant's unauthorized use of Posada's image, likeness and/or identity as described herein violates 15 U.S.C. §1125(a) and was wrongful.

572. Defendant's wrongful conduct as described herein was willful.

573. As such, the present case is an exceptional case warranting an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

574. Defendant had actual or constructive knowledge of the wrongfulness of their conduct, acted with intent to deprive Posada of a property interest, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to Posada.

575. The method and manner in which Defendant used the image of Posada further evinces that Defendant were aware of or consciously disregarded the fact that Posada did not consent to Defendant's use of the image to advertise Defendant's businesses.

576. Defendant has caused irreparable harm to Posada, her reputation and brand by attributing to Posada the strip club lifestyle and activities at Ocean's Gentlemen's Club.

577. Defendant unauthorized use of Posada's image, likeness and/or identity directly and proximately caused and continue to cause damage to Posada in an amount to be determined at trial.

**WHEREFORE**, Posada respectfully requests that the Court issue a judgment granting actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

## POSADA COUNT II
### (Violation of §43 of the Lanham Act, 15 U.S.C. § 1125(a) *et seq.:* False Endorsement)

578.  Posada re-alleges paragraphs 1 – 21, 27, 33 – 58, and 117 – 128 above, and incorporates the same by reference as though fully set forth herein.

579.  Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) applies to Defendant, and protects Posada from the conduct described herein.

580.  Defendant used Posada's image, *inter alia,* in order to create the false impression with the public that Posada either worked at Defendant's strip club, or endorsed Defendant's sexually-oriented businesses.

581.  This was done to promote and attract clientele to Ocean's Gentlemen's Club, and thereby generate revenue for Defendant.

582.  Thus, this was done in furtherance of Defendant's commercial benefit.

583.  Posada is in the business of commercializing her identity and selling her images to reputable brands and companies for profit. Defendant's customers are the exact demographic that views Posada's images in magazines and online.  By virtue of Posada's use of her image and identify to build her brand, she has acquired a distinctiveness through secondary meaning. Posada's image either suggests the basic nature of her product or service, identifies the characteristic of her product or service, or suggests the characteristics of her product or service that requires an effort of the imagination by the consumer in order to be understood as descriptive. As such, her brand – the reason her clients seek to hire her – is unique in that it is encompassed in her identity, i.e., her persona.

584. Both Posada and Defendant compete in the entertainment industry, use similar marketing channels and their respective endeavors overlap. They vie for the same dollars from the same demographic consumer group.

585. As such, an unauthorized use of Posada's image to promote a strip club created an undeniable confusion in Defendant consumers' minds, which lead to competitive injury to Posada. There is no doubt that Defendant's used Posada's image for advertising puprposes, that is to promote their business enteprises, as such, Defendant's unauthorized and unlawful use of Posada's image and likeness was an existing intent to commercialize an interest in Posada's image and likeness.

586. Defendant's use of Posada's image, likeness and/or identity constitutes a false designation of the source of origin, sponsorship, approval, or association which has deceived Posada's fans and present and prospective clients into believing that Ocean's Gentlemen's Club's advertisements are endorsed by Posada, or sponsored, approved or associated with Posada.

587. Despite the fact that Defendant were at all times aware that Posada neither worked at, nor endorsed their strip club, nevertheless, they used Posada's image in order to mislead potential customers as to Posada's employment at and/or affiliation with Ocean's Gentlemen's Club.

588. Defendant knew that their use of Posada's image would cause consumer confusion as to Posada's sponsorship and/or employment at Ocean's Gentlemen's Club.

589. Upon information and belief, Defendant's use of Posada's image did in fact cause consumer confusion as to Posada's employment at and/or endorsement of Defendant's businesses, and the goods and services provided by Defendant.

590. As a direct and proximate result of Defendant's actions, Posada has no control over the nature and quality of the line of products or services provided by Defendant, the nature of the advertisements depicting Posada's image, likeness and/or identity, or how Posada's image, likeness and/or identity is being depicted by Defendant.

591. Further, any failure, neglect or default by Defendant will reflect adversely on Posada as the believed source of origin, sponsorship, approval or association thereof, hampering efforts by Posada to continue to protect her reputation for high quality professional modeling, resulting in loss of sales thereof and the considerable expenditures to promote her personal modeling services to legitimate mainstream media, all to the irreparable harm of Posada.

592. Due to Ocean's Gentlemen's Club's unauthorized use of Posada's image, Posada has been damaged in an amount to be determined at trial.

**WHEREFORE**, Posada respectfully requests that the Court enter a judgment against Defendant and grant actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

## POSADA COUNT III
### (**Violation of Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/10 *et seq.* Right to Publicity**)

593. Posada re-alleges paragraphs 1 – 21, 27, 33 – 58, and 117 – 128 above, and incorporates the same by reference as though fully set forth herein.

594. Posada has a right of publicity under IRPA, **765 ILCS 1075/10 *et seq. Right to Publicity***.

595.   Defendant may not publish, print, display or publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of Posada without express written or oral consent to such use.

596.   As set forth herein, Defendant has violated Posada's right to publicity by invading Plaintiff's privacy, misappropriating her likeness, and publishing on Ocean's Gentlemen's Club social media outlets, the altered image as it appears in Exhibit F, likeness and/or identity of Posada which made it appear as though Posada was employed at Ocean's Gentlemen's Club, or endorsed the strip club, or any Ocean's Gentlemen's Club events or activities.

597.   Defendant's unauthorized use of Posada's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subect image was ongoing and continuous in that any person visiting the Defedant's Facebook account could view, access, an even download the image from the date it was first poseted until present.

598.   At all relevant times, Defendant published, printed, displayed and/or publicly used Posada's image, likeness or identity on their social media outlets, among others, for purposes of trade and/or commercial advertising including, but not limited to, promoting, advertising and marketing Ocean's Gentlemen's Club and/or Ocean's Gentlemen's Club's events and activities.

599.   The Ocean's Gentlemen's Club social media outlets were designed to attract business to Ocean's Gentlemen's Club and generate revenue for Defendant.

600.   Upon information and belief, Defendant's use of Plaintiff's Image did in fact attract clientele and generate business for Ocean's Gentlemen's Club.

601.   Defendant took these actions without Posada's permission, consent or authority, be it written or otherwise. In fact, Defendant never sought permission nor authority to use Posada's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's event or activities.

602.   Posada never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's event or activity.

603.   Defendant was at all relevant times aware that they never received any Plaintiff's permission or consent to use their Image on any website or social media account, or on any other medium, in order to promote Ocean's Gentlemen's Club.

604.   At no point did Defendant ever compensate Plaintiff for its use of her Images.

605.   No applicable privilege or authorization exists for Defendant's use of Plaintiff's Image.

606.   Defendant intentionally or, at a minimum, recklessly, published, printed, displayed, or otherwise publicly disseminated or used Posada's image, likeness or identity without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Original Complaint.

607.   Defendant had actual or constructive knowledge of the wrongfulness of their conduct and acted with intent or reckless disregard to deprive Posada of a property interest during the entire time period in which the unauthorized use took place.

608.   At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Posada's rights.

609. Alternatively, Defendant acted negligently towards Posada in using and disseminating, without authority, her image, likeness or identity on Ocean's Gentlemen's Club's social media outlets in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities.

610. Defendant caused irreparable harm to Posada, her reputation and brand by attributing to Posada the strip club lifestyle and activities at Ocean's Gentlemen's Club.

611. Defendant has also damaged Posada as a direct and proximate result of their unauthorized use of Posada's image, likeness and/or identity without compensating Posada.

612. Due to Defendant's violation of Plaintiff's rights of privacy and publicity under IRPA, Plaintiff has been damaged in an amount to be determined at trial, but in all events not less than seventy-five thousand dollars ($75,000.00), exclusive of punitive and exemplary damages.

613. In addition, Plaintiff hereby requests an Order permanently enjoining Defendant from violating Plaintiff's right to privacy and publicity.

614. In addition, Plaintiff hereby requests an award of punitive damages, in an amount to be determined at trial, due to Defendant knowing and intentional violation of her statutory rights to privacy and publicity.

**WHEREFORE**, Posada respectfully requests that the Court issue a judgment against Defendant for all remedies available under a claim of misappropriation including, but not limited to, actual damages, costs, interest, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

## POSADA COUNT IV
### (Violation of Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq. False Light*)

615.   Posada re-alleges paragraphs 1 – 21, 27, 33 – 58, and 117 – 128 above, and incorporates the same by reference as though fully set forth herein

616.   Defendant published Posada's image, likeness and/or identity on social media outlets, among others, in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities, causing her to be placed in a false light as a stripper or as someone who was affiliated with Ocean's Gentlemen's Club, or endorsed Ocean's Gentlemen's Club strip club before the public as a result of that publication.

617.   Defendant's unauthorized use of Posada's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subect image was ongoing and continuous in that any person visiting the Defedant's Facebook account could view, access, an even download the image from the date it was first poseted until present.

618.   Without question, this "false light would be highly offensive to a reasonable person" and, by portraying Plaintiff in a false light Defendant did so with actual malice, with knowledge of or reckless disregard for the falsity of the statements.

619.   Defendant published Plaintiff's Image on the respective Ocean's Gentlemen's Club social media outlets, in order to create the false impression that Plaintiff was either a stripper working at Ocean's Gentlemen's Club, or endorsed Ocean's Gentlemen's Club strip club.

620.   As such, Defendant's intent in publishing Plaintiff's Image was to mislead the public and cast her in a false light with respect to her affiliation with Ocean's Gentlemen's Club.

As Defendant was at all times aware, Plaintiff never worked at any Ocean's Gentlemen's Club strip club, never endorsed Ocean's Gentlemen's Club, and never had any affiliation with Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club events or activities.Defendant never sought permission or authority to use Posada's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's events or activities.

621.   Posada never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club event or activity.

622.   Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Posada's image, likeness or identity without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Original Complaint.

623.   Defendant had actual or constructive knowledge of the wrongfulness of their conduct and acted with intent or with reckless disregard to deprive Posada of a property interest during the entire time period in which the unauthorized use took place.

624.   At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Posada's rights.

625.   Alternatively, Defendant acted negligently towards Posada in using and disseminating, without authority, her image, likeness or identity on social media outlets in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities.

626.   Defendant has caused irreparable harm to Posada, her reputation and brand by attributing to Posada the strip club lifestyle and activities at Ocean's Gentlemen's Club.

627.   Defendant has also damaged Posada as a direct and proximate result of their unauthorized use of Posada's image, likeness or identity without compensating Posada. Defendant's conduct has been despicable and taken in conscious disregard of Posada's rights.

**WHEREFORE**, Posada respectfully requests that the Court issue a judgment against Defendant for all remedies available under law, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

## POSADA COUNT V
### (Negligence and *Respondeat Superior*)

628.   Posada re-alleges paragraphs 1 – 21, 27, 33 – 58, and 117 – 128 above, and incorporates the same by reference as though fully set forth herein.

629.   Upon information and belief, Defendant was negligent in its failure to promulgate policies and procedures concerning the misappropriation of the Image of models that were used on the Ocean's Gentlemen's Club Website and social media accounts.

630.   Said failure was the proximate cause of the harm Plaintiff suffered when her Image was published without her authorization.

631.   In the alternative, and upon information and belief, although Defendant promulgated policies and procedures concerning the misappropriation of images, Defendant nevertheless negligently failed to enforce those policies, communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with Federal and Illinois law, were not violated.

632.   In addition, Defendant had a duty to refrain from appropriating the Image of those

with whom it had not contracted, and had not paid.

633.   Defendant violated said duty by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

634.   As a result of Defendant's negligence, Plaintiff have suffered damages in an amount to be determined at trial, but which in all events are in excess of seventy-five thousand dollars ($75,000), exclusive of punitive and exemplary damages.

*Plaintiff Katarina Van Derham's Causes of Action*
*against Defendant Ocean's Gentlemen's Club*

**<u>VAN DERHAM COUNT I</u>**
**(Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Advertising)**

635.   Van Derham re-alleges paragraphs 1 – 21, 28, 33 – 58, and 129 – 140 above, and incorporates the same by reference as though fully set forth herein.

636.   Section 43 of the Lanham Act, 15 U.S.C. § 1125, *et seq.* applies to Defendant and protects Van Derham from the conduct described herein. Specifically, the Lanham Act prohibits a party in commercial advertising and promotion from "misrepresent[ing] the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services or commercial activities . . .".  15 U.S.C. §1125(a)(1)(B).

637.   Defendant used Van Derham's image, likeness and/or identity as described herein without authority in order to create the perception that Van Derham worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses and activities, and/or consented to or authorized Defendant to use her image in order to advertise, promote, and market Defendant's businesses, Ocean's Gentlemen's Club, and/or Ocean's Gentlemen's Club's events and activities.

638. Defendant's use of Van Derham's image, likeness and/or identity to advertise, promote and market Defendant's businesses, Ocean's Gentlemen's Club, and/or Ocean's Gentlemen's Club's events and activities as described in this Original Complaint was false and misleading.

639. Defendant's unauthorized use of Van Derham's image, likeness and/or identity as described in this Original Complaint constitutes false advertising by suggesting or implying, among other things, that Van Derham worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities and/or that Van Derham would participate in or appear at the specific events promoted in the advertisements.

640. Defendant's false advertising described above has the capacity or tendency to confuse consumers, including actual and prospective patrons of Ocean's Gentlemen's Club, as to the general quality of attendees and participants of Ocean's Gentlemen's Club and in their events, as well as specifically whether Van Derham worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities.

641. Upon information and belief, Defendant's false advertising described above did, in fact, deceive and/or cause consumer confusion as to whether Van Derham worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's

Gentlemen's Club or Ocean's Gentlemen's Club's events and activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities.

642.   Among other things, upon information and belief, such unauthorized use misled and served to entice consumers and prospective consumers to join Ocean's Gentlemen's Club, visit Ocean's Gentlemen's Club, and participate in events at Ocean's Gentlemen's Club and had a material effect and impact on the decision of members and prospective members and participants to join Ocean's Gentlemen's Club, visit Ocean's Gentlemen's Club and take part in the events at Ocean's Gentlemen's Club.

643.   Defendant's advertisements, promotions and marketing of Ocean's Gentlemen's Club and events at Ocean's Gentlemen's Club occur in and are targeted to interstate commerce. Specifically, Defendant promote their businesses and events through interstate promotions and campaigns to target persons from different states throughout the United States. Defendant principally use the World Wide Web, social media and other vehicles of interstate commerce to advertise, market, promote, and entice or lure membership and attendance at Ocean's Gentlemen's Club events.

644.   Defendant's unauthorized use of Van Derham's image, likeness and/or identity as described herein was designed to benefit Defendant's businesses interests by, among other things, promoting Ocean's Gentlemen's Club and their activities and attracting clientele to Ocean's Gentlemen's Club.

645.   Defendant knew or should have known that their unauthorized use of Van Derham's image, likeness and/or identity would cause consumer confusion as described in this Original Complaint.

646. Defendant's unauthorized use of Van Derham's image, likeness and/or identity as described herein violates 15 U.S.C. §1125(a) and was wrongful.

647. Defendant's wrongful conduct as described herein was willful.

648. As such, the present case is an exceptional case warranting an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

649. Defendant had actual or constructive knowledge of the wrongfulness of their conduct, acted with intent to deprive Van Derham of a property interest, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to Van Derham.

650. The method and manner in which Defendant used the image of Van Derham further evinces that Defendant were aware of or consciously disregarded the fact that Van Derham did not consent to Defendant's use of the image to advertise Defendant's businesses.

651. Defendant has caused irreparable harm to Van Derham, her reputation and brand by attributing to Van Derham the strip club lifestyle and activities at Ocean's Gentlemen's Club.

652. Defendant unauthorized use of Van Derham's image, likeness and/or identity directly and proximately caused and continue to cause damage to Van Derham in an amount to be determined at trial.

**WHEREFORE**, Van Derham respectfully requests that the Court issue a judgment granting actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

**VANDER HAM COUNT II**
**(Violation of §43 of the Lanham Act, 15 U.S.C. § 1125(a)** *et seq.:* **False Endorsement**)

653.   Van Derham re-alleges paragraphs 1 – 21, 28, 33 – 58, and 129 – 140 above, and incorporates the same by reference as though fully set forth herein.

654.   Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) applies to Defendant, and protects Van Derham from the conduct described herein.

655.   Defendant used Van Dderham's image, *inter alia,* in order to create the false impression with the public that Van Derham either worked at Defendant's strip club, or endorsed Defendant's sexually-oriented businesses.

656.   This was done to promote and attract clientele to Ocean's Gentlemen's Club, and thereby generate revenue for Defendant.

657.   Thus, this was done in furtherance of Defendant's commercial benefit.

658.   Van Derham is in the business of commercializing her identity and selling her images to reputable brands and companies for profit. Defendant's customers are the exact demographic that views Van Derham's images in magazines and online.  By virtue of Van Derham's use of her image and identify to build her brand, she has acquired a distinctiveness through secondary meaning. Van Derham's image either suggests the basic nature of her product or service, identifies the characteristic of her product or service, or suggests the characteristics of her product or service that requires an effort of the imagination by the consumer in order to be understood as descriptive. As such, her brand – the reason her clients seek to hire her – is unique in that it is encompassed in her identity, i.e., her persona.

659.   Both Van Derham and Defendant compete in the entertainment industry, use similar marketing channels and their respective endeavors overlap. They vie for the same dollars from the same demographic consumer group.

660.   As such, an unauthorized use of Van Derham's image to promote a strip club created an undeniable confusion in Defendant consumers' minds, which lead to competitive injury to Van Derham.   There is no doubt that Defendant's used Van Derham's image for advertising puprposes, that is to promote their business enteprises, as such, Defendant's unauthorized and unlawful use of Van Derham's image and likeness was an existing intent to commercialize an interest in Van Derham's image and likeness.

661.   Defendant's use of Van Derham's image, likeness and/or identity constitutes a false designation of the source of origin, sponsorship, approval, or association which has deceived Van Derham's fans and present and prospective clients into believing that Ocean's Gentlemen's Club's advertisements are endorsed by Van Derham, or sponsored, approved or associated with Van Derham.

662.   Despite the fact that Defendant were at all times aware that Van Derham neither worked at, nor endorsed their strip club, nevertheless, they used Van Derham's image in order to mislead potential customers as to Van Derham's employment at and/or affiliation with Ocean's Gentlemen's Club.

663.   Defendant knew that their use of Van Derham's image would cause consumer confusion as to Van Derham's sponsorship and/or employment at Ocean's Gentlemen's Club.

664.   Upon information and belief, Defendant's use of Van Derham's image did in fact cause consumer confusion as to Van Derham's employment at and/or endorsement of Defendant's businesses, and the goods and services provided by Defendant.

665. As a direct and proximate result of Defendant's actions, Van Derham has no control over the nature and quality of the line of products or services provided by Defendant, the nature of the advertisements depicting Van Derham's image, likeness and/or identity, or how Van Derham's image, likeness and/or identity is being depicted by Defendant.

666. Further, any failure, neglect or default by Defendant will reflect adversely on Van Derham as the believed source of origin, sponsorship, approval or association thereof, hampering efforts by Van Derham to continue to protect her reputation for high quality professional modeling, resulting in loss of sales thereof and the considerable expenditures to promote her personal modeling services to legitimate mainstream media, all to the irreparable harm of Van Derham.

667. Due to Ocean's Gentlemen's Club's unauthorized use of Van Derham's image, Van Derham has been damaged in an amount to be determined at trial.

**WHEREFORE**, Van Derham respectfully requests that the Court enter a judgment against Defendant and grant actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

### VAN DERHAM COUNT III
(**Violation of Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/10** *et seq. Right to Publicity*)

668. Van Derham re-alleges paragraphs 1 – 21, 28, 33 – 58, and 129 – 140 above, and incorporates the same by reference as though fully set forth herein.

669. Van Derham has a right of publicity under IRPA, **765 ILCS 1075/10** *et seq. Right to Publicity*.

670.   Defendant may not publish, print, display or publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of Van Derham without express written or oral consent to such use.

671.   As set forth herein, Defendant has violated Van Derham's right to publicity by invading Plaintiff's privacy, misappropriating her likeness, and publishing on Ocean's Gentlemen's Club social media outlets, the altered image as it appears in Exhibit G, likeness and/or identity of Van Derham which made it appear as though Van Derham was employed at Ocean's Gentlemen's Club, or endorsed the strip club, or any Ocean's Gentlemen's Club events or activities.

672.   Defendant's unauthorized use of Van Derham's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subect image was ongoing and continuous in that any person visiting the Defedant's Facebook account could view, access, an even download the image from the date it was first poseted until present.

673.   At all relevant times, Defendant published, printed, displayed and/or publicly used Van Derham's image, likeness or identity on their social media outlets, among others, for purposes of trade and/or commercial advertising including, but not limited to, promoting, advertising and marketing Ocean's Gentlemen's Club and/or Ocean's Gentlemen's Club's events and activities.

674.   The Ocean's Gentlemen's Club social media outlets were designed to attract business to Ocean's Gentlemen's Club and generate revenue for Defendant.

675.   Upon information and belief, Defendant's use of Plaintiff's Image did in fact attract clientele and generate business for Ocean's Gentlemen's Club.

676.    Defendant took these actions without Van Derham's permission, consent or authority, be it written or otherwise. In fact, Defendant never sought permission nor authority to use Van Derham's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's event or activities.

677.    Van Derham never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's event or activity.

678.    Defendant was at all relevant times aware that they never received any Plaintiff's permission or consent to use their Image on any website or social media account, or on any other medium, in order to promote Ocean's Gentlemen's Club.

679.    At no point did Defendant ever compensate Plaintiff for its use of her Images.

680.    No applicable privilege or authorization exists for Defendant's use of Plaintiff's Image.

681.    Defendant intentionally or, at a minimum, recklessly, published, printed, displayed, or otherwise publicly disseminated or used Van Derham's image, likeness or identity without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Original Complaint.

682.    Defendant had actual or constructive knowledge of the wrongfulness of their conduct and acted with intent or reckless disregard to deprive Van Derham of a property interest during the entire time period in which the unauthorized use took place.

683. At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Van Derham's rights.

684. Alternatively, Defendant acted negligently towards Van Derham in using and disseminating, without authority, her image, likeness or identity on Ocean's Gentlemen's Club's social media outlets in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities.

685. Defendant caused irreparable harm to Van Derham, her reputation and brand by attributing to Van Derham the strip club lifestyle and activities at Ocean's Gentlemen's Club.

686. Defendant has also damaged Van Derham as a direct and proximate result of their unauthorized use of Van Derham's image, likeness and/or identity without compensating Van Derham.

687. Due to Defendant's violation of Plaintiff's rights of privacy and publicity under IRPA, Plaintiff has been damaged in an amount to be determined at trial, but in all events not less than seventy-five thousand dollars ($75,000.00), exclusive of punitive and exemplary damages.

688. In addition, Plaintiff hereby requests an Order permanently enjoining Defendant from violating Plaintiff's right to privacy and publicity.

689. In addition, Plaintiff hereby requests an award of punitive damages, in an amount to be determined at trial, due to Defendant knowing and intentional violation of her statutory rights to privacy and publicity.

**WHEREFORE**, Van Derham respectfully requests that the Court issue a judgment against Defendant for all remedies available under a claim of misappropriation including, but not

limited to, actual damages, costs, interest, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

## VAN DERHAM COUNT IV
### (Violation of Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq. False Light*)

690.   Van Derham re-alleges paragraphs $1 - 21, 28, 33 - 58$, and $129 - 140$ above, and incorporates the same by reference as though fully set forth herein

691.   Defendant published Van Derham's image, likeness and/or identity on social media outlets, among others, in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities, causing her to be placed in a false light as a stripper or as someone who was affiliated with Ocean's Gentlemen's Club, or endorsed Ocean's Gentlemen's Club strip club before the public as a result of that publication.

692.   Defendant's unauthorized use of Van Derham's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subect image was ongoing and continuous in that any person visiting the Defedant's Facebook account could view, access, an even download the image from the date it was first poseted until present.

693.   Without question, this "false light would be highly offensive to a reasonable person" and, by portraying Plaintiff in a false light Defendant did so with actual malice, with knowledge of or reckless disregard for the falsity of the statements.

694.   Defendant published Plaintiff's Image on the respective Ocean's Gentlemen's Club social media outlets, in order to create the false impression that Plaintiff was either a stripper working at Ocean's Gentlemen's Club, or endorsed Ocean's Gentlemen's Club strip club.

695.   As such, Defendant's intent in publishing Plaintiff's Image was to mislead the public and cast her in a false light with respect to her affiliation with Ocean's Gentlemen's Club. As Defendant was at all times aware, Plaintiff never worked at any Ocean's Gentlemen's Club strip club, never endorsed Ocean's Gentlemen's Club, and never had any affiliation with Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club events or activities.Defendant never sought permission or authority to use Van Derham's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's events or activities.

696.   Van Derham never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club event or activity.

697.   Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Van Derham's image, likeness or identity without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Original Complaint.

698.   Defendant had actual or constructive knowledge of the wrongfulness of their conduct and acted with intent or with reckless disregard to deprive Van Derham of a property interest during the entire time period in which the unauthorized use took place.

699.   At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Van Derham's rights.

700.   Alternatively, Defendant acted negligently towards Van Derham in using and disseminating, without authority, her image, likeness or identity on social media outlets in order

to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities.

701.    Defendant has caused irreparable harm to Van Derham, her reputation and brand by attributing to Van Derham the strip club lifestyle and activities at Ocean's Gentlemen's Club.

702.    Defendant has also damaged Van Derham as a direct and proximate result of their unauthorized use of Van Derham's image, likeness or identity without compensating Van Derham.   Defendant's conduct has been despicable and taken in conscious disregard of Van Derham's rights.

**WHEREFORE**, Van Derham respectfully requests that the Court issue a judgment against Defendant for all remedies available under law, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

## VANDER HAM COUNT V
**(Negligence and *Respondeat Superior*)**

703.    Van Derham re-alleges paragraphs 1 – 21, 28, 33 – 58, and 129 – 140 above, and incorporates the same by reference as though fully set forth herein.

704.    Upon information and belief, Defendant was negligent in its failure to promulgate policies and procedures concerning the misappropriation of the Image of models that were used on the Ocean's Gentlemen's Club Website and social media accounts.

705.    Said failure was the proximate cause of the harm Plaintiff suffered when her Image was published without her authorization.

706.  In the alternative, and upon information and belief, although Defendant promulgated policies and procedures concerning the misappropriation of images, Defendant nevertheless negligently failed to enforce those policies, communicate them to employees, and/or

supervise its employees in order to ensure that these policies, along with Federal and Illinois law, were not violated.

707.    In addition, Defendant had a duty to refrain from appropriating the Image of those with whom it had not contracted, and had not paid.

708.    Defendant violated said duty by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

709.    As a result of Defendant's negligence, Plaintiff have suffered damages in an amount to be determined at trial, but which in all events are in excess of seventy-five thousand dollars ($75,000), exclusive of punitive and exemplary damages.

### *Plaintiff Laurie Romeo's Causes of Action against Defendant Ocean's Gentlemen's Club*
### ROMEO COUNT I
### (**Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Advertising**)

710.    Romeo re-alleges paragraphs 1 – 21, 29, 33 – 58, and 141 – 152 above, and incorporates the same by reference as though fully set forth herein.

711.    Section 43 of the Lanham Act, 15 U.S.C. § 1125, *et seq.* applies to Defendant and protects Romeo from the conduct described herein. Specifically, the Lanham Act prohibits a party in commercial advertising and promotion from "misrepresent[ing] the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services or commercial activities . . .".  15 U.S.C. §1125(a)(1)(B).

712.    Defendant used Romeo's image, likeness and/or identity as described herein without authority in order to create the perception that Romeo worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses and activities, and/or consented to or authorized Defendant to use her image in order to advertise, promote, and market Defendant's businesses, Ocean's Gentlemen's Club, and/or Ocean's Gentlemen's Club's

events and activities.

713. Defendant's use of Romeo's image, likeness and/or identity to advertise, promote and market Defendant's businesses, Ocean's Gentlemen's Club, and/or Ocean's Gentlemen's Club's events and activities as described in this Original Complaint was false and misleading.

714. Defendant's unauthorized use of Romeo's image, likeness and/or identity as described in this Original Complaint constitutes false advertising by suggesting or implying, among other things, that Romeo worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities and/or that Romeo would participate in or appear at the specific events promoted in the advertisements.

715. Defendant's false advertising described above has the capacity or tendency to confuse consumers, including actual and prospective patrons of Ocean's Gentlemen's Club, as to the general quality of attendees and participants of Ocean's Gentlemen's Club and in their events, as well as specifically whether Romeo worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities.

716. Upon information and belief, Defendant's false advertising described above did, in fact, deceive and/or cause consumer confusion as to whether Romeo worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's

Gentlemen's Club or Ocean's Gentlemen's Club's events and activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities.

717. Among other things, upon information and belief, such unauthorized use misled and served to entice consumers and prospective consumers to join Ocean's Gentlemen's Club, visit Ocean's Gentlemen's Club, and participate in events at Ocean's Gentlemen's Club and had a material effect and impact on the decision of members and prospective members and participants to join Ocean's Gentlemen's Club, visit Ocean's Gentlemen's Club and take part in the events at Ocean's Gentlemen's Club.

718. Defendant's advertisements, promotions and marketing of Ocean's Gentlemen's Club and events at Ocean's Gentlemen's Club occur in and are targeted to interstate commerce. Specifically, Defendant promote their businesses and events through interstate promotions and campaigns to target persons from different states throughout the United States. Defendant principally use the World Wide Web, social media and other vehicles of interstate commerce to advertise, market, promote, and entice or lure membership and attendance at Ocean's Gentlemen's Club events.

719. Defendant's unauthorized use of Romeo's image, likeness and/or identity as described herein was designed to benefit Defendant's businesses interests by, among other things, promoting Ocean's Gentlemen's Club and their activities and attracting clientele to Ocean's Gentlemen's Club.

720. Defendant knew or should have known that their unauthorized use of Romeo's image, likeness and/or identity would cause consumer confusion as described in this Original Complaint.

130

721.   Defendant's unauthorized use of Romeo's image, likeness and/or identity as described herein violates 15 U.S.C. §1125(a) and was wrongful.

722.   Defendant's wrongful conduct as described herein was willful.

723.   As such, the present case is an exceptional case warranting an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

724.   Defendant had actual or constructive knowledge of the wrongfulness of their conduct, acted with intent to deprive Romeo of a property interest, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to Romeo.

725.   The method and manner in which Defendant used the image of Romeo further evinces that Defendant were aware of or consciously disregarded the fact that Romeo did not consent to Defendant's use of the image to advertise Defendant's businesses.

726.   Defendant has caused irreparable harm to Romeo, her reputation and brand by attributing to Romeo the strip club lifestyle and activities at Ocean's Gentlemen's Club.Defendant unauthorized use of Romeo's image, likeness and/or identity directly and proximately caused and continue to cause damage to Romeo in an amount to be determined at trial.

**WHEREFORE**, Romeo respectfully requests that the Court issue a judgment granting actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

**ROMEO COUNT II**
**(Violation of §43 of the Lanham Act, 15 U.S.C. § 1125(a)** *et seq.:* **False Endorsement**)

727.    Romeo re-alleges paragraphs 1 – 21, 29, 33 – 58, and 141 – 152 above, and incorporates the same by reference as though fully set forth herein.

728.    Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) applies to Defendant, and protects Romeo from the conduct described herein.

729.    Defendant used Romeo's image, *inter alia,* in order to create the false impression with the public that Romeo either worked at Defendant's strip club, or endorsed Defendant's sexually-oriented businesses.

730.    This was done to promote and attract clientele to Ocean's Gentlemen's Club, and thereby generate revenue for Defendant.

731.    Thus, this was done in furtherance of Defendant's commercial benefit.

732.    Romeo is in the business of commercializing her identity and selling her images to reputable brands and companies for profit. Defendant's customers are the exact demographic that views Romeo's images in magazines and online.  By virtue of Romeo's use of her image and identify to build her brand, she has acquired a distinctiveness through secondary meaning. Romeo's image either suggests the basic nature of her product or service, identifies the characteristic of her product or service, or suggests the characteristics of her product or service that requires an effort of the imagination by the consumer in order to be understood as descriptive. As such, her brand – the reason her clients seek to hire her – is unique in that it is encompassed in her identity, i.e., her persona.

733.   Both Romeo and Defendant compete in the entertainment industry, use similar marketing channels and their respective endeavors overlap. They vie for the same dollars from the same demographic consumer group.

734.   As such, an unauthorized use of Romeo's image to promote a strip club created an undeniable confusion in Defendant consumers' minds, which lead to competitive injury to Romeo.  There is no doubt that Defendant's used Romeo's image for advertising puprposes, that is to promote their business enteprises, as such, Defendant's unauthorized and unlawful use of Romeo's image and likeness was an existing intent to commercialize an interest in Romeo's image and likeness.

735.   Defendant's use of Romeo's image, likeness and/or identity constitutes a false designation of the source of origin, sponsorship, approval, or association which has deceived Romeo's fans and present and prospective clients into believing that Ocean's Gentlemen's Club's advertisements are endorsed by Romeo, or sponsored, approved or associated with Romeo.

736.   Despite the fact that Defendant were at all times aware that Romeo neither worked at, nor endorsed their strip club, nevertheless, they used Romeo's image in order to mislead potential customers as to Romeo's employment at and/or affiliation with Ocean's Gentlemen's Club.

737.   Defendant knew that their use of Romeo's image would cause consumer confusion as to Romeo's sponsorship and/or employment at Ocean's Gentlemen's Club.

738.   Upon information and belief, Defendant's use of Romeo's image did in fact cause consumer confusion as to Romeo's employment at and/or endorsement of Defendant's businesses, and the goods and services provided by Defendant.

739.    As a direct and proximate result of Defendant's actions, Romeo has no control over the nature and quality of the line of products or services provided by Defendant, the nature of the advertisements depicting Romeo's image, likeness and/or identity, or how Romeo's image, likeness and/or identity is being depicted by Defendant.

740.    Further, any failure, neglect or default by Defendant will reflect adversely on Romeo as the believed source of origin, sponsorship, approval or association thereof, hampering efforts by Romeo to continue to protect her reputation for high quality professional modeling, resulting in loss of sales thereof and the considerable expenditures to promote her personal modeling services to legitimate mainstream media, all to the irreparable harm of Romeo.

741.    Due to Ocean's Gentlemen's Club's unauthorized use of Romeo's image, Romeo has been damaged in an amount to be determined at trial.

**WHEREFORE**, Romeo respectfully requests that the Court enter a judgment against Defendant and grant actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

## ROMEO COUNT III
### (**Violation of Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/10** *et seq.* *Right to Publicity*)

742.    Romeo re-alleges paragraphs 1 – 21, 29, 33 – 58, and 141 – 152 above, and incorporates the same by reference as though fully set forth herein.

743.    Romeo has a right of publicity under IRPA, **765 ILCS 1075/10** *et seq. Right to Publicity*.

744. Defendant may not publish, print, display or publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of Romeo without express written or oral consent to such use.

745. As set forth herein, Defendant has violated Romeo's right to publicity by invading Sears' privacy, misappropriating her likeness, and publishing on Ocean's Gentlemen's Club social media outlets, the altered image as it appears in Exhibit H, likeness and/or identity of Romeo which made it appear as though Romeo was employed at Ocean's Gentlemen's Club, or endorsed the strip club, or any Ocean's Gentlemen's Club events or activities.

746. Defendant's unauthorized use of Romeo's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subject image was ongoing and continuous in that any person visiting the Defendant's Facebook account could view, access, an even download the image from the date it was first posted until present.

747. At all relevant times, Defendant published, printed, displayed and/or publicly used Romeo's image, likeness or identity on their social media outlets, among others, for purposes of trade and/or commercial advertising including, but not limited to, promoting, advertising and marketing Ocean's Gentlemen's Club and/or Ocean's Gentlemen's Club's events and activities.

748. The Ocean's Gentlemen's Club social media outlets were designed to attract business to Ocean's Gentlemen's Club and generate revenue for Defendant.

749. Upon information and belief, Defendant's use of Plaintiff's Image did in fact attract clientele and generate business for Ocean's Gentlemen's Club.

750.    Defendant took these actions without Romeo's permission, consent or authority, be it written or otherwise. In fact, Defendant never sought permission nor authority to use Romeo's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's event or activities.

751.    Romeo never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's event or activity.

752.    Defendant was at all relevant times aware that they never received any Plaintiff's permission or consent to use their Image on any website or social media account, or on any other medium, in order to promote Ocean's Gentlemen's Club.

753.    At no point did Defendant ever compensate Plaintiff for its use of her Images.

754.    No applicable privilege or authorization exists for Defendant's use of Plaintiff's Image.

755.    Defendant intentionally or, at a minimum, recklessly, published, printed, displayed, or otherwise publicly disseminated or used Romeo's image, likeness or identity without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Original Complaint.

756.    Defendant had actual or constructive knowledge of the wrongfulness of their conduct and acted with intent or reckless disregard to deprive Romeo of a property interest during the entire time period in which the unauthorized use took place.

757.    At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Romeo's rights.

758. Alternatively, Defendant acted negligently towards Romeo in using and disseminating, without authority, her image, likeness or identity on Ocean's Gentlemen's Club's social media outlets in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities.

759. Defendant caused irreparable harm to Romeo, her reputation and brand by attributing to Romeo the strip club lifestyle and activities at Ocean's Gentlemen's Club.

760. Defendant has also damaged Romeo as a direct and proximate result of their unauthorized use of Romeo's image, likeness and/or identity without compensating Romeo.

761. Due to Defendant's violation of Plaintiff's rights of privacy and publicity under IRPA, Plaintiff has been damaged in an amount to be determined at trial, but in all events not less than seventy-five thousand dollars ($75,000.00), exclusive of punitive and exemplary damages.

762. In addition, Plaintiff hereby requests an Order permanently enjoining Defendant from violating Plaintiff's right to privacy and publicity.

763. In addition, Plaintiff hereby requests an award of punitive damages, in an amount to be determined at trial, due to Defendant knowing and intentional violation of her statutory rights to privacy and publicity.

**WHEREFORE**, Romeo respectfully requests that the Court issue a judgment against Defendant for all remedies available under a claim of misappropriation including, but not limited to, actual damages, costs, interest, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

**ROMEO COUNT IV**
**(Violation of Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq. False Light*)**

764.  Romeo re-alleges paragraphs 1 – 21, 29, 33 – 58, and 141 – 152 above, and incorporates the same by reference as though fully set forth herein

765.  Defendant published Romeo's image, likeness and/or identity on social media outlets, among others, in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities, causing her to be placed in a false light as a stripper or as someone who was affiliated with Ocean's Gentlemen's Club, or endorsed Ocean's Gentlemen's Club strip club before the public as a result of that publication.

766.  Defendant's unauthorized use of Romeo's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subject image was ongoing and continuous in that any person visiting the Defendant's Facebook account could view, access, an even download the image from the date it was first posted until present.

767.  Without question, this "false light would be highly offensive to a reasonable person" and, by portraying Plaintiff in a false light Defendant did so with actual malice, with knowledge of or reckless disregard for the falsity of the statements.

768.  Defendant published Plaintiff's Image on the respective Ocean's Gentlemen's Club social media outlets, in order to create the false impression that Plaintiff was either a stripper working at Ocean's Gentlemen's Club, or endorsed Ocean's Gentlemen's Club strip club.

769.  As such, Defendant's intent in publishing Plaintiff's Image was to mislead the public and cast her in a false light with respect to her affiliation with Ocean's Gentlemen's Club.

As Defendant was at all times aware, Plaintiff never worked at any Ocean's Gentlemen's Club strip club, never endorsed Ocean's Gentlemen's Club, and never had any affiliation with Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club events or activities.

770.   Defendant never sought permission or authority to use Romeo's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's events or activities. Romeo never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club event or activity.

771.   Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Romeo's image, likeness or identity without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Original Complaint.

772.   Defendant had actual or constructive knowledge of the wrongfulness of their conduct and acted with intent or with reckless disregard to deprive Romeo of a property interest during the entire time period in which the unauthorized use took place.

773.   At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Romeo's rights.

774.   Alternatively, Defendant acted negligently towards Romeo in using and disseminating, without authority, her image, likeness or identity on social media outlets in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities.

775.   Defendant has caused irreparable harm to Romeo, her reputation and brand by attributing to Romeo the strip club lifestyle and activities at Ocean's Gentlemen's Club.

776.   Defendant has also damaged Romeo as a direct and proximate result of their unauthorized use of Romeo's image, likeness or identity without compensating Romeo. Defendant's conduct has been despicable and taken in conscious disregard of Romeo's rights.

**WHEREFORE**, Romeo respectfully requests that the Court issue a judgment against Defendant for all remedies available under law, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

## ROMEO COUNT V
### (Negligence and *Respondeat Superior*)

777.   Romeo re-alleges paragraphs 1 – 21, 29, 33 – 58, and 141 – 152 above, and incorporates the same by reference as though fully set forth herein.

778.   Upon information and belief, Defendant was negligent in its failure to promulgate policies and procedures concerning the misappropriation of the Image of models that were used on the Ocean's Gentlemen's Club Website and social media accounts.

779.   Said failure was the proximate cause of the harm Plaintiff suffered when her Image was published without her authorization.

780.   In the alternative, and upon information and belief, although Defendant promulgated policies and procedures concerning the misappropriation of images, Defendant nevertheless negligently failed to enforce those policies, communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with Federal and Illinois law, were not violated.

781.   In addition Defendant had a duty to refrain from appropriating the Image of those

with whom it had not contracted, and had not paid.

782.   Defendant violated said duty by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

783.   As a result of Defendant's negligence, Plaintiff have suffered damages in an amount to be determined at trial, but which in all events are in excess of seventy-five thousand dollars ($75,000), exclusive of punitive and exemplary damages.

### Plaintiff Alana Souza a/k/a Alana Campos' Causes of Action
### against Defendant Ocean's Gentlemen's Club
### SOUZA COUNT I
### (Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Advertising)

784.   Souza re-alleges paragraphs 1 – 21, 30, 33 – 58, and 153 – 164 above, and incorporates the same by reference as though fully set forth herein.

785.   Section 43 of the Lanham Act, 15 U.S.C. § 1125, *et seq.* applies to Defendant and protects Souza from the conduct described herein. Specifically, the Lanham Act prohibits a party in commercial advertising and promotion from "misrepresent[ing] the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services or commercial activities . . .".  15 U.S.C. §1125(a)(1)(B).

786.   Defendant used Souza's image, likeness and/or identity as described herein without authority in order to create the perception that Souza worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses and activities, and/or consented to or authorized Defendant to use her image in order to advertise, promote, and market Defendant's businesses, Ocean's Gentlemen's Club, and/or Ocean's Gentlemen's Club's events and activities.

787.   Defendant's use of Souza's image, likeness and/or identity to advertise, promote and market Defendant's businesses, Ocean's Gentlemen's Club, and/or Ocean's Gentlemen's

Club's events and activities as described in this Original Complaint was false and misleading.

788.    Defendant's unauthorized use of Souza's image, likeness and/or identity as described in this Original Complaint constitutes false advertising by suggesting or implying, among other things, that Souza worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities and/or that Souza would participate in or appear at the specific events promoted in the advertisements.

789.    Defendant's false advertising described above has the capacity or tendency to confuse consumers, including actual and prospective patrons of Ocean's Gentlemen's Club, as to the general quality of attendees and participants of Ocean's Gentlemen's Club and in their events, as well as specifically whether Souza worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities.

790.    Upon information and belief, Defendant's false advertising described above did, in fact, deceive and/or cause consumer confusion as to whether Souza worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events and activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities.

791.     Among other things, upon information and belief, such unauthorized use misled and served to entice consumers and prospective consumers to join Ocean's Gentlemen's Club, visit Ocean's Gentlemen's Club, and participate in events at Ocean's Gentlemen's Club and had a material effect and impact on the decision of members and prospective members and participants to join Ocean's Gentlemen's Club, visit Ocean's Gentlemen's Club and take part in the events at Ocean's Gentlemen's Club.

792.     Defendant's advertisements, promotions and marketing of Ocean's Gentlemen's Club and events at Ocean's Gentlemen's Club occur in and are targeted to interstate commerce. Specifically, Defendant promote their businesses and events through interstate promotions and campaigns to target persons from different states throughout the United States. Defendant principally use the World Wide Web, social media and other vehicles of interstate commerce to advertise, market, promote, and entice or lure membership and attendance at Ocean's Gentlemen's Club events.

793.     Defendant's unauthorized use of Souza's image, likeness and/or identity as described herein was designed to benefit Defendant's businesses interests by, among other things, promoting Ocean's Gentlemen's Club and their activities and attracting clientele to Ocean's Gentlemen's Club.

794.     Defendant knew or should have known that their unauthorized use of Souza's image, likeness and/or identity would cause consumer confusion as described in this Original Complaint.

795.     Defendant's unauthorized use of Souza's image, likeness and/or identity as described herein violates 15 U.S.C. §1125(a) and was wrongful.

796.     Defendant's wrongful conduct as described herein was willful.

797. As such, the present case is an exceptional case warranting an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

798. Defendant had actual or constructive knowledge of the wrongfulness of their conduct, acted with intent to deprive Souza of a property interest, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to Souza.

799. The method and manner in which Defendant used the image of Souza further evinces that Defendant were aware of or consciously disregarded the fact that Souza did not consent to Defendant's use of the image to advertise Defendant's businesses.

800. Defendant has caused irreparable harm to Souza, her reputation and brand by attributing to Souza the strip club lifestyle and activities at Ocean's Gentlemen's Club. Defendant unauthorized use of Souza's image, likeness and/or identity directly and proximately caused and continue to cause damage to Souza in an amount to be determined at trial.

**WHEREFORE**, Souza respectfully requests that the Court issue a judgment granting actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

<u>**SOUZA COUNT II**</u>
(**Violation of §43 of the Lanham Act, 15 U.S.C. § 1125(a)** *et seq.:* **False Endorsement**)

801. Souza re-alleges paragraphs 1 – 21, 30, 33 – 58, and 153 – 164 above, and incorporates the same by reference as though fully set forth herein.

802. Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) applies to Defendant, and protects Souza from the conduct described herein.

803.   Defendant used Souza's image, *inter alia,* in order to create the false impression with the public that Souza either worked at Defendant's strip club, or endorsed Defendant's sexually-oriented businesses.

804.   This was done to promote and attract clientele to Ocean's Gentlemen's Club, and thereby generate revenue for Defendant.

805.   Thus, this was done in furtherance of Defendant's commercial benefit.

806.   Souza is in the business of commercializing her identity and selling her images to reputable brands and companies for profit. Defendant's customers are the exact demographic that views Souza's images in magazines and online.  By virtue of Souza's use of her image and identify to build her brand, she has acquired a distinctiveness through secondary meaning. Souza's image either suggests the basic nature of her product or service, identifies the characteristic of her product or service, or suggests the characteristics of her product or service that requires an effort of the imagination by the consumer in order to be understood as descriptive. As such, her brand – the reason her clients seek to hire her – is unique in that it is encompassed in her identity, i.e., her persona.

807.   Both Souza and Defendant compete in the entertainment industry, use similar marketing channels and their respective endeavors overlap. They vie for the same dollars from the same demographic consumer group.

808.   As such, an unauthorized use of Souza's image to promote a strip club created an undeniable confusion in Defendant consumers' minds, which lead to competitive injury to Souza.  There is no doubt that Defendant's used Souza's image for advertising puprposes, that is to promote their business enteprises, as such, Defendant's unauthorized and unlawful use of

Souza's image and likeness was an existing intent to commercialize an interest in Souza's image and likeness.

809.   Defendant's use of Souza's image, likeness and/or identity constitutes a false designation of the source of origin, sponsorship, approval, or association which has deceived Souza's fans and present and prospective clients into believing that Ocean's Gentlemen's Club's advertisements are endorsed by Souza, or sponsored, approved or associated with Souza.

810.   Despite the fact that Defendant were at all times aware that Souza neither worked at, nor endorsed their strip club, nevertheless, they used Souza's image in order to mislead potential customers as to Souza's employment at and/or affiliation with Ocean's Gentlemen's Club.

811.   Defendant knew that their use of Souza's image would cause consumer confusion as to Souza's sponsorship and/or employment at Ocean's Gentlemen's Club.

812.   Upon information and belief, Defendant's use of Souza's image did in fact cause consumer confusion as to Souza's employment at and/or endorsement of Defendant's businesses, and the goods and services provided by Defendant.

813.   As a direct and proximate result of Defendant's actions, Souza has no control over the nature and quality of the line of products or services provided by Defendant, the nature of the advertisements depicting Souza's image, likeness and/or identity, or how Souza's image, likeness and/or identity is being depicted by Defendant.

814.   Further, any failure, neglect or default by Defendant will reflect adversely on Souza as the believed source of origin, sponsorship, approval or association thereof, hampering efforts by Souza to continue to protect her reputation for high quality professional modeling,

resulting in loss of sales thereof and the considerable expenditures to promote her personal modeling services to legitimate mainstream media, all to the irreparable harm of Souza.

815. Due to Ocean's Gentlemen's Club's unauthorized use of Souza's image, Souza has been damaged in an amount to be determined at trial.

**WHEREFORE**, Souza respectfully requests that the Court enter a judgment against Defendant and grant actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

### SOUZA COUNT III
(**Violation of Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/10** *et seq.*
*Right to Publicity*)

816. Souza re-alleges paragraphs 1 – 21, 30, 33 – 58, and 153 – 164 above, and incorporates the same by reference as though fully set forth herein.

817. Souza has a right of publicity under IRPA, **765 ILCS 1075/10** *et seq. Right to Publicity*.

818. Defendant may not publish, print, display or publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of Souza without express written or oral consent to such use.

819. As set forth herein, Defendant has violated Souza's right to publicity by invading Sears' privacy, misappropriating her likeness, and publishing on Ocean's Gentlemen's Club social media outlets, the altered image as it appears in Exhibit I, likeness and/or identity of Souza which made it appear as though Souza was employed at Ocean's Gentlemen's Club, or endorsed the strip club, or any Ocean's Gentlemen's Club events or activities.

820.    Defendant's unauthorized use of Souza's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subject image was ongoing and continuous in that any person visiting the Defendant's Facebook account could view, access, an even download the image from the date it was first posted until present.

821.    At all relevant times, Defendant published, printed, displayed and/or publicly used Souza's image, likeness or identity on their social media outlets, among others, for purposes of trade and/or commercial advertising including, but not limited to, promoting, advertising and marketing Ocean's Gentlemen's Club and/or Ocean's Gentlemen's Club's events and activities.

822.    The Ocean's Gentlemen's Club social media outlets were designed to attract business to Ocean's Gentlemen's Club and generate revenue for Defendant.

823.    Upon information and belief, Defendant's use of Plaintiff's Image did in fact attract clientele and generate business for Ocean's Gentlemen's Club.

824.    Defendant took these actions without Souza's permission, consent or authority, be it written or otherwise. In fact, Defendant never sought permission nor authority to use Souza's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's event or activities.

825.    Souza never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's event or activity.

826.   Defendant was at all relevant times aware that they never received any Plaintiff's permission or consent to use their Image on any website or social media account, or on any other medium, in order to promote Ocean's Gentlemen's Club.

827.   At no point did Defendant ever compensate Plaintiff for its use of her Images.

828.   No applicable privilege or authorization exists for Defendant's use of Plaintiff's Image.

829.   Defendant intentionally or, at a minimum, recklessly, published, printed, displayed, or otherwise publicly disseminated or used Souza's image, likeness or identity without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Original Complaint.

830.   Defendant had actual or constructive knowledge of the wrongfulness of their conduct and acted with intent or reckless disregard to deprive Souza of a property interest during the entire time period in which the unauthorized use took place.

831.   At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Souza's rights.

832.   Alternatively, Defendant acted negligently towards Souza in using and disseminating, without authority, her image, likeness or identity on Ocean's Gentlemen's Club's social media outlets in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities.

833.   Defendant caused irreparable harm to Souza, her reputation and brand by attributing to Souza the strip club lifestyle and activities at Ocean's Gentlemen's Club.

834.   Defendant has also damaged Souza as a direct and proximate result of their unauthorized use of Souza's image, likeness and/or identity without compensating Souza.

835.    Due to Defendant's violation of Plaintiff's rights of privacy and publicity under IRPA, Plaintiff has been damaged in an amount to be determined at trial, but in all events not less than seventy-five thousand dollars ($75,000.00), exclusive of punitive and exemplary damages.

836.    In addition, Plaintiff hereby requests an Order permanently enjoining Defendant from violating Plaintiff's right to privacy and publicity.

837.    In addition, Plaintiff hereby requests an award of punitive damages, in an amount to be determined at trial, due to Defendant knowing and intentional violation of her statutory rights to privacy and publicity.

**WHEREFORE**, Souza respectfully requests that the Court issue a judgment against Defendant for all remedies available under a claim of misappropriation including, but not limited to, actual damages, costs, interest, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

## SOUZA COUNT IV
### (Violation of Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq. False Light*)

838.    Souza re-alleges paragraphs 1 – 21, 30, 33 – 58, and 153 – 164 above, and incorporates the same by reference as though fully set forth herein

839.    Defendant published Souza's image, likeness and/or identity on social media outlets, among others, in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities, causing her to be placed in a false light as a stripper or as someone who was affiliated with Ocean's Gentlemen's Club, or endorsed Ocean's Gentlemen's Club strip club before the public as a result of that publication.

840. Defendant's unauthorized use of Souza's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subject image was ongoing and continuous in that any person visiting the Defendant's Facebook account could view, access, an even download the image from the date it was first posted until present.

841. Without question, this "false light would be highly offensive to a reasonable person" and, by portraying Plaintiff in a false light Defendant did so with actual malice, with knowledge of or reckless disregard for the falsity of the statements.

842. Defendant published Plaintiff's Image on the respective Ocean's Gentlemen's Club social media outlets, in order to create the false impression that Plaintiff was either a stripper working at Ocean's Gentlemen's Club, or endorsed Ocean's Gentlemen's Club strip club.

843. As such, Defendant's intent in publishing Plaintiff's Image was to mislead the public and cast her in a false light with respect to her affiliation with Ocean's Gentlemen's Club. As Defendant was at all times aware, Plaintiff never worked at any Ocean's Gentlemen's Club strip club, never endorsed Ocean's Gentlemen's Club, and never had any affiliation with Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club events or activities.

844. Defendant never sought permission or authority to use Souza's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's events or activities. Souza never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club event or activity.

845. Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Souza's image, likeness or identity without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Original Complaint.

846. Defendant had actual or constructive knowledge of the wrongfulness of their conduct and acted with intent or with reckless disregard to deprive Souza of a property interest during the entire time period in which the unauthorized use took place.

847. At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Souza's rights.

848. Alternatively, Defendant acted negligently towards Souza in using and disseminating, without authority, her image, likeness or identity on social media outlets in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities.

849. Defendant has caused irreparable harm to Souza, her reputation and brand by attributing to Souza the strip club lifestyle and activities at Ocean's Gentlemen's Club.

850. Defendant has also damaged Souza as a direct and proximate result of their unauthorized use of Souza's image, likeness or identity without compensating Souza. Defendant's conduct has been despicable and taken in conscious disregard of Souza's rights.

**WHEREFORE**, Souza respectfully requests that the Court issue a judgment against Defendant for all remedies available under law, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

## SOUZA COUNT V
### (Negligence and *Respondeat Superior*)

851. Souza re-alleges paragraphs 1 – 21, 30, 33 – 58, and 153 – 164 above, and incorporates the same by reference as though fully set forth herein.

852. Upon information and belief, Defendant was negligent in its failure to promulgate policies and procedures concerning the misappropriation of the Image of models that were used on the Ocean's Gentlemen's Club Website and social media accounts.

853. Said failure was the proximate cause of the harm Plaintiff suffered when her Image was published without her authorization.

854. In the alternative, and upon information and belief, although Defendant promulgated policies and procedures concerning the misappropriation of images, Defendant nevertheless negligently failed to enforce those policies, communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with Federal and Illinois law, were not violated.

855. In addition Defendant had a duty to refrain from appropriating the Image of those with whom it had not contracted, and had not paid.

856. Defendant violated said duty by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

As a result of Defendant's negligence, Plaintiff have suffered damages in an amount to be determined at trial, but which in all events are in excess of seventy-five thousand dollars ($75,000), exclusive of punitive and exemplary damages.

*Plaintiff Dessie Mitcheson's Causes of Action*
*against Defendant Ocean's Gentlemen's Club*
**MITCHESON COUNT I**
**(Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Advertising)**

857.   Mitcheson re-alleges paragraphs 1 – 21, 31, 33 – 58, and 165 – 176 above, and incorporates the same by reference as though fully set forth herein.

858.   Section 43 of the Lanham Act, 15 U.S.C. § 1125, *et seq.* applies to Defendant and protects Mitcheson from the conduct described herein. Specifically, the Lanham Act prohibits a party in commercial advertising and promotion from "misrepresent[ing] the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services or commercial activities . . .". 15 U.S.C. §1125(a)(1)(B).

859.   Defendant used Mitcheson's image, likeness and/or identity as described herein without authority in order to create the perception that Mitcheson worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses and activities, and/or consented to or authorized Defendant to use her image in order to advertise, promote, and market Defendant's businesses, Ocean's Gentlemen's Club, and/or Ocean's Gentlemen's Club's events and activities.

860.   Defendant's use of Mitcheson's image, likeness and/or identity to advertise, promote and market Defendant's businesses, Ocean's Gentlemen's Club, and/or Ocean's Gentlemen's Club's events and activities as described in this Original Complaint was false and misleading.

861.   Defendant's unauthorized use of Mitcheson's image, likeness and/or identity as described in this Original Complaint constitutes false advertising by suggesting or implying, among other things, that Mitcheson worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's

Gentlemen's Club's events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities and/or that Mitcheson would participate in or appear at the specific events promoted in the advertisements.

862. Defendant's false advertising described above has the capacity or tendency to confuse consumers, including actual and prospective patrons of Ocean's Gentlemen's Club, as to the general quality of attendees and participants of Ocean's Gentlemen's Club and in their events, as well as specifically whether Mitcheson worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities.

863. Upon information and belief, Defendant's false advertising described above did, in fact, deceive and/or cause consumer confusion as to whether Mitcheson worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events and activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities.

864. Among other things, upon information and belief, such unauthorized use misled and served to entice consumers and prospective consumers to join Ocean's Gentlemen's Club, visit Ocean's Gentlemen's Club, and participate in events at Ocean's Gentlemen's Club and had a material effect and impact on the decision of members and prospective members and participants to join Ocean's Gentlemen's Club, visit Ocean's Gentlemen's Club and take part in

the events at Ocean's Gentlemen's Club.

865. Defendant's advertisements, promotions and marketing of Ocean's Gentlemen's Club and events at Ocean's Gentlemen's Club occur in and are targeted to interstate commerce. Specifically, Defendant promote their businesses and events through interstate promotions and campaigns to target persons from different states throughout the United States. Defendant principally use the World Wide Web, social media and other vehicles of interstate commerce to advertise, market, promote, and entice or lure membership and attendance at Ocean's Gentlemen's Club events.

866. Defendant's unauthorized use of Mitcheson's image, likeness and/or identity as described herein was designed to benefit Defendant's businesses interests by, among other things, promoting Ocean's Gentlemen's Club and their activities and attracting clientele to Ocean's Gentlemen's Club.

867. Defendant knew or should have known that their unauthorized use of Mitcheson's image, likeness and/or identity would cause consumer confusion as described in this Original Complaint.

868. Defendant's unauthorized use of Mitcheson's image, likeness and/or identity as described herein violates 15 U.S.C. §1125(a) and was wrongful.

869. Defendant's wrongful conduct as described herein was willful.

870. As such, the present case is an exceptional case warranting an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

871. Defendant had actual or constructive knowledge of the wrongfulness of their conduct, acted with intent to deprive Mitcheson of a property interest, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to

Mitcheson.

872.   The method and manner in which Defendant used the image of Mitcheson further evinces that Defendant were aware of or consciously disregarded the fact that Mitcheson did not consent to Defendant's use of the image to advertise Defendant's businesses.

873.   Defendant has caused irreparable harm to Mitcheson, her reputation and brand by attributing to Mitcheson the strip club lifestyle and activities at Ocean's Gentlemen's Club.Defendant unauthorized use of Mitcheson's image, likeness and/or identity directly and proximately caused and continue to cause damage to Mitcheson in an amount to be determined at trial.

**WHEREFORE**, Mitcheson respectfully requests that the Court issue a judgment granting actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

## MITCHESON COUNT II
(**Violation of §43 of the Lanham Act, 15 U.S.C. § 1125(a) *et seq.:* False Endorsement**)

874.   Mitcheson re-alleges paragraphs 1 – 21, 31, 33 – 58, and 165 – 176 above, and incorporates the same by reference as though fully set forth herein.

875.   Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) applies to Defendant, and protects Mitcheson from the conduct described herein.

876.   Defendant used Mitcheson's image, *inter alia,* in order to create the false impression with the public that Mitcheson either worked at Defendant's strip club, or endorsed Defendant's sexually-oriented businesses.

157

877.    This was done to promote and attract clientele to Ocean's Gentlemen's Club, and thereby generate revenue for Defendant.

878.    Thus, this was done in furtherance of Defendant's commercial benefit.

879.    Mitcheson is in the business of commercializing her identity and selling her images to reputable brands and companies for profit. Defendant's customers are the exact demographic that views Mitcheson's images in magazines and online.  By virtue of Mitcheson's use of her image and identify to build her brand, she has acquired a distinctiveness through secondary meaning. Mitcheson's image either suggests the basic nature of her product or service, identifies the characteristic of her product or service, or suggests the characteristics of her product or service that requires an effort of the imagination by the consumer in order to be understood as descriptive. As such, her brand – the reason her clients seek to hire her – is unique in that it is encompassed in her identity, i.e., her persona.

880.    Both Mitcheson and Defendant compete in the entertainment industry, use similar marketing channels and their respective endeavors overlap. They vie for the same dollars from the same demographic consumer group.

881.    As such, an unauthorized use of Mitcheson's image to promote a strip club created an undeniable confusion in Defendant consumers' minds, which lead to competitive injury to Mitcheson.  There is no doubt that Defendant's used Mitcheson's image for advertising puprposes, that is to promote their business enteprises, as such, Defendant's unauthorized and unlawful use of Mitcheson's image and likeness was an existing intent to commercialize an interest in Mitcheson's image and likeness.

882.    Defendant's use of Mitcheson's image, likeness and/or identity constitutes a false designation of the source of origin, sponsorship, approval, or association which has deceived

Mitcheson's fans and present and prospective clients into believing that Ocean's Gentlemen's Club's advertisements are endorsed by Mitcheson, or sponsored, approved or associated with Mitcheson.

883.   Despite the fact that Defendant were at all times aware that Mitcheson neither worked at, nor endorsed their strip club, nevertheless, they used Mitcheson's image in order to mislead potential customers as to Mitcheson's employment at and/or affiliation with Ocean's Gentlemen's Club.

884.   Defendant knew that their use of Mitcheson's image would cause consumer confusion as to Mitcheson's sponsorship and/or employment at Ocean's Gentlemen's Club.

885.   Upon information and belief, Defendant's use of Mitcheson's image did in fact cause consumer confusion as to Mitcheson's employment at and/or endorsement of Defendant's businesses, and the goods and services provided by Defendant.

886.   As a direct and proximate result of Defendant's actions, Mitcheson has no control over the nature and quality of the line of products or services provided by Defendant, the nature of the advertisements depicting Mitcheson's image, likeness and/or identity, or how Mitcheson's image, likeness and/or identity is being depicted by Defendant.

887.   Further, any failure, neglect or default by Defendant will reflect adversely on Mitcheson as the believed source of origin, sponsorship, approval or association thereof, hampering efforts by Mitcheson to continue to protect her reputation for high quality professional modeling, resulting in loss of sales thereof and the considerable expenditures to promote her personal modeling services to legitimate mainstream media, all to the irreparable harm of Mitcheson.

888.   Due to Ocean's Gentlemen's Club's unauthorized use of Mitcheson's image, Mitcheson has been damaged in an amount to be determined at trial.

**WHEREFORE**, Mitcheson respectfully requests that the Court enter a judgment against Defendant and grant actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

<u>**MITCHESON COUNT III**</u>
(**Violation of Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/10** *et seq.*
*Right to Publicity*)

889.   Mitcheson re-alleges paragraphs 1 – 21, 31, 33 – 58, and 165 – 176 above, and incorporates the same by reference as though fully set forth herein.

890.   Mitcheson has a right of publicity under IRPA, **765 ILCS 1075/10** *et seq.* *Right to Publicity*.

891.   Defendant may not publish, print, display or publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of Mitcheson without express written or oral consent to such use.

892.   As set forth herein, Defendant has violated Mitcheson's right to publicity by invading Sears' privacy, misappropriating her likeness, and publishing on Ocean's Gentlemen's Club social media outlets, the altered image as it appears in Exhibit J, likeness and/or identity of Mitcheson which made it appear as though Mitcheson was employed at Ocean's Gentlemen's Club, or endorsed the strip club, or any Ocean's Gentlemen's Club events or activities.

893.   Defendant's unauthorized use of Mitcheson's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the

manner in which Defendant's used the subject image was ongoing and continuous in that any person visiting the Defendant's Facebook account could view, access, an even download the image from the date it was first poseted until present.

894.   At all relevant times, Defendant published, printed, displayed and/or publicly used Mitcheson's image, likeness or identity on their social media outlets, among others, for purposes of trade and/or commercial advertising including, but not limited to, promoting, advertising and marketing Ocean's Gentlemen's Club and/or Ocean's Gentlemen's Club's events and activities.

895.   The Ocean's Gentlemen's Club social media outlets were designed to attract business to Ocean's Gentlemen's Club and generate revenue for Defendant.

896.   Upon information and belief, Defendant's use of Plaintiff's Image did in fact attract clientele and generate business for Ocean's Gentlemen's Club.

897.   Defendant took these actions without Mitcheson's permission, consent or authority, be it written or otherwise. In fact, Defendant never sought permission nor authority to use Mitcheson's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's event or activities.

898.   Mitcheson never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's event or activity.

899.   Defendant was at all relevant times aware that they never received any Plaintiff's permission or consent to use their Image on any website or social media account, or on any other medium, in order to promote Ocean's Gentlemen's Club.

900. At no point did Defendant ever compensate Plaintiff for its use of her Images.

901. No applicable privilege or authorization exists for Defendant's use of Plaintiff's Image.

902. Defendant intentionally or, at a minimum, recklessly, published, printed, displayed, or otherwise publicly disseminated or used Mitcheson's image, likeness or identity without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Original Complaint.

903. Defendant had actual or constructive knowledge of the wrongfulness of their conduct and acted with intent or reckless disregard to deprive Mitcheson of a property interest during the entire time period in which the unauthorized use took place.

904. At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Mitcheson's rights.

905. Alternatively, Defendant acted negligently towards Mitcheson in using and disseminating, without authority, her image, likeness or identity on Ocean's Gentlemen's Club's social media outlets in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities.

906. Defendant caused irreparable harm to Mitcheson, her reputation and brand by attributing to Mitcheson the strip club lifestyle and activities at Ocean's Gentlemen's Club.

907. Defendant has also damaged Mitcheson as a direct and proximate result of their unauthorized use of Mitcheson's image, likeness and/or identity without compensating Mitcheson.

908. Due to Defendant's violation of Plaintiff's rights of privacy and publicity under IRPA, Plaintiff has been damaged in an amount to be determined at trial, but in all events not

less than seventy-five thousand dollars ($75,000.00), exclusive of punitive and exemplary damages.

909.    In addition, Plaintiff hereby requests an Order permanently enjoining Defendant from violating Plaintiff's right to privacy and publicity.

910.    In addition, Plaintiff hereby requests an award of punitive damages, in an amount to be determined at trial, due to Defendant knowing and intentional violation of her statutory rights to privacy and publicity.

**WHEREFORE**, Mitcheson respectfully requests that the Court issue a judgment against Defendant for all remedies available under a claim of misappropriation including, but not limited to, actual damages, costs, interest, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

<u>**MITCHESON COUNT IV**</u>
**(Violation of Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq. False Light*)**

911.    Mitcheson re-alleges paragraphs 1 – 21, 31, 33 – 58, and 165 – 176 above, and incorporates the same by reference as though fully set forth herein

912.    Defendant published Mitcheson's image, likeness and/or identity on social media outlets, among others, in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities, causing her to be placed in a false light as a stripper or as someone who was affiliated with Ocean's Gentlemen's Club, or endorsed Ocean's Gentlemen's Club strip club before the public as a result of that publication.

913.    Defendant's unauthorized use of Mitcheson's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subject image was ongoing and continuous in that any

person visiting the Defendant's Facebook account could view, access, an even download the image from the date it was first posted until present.

914.   Without question, this "false light would be highly offensive to a reasonable person" and, by portraying Plaintiff in a false light Defendant did so with actual malice, with knowledge of or reckless disregard for the falsity of the statements.

915.   Defendant published Plaintiff's Image on the respective Ocean's Gentlemen's Club social media outlets, in order to create the false impression that Plaintiff was either a stripper working at Ocean's Gentlemen's Club, or endorsed Ocean's Gentlemen's Club strip club.

916.   As such, Defendant's intent in publishing Plaintiff's Image was to mislead the public and cast her in a false light with respect to her affiliation with Ocean's Gentlemen's Club. As Defendant was at all times aware, Plaintiff never worked at any Ocean's Gentlemen's Club strip club, never endorsed Ocean's Gentlemen's Club, and never had any affiliation with Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club events or activities.

917.   Defendant never sought permission or authority to use Mitcheson's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's events or activities. Mitcheson never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club event or activity.

918.   Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Mitcheson's image, likeness or identity

without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Original Complaint.

919.   Defendant had actual or constructive knowledge of the wrongfulness of their conduct and acted with intent or with reckless disregard to deprive Mitcheson of a property interest during the entire time period in which the unauthorized use took place.

920.   At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Mitcheson's rights.

921.   Alternatively, Defendant acted negligently towards Mitcheson in using and disseminating, without authority, her image, likeness or identity on social media outlets in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities.

922.   Defendant has caused irreparable harm to Mitcheson, her reputation and brand by attributing to Mitcheson the strip club lifestyle and activities at Ocean's Gentlemen's Club.

923.   Defendant has also damaged Mitcheson as a direct and proximate result of their unauthorized use of Mitcheson's image, likeness or identity without compensating Mitcheson. Defendant's conduct has been despicable and taken in conscious disregard of Mitcheson's rights.

**WHEREFORE**, Mitcheson respectfully requests that the Court issue a judgment against Defendant for all remedies available under law, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

## MITCHESON COUNT V
### (Negligence and *Respondeat Superior*)

924.   Mitcheson re-alleges paragraphs 1 – 21, 31, 33 – 58, and 165 – 176 above, and incorporates the same by reference as though fully set forth herein.

925.   Upon information and belief, Defendant was negligent in its failure to promulgate policies and procedures concerning the misappropriation of the Image of models that were used on the Ocean's Gentlemen's Club Website and social media accounts.

926.   Said failure was the proximate cause of the harm Plaintiff suffered when her Image was published without her authorization.

927.   In the alternative, and upon information and belief, although Defendant promulgated policies and procedures concerning the misappropriation of images, Defendant nevertheless negligently failed to enforce those policies, communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with Federal and Illinois law, were not violated.

928.   In addition Defendant had a duty to refrain from appropriating the Image of those with whom it had not contracted, and had not paid.

929.   Defendant violated said duty by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

As a result of Defendant's negligence, Plaintiff have suffered damages in an amount to be determined at trial, but which in all events are in excess of seventy-five thousand dollars ($75,000), exclusive of punitive and exemplary damages.

*Plaintiff Jennifer Walcott-Archuleta's Causes of Action*
*against Defendant Ocean's Gentlemen's Club*
**ARCHULETA COUNT I**
(**Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Advertising**)

930.   Archuleta re-alleges paragraphs 1 – 21, 32, 33 – 58, and 177 – 188 above, and incorporates the same by reference as though fully set forth herein.

931.   Section 43 of the Lanham Act, 15 U.S.C. § 1125, *et seq.* applies to Defendant and protects Archuleta from the conduct described herein. Specifically, the Lanham Act prohibits a

party in commercial advertising and promotion from "misrepresent[ing] the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services or commercial activities . . .". 15 U.S.C. §1125(a)(1)(B).

932. Defendant used Archuleta's image, likeness and/or identity as described herein without authority in order to create the perception that Archuleta worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses and activities, and/or consented to or authorized Defendant to use her image in order to advertise, promote, and market Defendant's businesses, Ocean's Gentlemen's Club, and/or Ocean's Gentlemen's Club's events and activities.

933. Defendant's use of Archuleta's image, likeness and/or identity to advertise, promote and market Defendant's businesses, Ocean's Gentlemen's Club, and/or Ocean's Gentlemen's Club's events and activities as described in this Original Complaint was false and misleading.

934. Defendant's unauthorized use of Archuleta's image, likeness and/or identity as described in this Original Complaint constitutes false advertising by suggesting or implying, among other things, that Archuleta worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities and/or that Archuleta would participate in or appear at the specific events promoted in the advertisements.

935. Defendant's false advertising described above has the capacity or tendency to confuse consumers, including actual and prospective patrons of Ocean's Gentlemen's Club, as to

the general quality of attendees and participants of Ocean's Gentlemen's Club and in their events, as well as specifically whether Archuleta worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events or activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities.

936.   Upon information and belief, Defendant's false advertising described above did, in fact, deceive and/or cause consumer confusion as to whether Archuleta worked at or was otherwise affiliated with Ocean's Gentlemen's Club, endorsed Defendant's businesses, Ocean's Gentlemen's Club or Ocean's Gentlemen's Club's events and activities, or consented to or authorized Defendant's usage of her image in order to advertise, promote, and market Defendant's businesses or Ocean's Gentlemen's Club's events and activities.

937.   Among other things, upon information and belief, such unauthorized use misled and served to entice consumers and prospective consumers to join Ocean's Gentlemen's Club, visit Ocean's Gentlemen's Club, and participate in events at Ocean's Gentlemen's Club and had a material effect and impact on the decision of members and prospective members and participants to join Ocean's Gentlemen's Club, visit Ocean's Gentlemen's Club and take part in the events at Ocean's Gentlemen's Club.

938.   Defendant's advertisements, promotions and marketing of Ocean's Gentlemen's Club and events at Ocean's Gentlemen's Club occur in and are targeted to interstate commerce. Specifically, Defendant promote their businesses and events through interstate promotions and campaigns to target persons from different states throughout the United States. Defendant principally use the World Wide Web, social media and other vehicles of interstate commerce to

advertise, market, promote, and entice or lure membership and attendance at Ocean's Gentlemen's Club events.

939. Defendant's unauthorized use of Archuleta's image, likeness and/or identity as described herein was designed to benefit Defendant's businesses interests by, among other things, promoting Ocean's Gentlemen's Club and their activities and attracting clientele to Ocean's Gentlemen's Club.

940. Defendant knew or should have known that their unauthorized use of Archuleta's image, likeness and/or identity would cause consumer confusion as described in this Original Complaint.

941. Defendant's unauthorized use of Archuleta's image, likeness and/or identity as described herein violates 15 U.S.C. §1125(a) and was wrongful.

942. Defendant's wrongful conduct as described herein was willful.

943. As such, the present case is an exceptional case warranting an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

944. Defendant had actual or constructive knowledge of the wrongfulness of their conduct, acted with intent to deprive Archuleta of a property interest, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to Archuleta.

945. The method and manner in which Defendant used the image of Archuleta further evinces that Defendant were aware of or consciously disregarded the fact that Archuleta did not consent to Defendant's use of the image to advertise Defendant's businesses.

946. Defendant has caused irreparable harm to Archuleta, her reputation and brand by attributing to Archuleta the strip club lifestyle and activities at Ocean's Gentlemen's

Club.Defendant unauthorized use of Archuleta's image, likeness and/or identity directly and proximately caused and continue to cause damage to Archuleta in an amount to be determined at trial.

**WHEREFORE**, Archuleta respectfully requests that the Court issue a judgment granting actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

**ARCHULETA COUNT II**
(**Violation of §43 of the Lanham Act, 15 U.S.C. § 1125(a)** *et seq.:* **False Endorsement**)

947.    Archuleta re-alleges paragraphs 1 – 21, 32, 33 – 58, and 177 – 188 above, and incorporates the same by reference as though fully set forth herein.

948.    Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) applies to Defendant, and protects Archuleta from the conduct described herein.

949.    Defendant used Archuleta's image, *inter alia,* in order to create the false impression with the public that Archuleta either worked at Defendant's strip club, or endorsed Defendant's sexually-oriented businesses.

950.    This was done to promote and attract clientele to Ocean's Gentlemen's Club, and thereby generate revenue for Defendant.

951.    Thus, this was done in furtherance of Defendant's commercial benefit.

952.    Archuleta is in the business of commercializing her identity and selling her images to reputable brands and companies for profit. Defendant's customers are the exact demographic that views Archuleta's images in magazines and online.  By virtue of Archuleta's

use of her image and identify to build her brand, she has acquired a distinctiveness through secondary meaning. Archuleta's image either suggests the basic nature of her product or service, identifies the characteristic of her product or service, or suggests the characteristics of her product or service that requires an effort of the imagination by the consumer in order to be understood as descriptive. As such, her brand – the reason her clients seek to hire her – is unique in that it is encompassed in her identity, i.e., her persona.

953.   Both Archuleta and Defendant compete in the entertainment industry, use similar marketing channels and their respective endeavors overlap. They vie for the same dollars from the same demographic consumer group.

954.   As such, an unauthorized use of Archuleta's image to promote a strip club created an undeniable confusion in Defendant consumers' minds, which lead to competitive injury to Archuleta.  There is no doubt that Defendant's used Archuleta's image for advertising puprposes, that is to promote their business enteprises, as such, Defendant's unauthorized and unlawful use of Archuleta's image and likeness was an existing intent to commercialize an interest in Archuleta's image and likeness.

955.   Defendant's use of Archuleta's image, likeness and/or identity constitutes a false designation of the source of origin, sponsorship, approval, or association which has deceived Archuleta's fans and present and prospective clients into believing that Ocean's Gentlemen's Club's advertisements are endorsed by Archuleta, or sponsored, approved or associated with Archuleta.

956.   Despite the fact that Defendant were at all times aware that Archuleta neither worked at, nor endorsed their strip club, nevertheless, they used Archuleta's image in order to

mislead potential customers as to Archuleta's employment at and/or affiliation with Ocean's Gentlemen's Club.

957.   Defendant knew that their use of Archuleta's image would cause consumer confusion as to Archuleta's sponsorship and/or employment at Ocean's Gentlemen's Club.

958.   Upon information and belief, Defendant's use of Archuleta's image did in fact cause consumer confusion as to Archuleta's employment at and/or endorsement of Defendant's businesses, and the goods and services provided by Defendant.

959.   As a direct and proximate result of Defendant's actions, Archuleta has no control over the nature and quality of the line of products or services provided by Defendant, the nature of the advertisements depicting Archuleta's image, likeness and/or identity, or how Archuleta's image, likeness and/or identity is being depicted by Defendant.

960.   Further, any failure, neglect or default by Defendant will reflect adversely on Archuleta as the believed source of origin, sponsorship, approval or association thereof, hampering efforts by Archuleta to continue to protect her reputation for high quality professional modeling, resulting in loss of sales thereof and the considerable expenditures to promote her personal modeling services to legitimate mainstream media, all to the irreparable harm of Archuleta.

961.   Due to Ocean's Gentlemen's Club's unauthorized use of Archuleta's image, Archuleta has been damaged in an amount to be determined at trial.

**WHEREFORE**, Archuleta respectfully requests that the Court enter a judgment against Defendant and grant actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant's unlawful use,

attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

## ARCHULETA COUNT III
**(Violation of Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/10 *et seq.***
***Right to Publicity*)**

962.    Archuleta re-alleges paragraphs 1 – 21, 32, 33 – 58, and 177 – 188 above, and incorporates the same by reference as though fully set forth herein.

963.    Archuleta has a right of publicity under IRPA, **765 ILCS 1075/10 *et seq. Right to***
***Publicity***.

964.    Defendant may not publish, print, display or publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of Archuleta without express written or oral consent to such use.

965.    As set forth herein, Defendant has violated Archuleta's right to publicity by invading Sears' privacy, misappropriating her likeness, and publishing on Ocean's Gentlemen's Club social media outlets, the altered image as it appears in Exhibit K, likeness and/or identity of Archuleta which made it appear as though Archuleta was employed at Ocean's Gentlemen's Club, or endorsed the strip club, or any Ocean's Gentlemen's Club events or activities.

966.    Defendant's unauthorized use of Archuleta's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subject image was ongoing and continuous in that any person visiting the Defendant's Facebook account could view, access, an even download the image from the date it was first posted until present.

967.    At all relevant times, Defendant published, printed, displayed and/or publicly used Archuleta's image, likeness or identity on their social media outlets, among others, for

purposes of trade and/or commercial advertising including, but not limited to, promoting, advertising and marketing Ocean's Gentlemen's Club and/or Ocean's Gentlemen's Club's events and activities.

968.   The Ocean's Gentlemen's Club social media outlets were designed to attract business to Ocean's Gentlemen's Club and generate revenue for Defendant.

969.   Upon information and belief, Defendant's use of Plaintiff's Image did in fact attract clientele and generate business for Ocean's Gentlemen's Club.

970.   Defendant took these actions without Archuleta's permission, consent or authority, be it written or otherwise. In fact, Defendant never sought permission nor authority to use Archuleta's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's event or activities.

971.   Archuleta never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's event or activity.

972.   Defendant was at all relevant times aware that they never received any Plaintiff's permission or consent to use their Image on any website or social media account, or on any other medium, in order to promote Ocean's Gentlemen's Club.

973.   At no point did Defendant ever compensate Plaintiff for its use of her Images.

974.   No applicable privilege or authorization exists for Defendant's use of Plaintiff's Image.

975.   Defendant intentionally or, at a minimum, recklessly, published, printed, displayed, or otherwise publicly disseminated or used Archuleta's image, likeness or identity

without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Original Complaint.

976.   Defendant had actual or constructive knowledge of the wrongfulness of their conduct and acted with intent or reckless disregard to deprive Archuleta of a property interest during the entire time period in which the unauthorized use took place.

977.   At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Archuleta's rights.

978.   Alternatively, Defendant acted negligently towards Archuleta in using and disseminating, without authority, her image, likeness or identity on Ocean's Gentlemen's Club's social media outlets in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities.

979.   Defendant caused irreparable harm to Archuleta, her reputation and brand by attributing to Archuleta the strip club lifestyle and activities at Ocean's Gentlemen's Club.

980.   Defendant has also damaged Archuleta as a direct and proximate result of their unauthorized use of Archuleta's image, likeness and/or identity without compensating Archuleta.

981.   Due to Defendant's violation of Plaintiff's rights of privacy and publicity under IRPA, Plaintiff has been damaged in an amount to be determined at trial, but in all events not less than seventy-five thousand dollars ($75,000.00), exclusive of punitive and exemplary damages.

982.   In addition, Plaintiff hereby requests an Order permanently enjoining Defendant from violating Plaintiff's right to privacy and publicity.

983.   In addition, Plaintiff hereby requests an award of punitive damages, in an amount to be determined at trial, due to Defendant knowing and intentional violation of her statutory rights to privacy and publicity.

**WHEREFORE**, Archuleta respectfully requests that the Court issue a judgment against Defendant for all remedies available under a claim of misappropriation including, but not limited to, actual damages, costs, interest, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

## ARCHULETA COUNT IV
### (Violation of Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq. False Light*)

984.   Archuleta re-alleges paragraphs 1 – 21, 32, 33 – 58, and 177 – 188 above, and incorporates the same by reference as though fully set forth herein

985.   Defendant published Archuleta's image, likeness and/or identity on social media outlets, among others, in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities, causing her to be placed in a false light as a stripper or as someone who was affiliated with Ocean's Gentlemen's Club, or endorsed Ocean's Gentlemen's Club strip club before the public as a result of that publication.

986.   Defendant's unauthorized use of Archuleta's image and likeness was continuous and ongoing in that it was never removed after it was initially posted by Defendants; further, the manner in which Defendant's used the subject image was ongoing and continuous in that any person visiting the Defendant's Facebook account could view, access, an even download the image from the date it was first posted until present.

987. Without question, this "false light would be highly offensive to a reasonable person" and, by portraying Plaintiff in a false light Defendant did so with actual malice, with knowledge of or reckless disregard for the falsity of the statements.

988. Defendant published Plaintiff's Image on the respective Ocean's Gentlemen's Club social media outlets, in order to create the false impression that Plaintiff was either a stripper working at Ocean's Gentlemen's Club, or endorsed Ocean's Gentlemen's Club strip club.

989. As such, Defendant's intent in publishing Plaintiff's Image was to mislead the public and cast her in a false light with respect to her affiliation with Ocean's Gentlemen's Club. As Defendant was at all times aware, Plaintiff never worked at any Ocean's Gentlemen's Club strip club, never endorsed Ocean's Gentlemen's Club, and never had any affiliation with Ocean's Gentlemen's Club, or any Ocean's Gentlemen's Club events or activities.

990. Defendant never sought permission or authority to use Archuleta's image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club's events or activities. Archuleta never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness or identity to advertise, promote, market or endorse Defendant's businesses, Ocean's Gentlemen's Club or any Ocean's Gentlemen's Club event or activity.

991. Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Archuleta's image, likeness or identity without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Original Complaint.

992.   Defendant had actual or constructive knowledge of the wrongfulness of their conduct and acted with intent or with reckless disregard to deprive Archuleta of a property interest during the entire time period in which the unauthorized use took place.

993.   At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Archuleta's rights.

994.   Alternatively, Defendant acted negligently towards Archuleta in using and disseminating, without authority, her image, likeness or identity on social media outlets in order to promote, advertise and market Ocean's Gentlemen's Club and Ocean's Gentlemen's Club's events and activities.

995.   Defendant has caused irreparable harm to Archuleta, her reputation and brand by attributing to Archuleta the strip club lifestyle and activities at Ocean's Gentlemen's Club.

996.   Defendant has also damaged Archuleta as a direct and proximate result of their unauthorized use of Archuleta's image, likeness or identity without compensating Archuleta. Defendant's conduct has been despicable and taken in conscious disregard of Archuleta's rights.

**WHEREFORE**, Archuleta respectfully requests that the Court issue a judgment against Defendant for all remedies available under law, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

## ARCHULETA COUNT V
### (Negligence and *Respondeat Superior*)

997.   Archuleta re-alleges paragraphs 1 – 21, 32, 33 – 58, and 177 – 188 above, and incorporates the same by reference as though fully set forth herein.

998.   Upon information and belief, Defendant was negligent in its failure to promulgate policies and procedures concerning the misappropriation of the Image of models that were used

on the Ocean's Gentlemen's Club Website and social media accounts.

999. Said failure was the proximate cause of the harm Plaintiff suffered when her Image was published without her authorization.

1000. In the alternative, and upon information and belief, although Defendant promulgated policies and procedures concerning the misappropriation of images, Defendant nevertheless negligently failed to enforce those policies, communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with Federal and Illinois law, were not violated.

1001. In addition Defendant had a duty to refrain from appropriating the Image of those with whom it had not contracted, and had not paid.

1002. Defendant violated said duty by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

As a result of Defendant's negligence, Plaintiff have suffered damages in an amount to be determined at trial, but which in all events are in excess of seventy-five thousand dollars ($75,000), exclusive of punitive and exemplary damages.

## DEMAND FOR JURY TRIAL

1003. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, each Plaintiff individually respectfully prays that this Court grant Judgment to each Plaintiff, respectively, and against Defendant, jointly and severally, in an amount to be determined at trial aggregated across all Plaintiffs and as follows:

1. For damages as provided in 15 U.S.C. § 1125(a);

2. For attorneys' fees and costs of suit, as provided for in 15 U.S.C. § 1125(a);

3.    For an order permenently enjoining Defendant from using Plaintiff's Images to promote the Club;

4.    For actual damages according to proof;

5.    For general damages according to proof;

6.    For special damages according to proof;

7.    For consequential damages according to proof;

8.    For reasonable attorneys' fees and costs as permitted by law;

9.    For prejudgment interest and royalties at the legal rate;

6.    For such other relief as this Court deems just and proper; and

7.    For punitive damages, in an amount to be determined at trial.

Cook County, Illinois
Dated:  July 27, 2018

Respectfully Submitted,

**THE CASAS LAW FIRM, P.C.**

By: */s/Joseph N. Casas*
Illinois Bar No. 6274674
California Bar No. 225800
401 North Michigan Avenue
Suite 1200
Chicago, Illinois 60611
 Email:joseph@casaslawfirm.com

- and -

By:  */s/ Vincent J. Ward*

**FREEDMAN BOYD HOLLANDER
GOLDBERG URIAS & WARD PA.**

Vincent J. Ward (*pro hac vice forthcoming*)
Nicholas T. Hart (*pro hac vice forthcoming*)
David H. Urias (*pro hac vice forthcoming*)
20 First Plaza NW, Suite 700

Albuquerque, NM 87102
T: 505-842-9960
vjw@fbdlaw.com
NickH@fbdlaw.com
dhu@fbdlaw.com

*Attorneys for Plaintiffs*