IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CIELO JEAN GIBSON, JESSICA "JESSA"          )
HINTON, JAIME EDMONDSON-                     )        Case No. 1:18-CV-05149
LONGORIA, EVA PEPAJ, LUCY PINDER,            )
LINA POSADA, KATARINA VAN                    )        Judge Mary M. Rowland
DERHAM, LAURIE ROMEO, ALANA                  )
SOUZA a/k/a ALANA CAMPOS, DESSIE             )        Magistrate Judge Jeffrey T. Gilbert
MITCHESON, and JENNIFER WALCOTT-             )
ARCHULETA,                                   )
                                             )
                  Plaintiffs,                )
                                             )
v.                                           )
                                             )
CSWS, LLC d/b/a OCEANS GENTLEMEN'S           )
CLUB d/b/a OCEAN,                            )
                                             )
                  Defendant.

**DEFENDANT'S MOTION TO COMPEL PLAINTIFFS
TO COMPLY WITH THE DECEMBER 19, 2019 JOINT STATUS REPORT**

Defendant CSWS, LLC ("CSWS"), by and through its undersigned counsel, and pursuant
to Federal Rule of Civil Procedure 37, moves Plaintiffs to comply with the December 19, 2019
joint status report (Dkt. 62), and in support of its motion states as follows:

**INTRODUCTION**

1.      This is the second time CSWS has been forced to file a motion to compel Plaintiffs
in relation to CSWS's attempts to obtain Plaintiffs' tax returns and income documents. During the
December 13, 2019 hearing on CSWS's motion to compel Plaintiffs to produce certain tax returns
and income documents (Dkt. 56), the Court ordered CSWS and Plaintiffs to meet and confer and
file a joint status report as to any agreement reached between them with respect to a mechanism
by which Plaintiffs would confirm to CSWS that Plaintiffs had requested certain tax returns and
income documents from the IRS (by submitting Form 4506). (Dkt. 60)

2.     On December 19, the parties filed that joint status report. (Dkt. 62) The joint status report reflected the following agreement:

> The parties agreed that by December 30, 2019, Plaintiffs' counsel will file with the Court a declaration under penalty of perjury stating the dates on which the Form 4506s were submitted to the IRS. Plaintiffs' counsel will attach to that declaration redacted signed-and-dated copies of each of the Form 4506s that were submitted. The parties agree to this mechanism for Plaintiffs to confirm to Defendant that they have requested the documents from the IRS.

(*Id.* at ¶ 5) (footnote omitted) The joint status report also noted that Plaintiffs had not yet submitted any of the Form 4506s to obtain copies of their tax returns and income documents from the IRS. (*Id.* at ¶¶ 3, 6) On December 20, the Court entered a rule to show cause why Plaintiffs' counsel should not be held in contempt of the Court for stating unequivocally in their response to CSWS's motion that they were actively continuing to seek documents from the IRS when none of the Plaintiffs had submitted Form 4506. (Dkt. 63) The rule to show cause is returnable on January 21, 2020. (*See id.*)

3.     On December 30, 2019, Plaintiffs' counsel Dennis Postiglione filed a declaration pursuant to the agreement reflected by the joint status report. (*See* Dkt. 64) The declaration reveals that Plaintiffs have failed to comply with that agreement in at least three respects.

4.     ***First***, Plaintiffs have failed to prepare and submit effective Form 4506s. The Form 4506s attached as exhibits to Mr. Postiglione's declaration (Dkt. 64-1) are defective and will be rejected by the IRS. That is because ***none of the Plaintiffs signed those Form 4506s***. Instead, Mr. Postiglione signed those Form 4506s, ostensibly as a representative of each of the Plaintiffs. But Mr. Postiglione does not have the authorizations to sign those forms that the IRS requires.  The IRS will not process a Form 4506 submitted by a representative on behalf of a taxpayer unless the Form 4506 is accompanied by a Form 2848 executed by the taxpayer. Form 2848 gives the representative a power of attorney to submit Form 4506 on behalf of the taxpayer. Mr. Postiglione

did not attach any Form 2848s to his declaration. It appears that none of the Plaintiffs have executed Form 2848. The IRS will consequently find that Mr. Postiglione was not authorized to submit the Form 4506s attached to his declaration, and those Form 4506s will be rejected. This means that CSWS will not obtain complete copies of each of the Plaintiffs' tax returns and income documents.

5.      ***Second***, Plaintiffs failed to submit the Form 4506s by December 30, and Mr. Postiglione's declaration consequently does not state the dates on which each of the Plaintiffs submitted Form 4506. Mr. Postiglione's declaration states that the Form 4506s attached to his declaration will be submitted to the IRS on December 31. That does not comply with the agreement reflected in the joint status report. What is more, because the Form 4506s attached to Mr. Postiglione's declaration will be rejected by the IRS for the reasons stated above, Plaintiffs have failed to submit ***effective*** Form 4506s to the IRS by the December 30 deadline.

6.      ***Third***, Plaintiffs have failed to submit Form 4506s that request complete copies of their tax returns and income documents for all of the years 2012-present. The Court granted CSWS's motion to compel after clarifying that CSWS was only seeking tax returns and income documents for the years 2012-present. (*See* Dkt. 60) In the joint status report, the parties "agreed that each of the Plaintiffs (with the exception of Lucy Pinder) would prepare and submit to the IRS Form 4506 to request complete copies of their tax returns ***for the years 2012-present***." (Dkt. 62 at ⁋ 4) (emphasis added) (footnote omitted). But Plaintiffs have not prepared Form 4506s that request complete copies of their tax returns in each of those years. The Form 4506s state the years for which the taxpayer is requesting copies of her returns. (*See generally* Dkt. 64-1) Most of the Plaintiffs have not prepared Form 4506s that request their tax returns for each of the years 2012-present as shown by the Form 4506s attached to Mr. Postiglione's declaration. (*See id.*) In his

declaration, Mr. Postiglione acknowledges that Plaintiffs have not prepared Form 4506s that request complete copies of their tax returns for the years 2012-present. (*See* Dkt. 64 at ℙ 6) ("The exhibits attached to this Declaration are the IRS 4506 forms for the Plaintiffs who have previously identified gaps in their tax returns.") The parties' agreement was not limited to "the Plaintiffs who have previously identified gaps in their tax returns." Plaintiffs' attempt to move the goalposts by narrowing the scope of the parties' agreement is unacceptable and should be rejected by the Court.

7.      Plaintiffs' failure to submit the Form 4506s by the December 30 deadline cannot be wholly cured by submitting effective Form 4506s at a later date. The December 30 deadline was important because the IRS can take up to seventy-five days to process Plaintiffs' requests and the parties must complete fact discovery by February 28, 2020, unless that deadline is extended. Each day that passes without Plaintiffs submitting proper Form 4506s makes it less likely that CSWS will have complete copies of Plaintiffs' tax returns and income documents before it is required to depose the remaining Plaintiffs. Indeed, at this point it is possible that CSWS will not have complete copies of those documents prior to the February 28 deadline.

8.      Plaintiffs' failure to prepare and submit effective Form 4506s by the December 30 deadline prejudices CSWS in at least three ways: (1) CSWS may not be able to use the tax returns and income documents during the depositions of the remaining Plaintiffs; (2) CSWS may not be able to use the tax returns and income documents during the deposition of Plaintiffs' retained expert Stephen Chamberlin; and (3) CSWS may not be able to use the tax returns and income documents to support dispositive motions.

9.      CSWS therefore requests that the Court enter an order compelling Plaintiffs to file with the Court a declaration under penalty of perjury attaching effective Form 4506s and stating the dates on which those Form 4506s were submitted to the IRS. To make the Form 4506s

effective, CSWS requests that the Court order that those Form 4506s either be signed by the Plaintiffs or that the Form 4506s be accompanied by a properly executed Form 2848. CSWS requests that the Court order the Plaintiffs to file that declaration by the soonest date the Court deems reasonable, but no later than January 10, 2020.[1]

10.     In addition, in light of Plaintiffs' prior representation that "they [Plaintiffs] are actively continuing to seek documents from the IRS" (Dkt. 63) and their failure to comply with the December 30 deadline to submit effective Form 4506s, further relief is warranted. CSWS thus requests that the Court enter an order stating that Plaintiffs' failure to produce all tax returns in their possession, custody, or control—including tax returns in the IRS's possession—by January 30, 2020, may subject Plaintiffs to sanctions including the dismissal of their damages claims. The Court has already ordered Plaintiffs to produce all tax returns in their possession, custody, or control—including tax returns received from the IRS—by that date. (*See* Dkt. 60) The order requested by CSWS here will require Plaintiffs to produce tax returns in the IRS's possession, regardless of whether Plaintiffs have received those documents from the IRS, by the same date or else face potential sanctions. CSWS believes Plaintiffs' conduct warrants this relief.

## FACTUAL BACKGROUND

11.     CSWS previously filed a motion to compel Plaintiffs to produce certain tax returns and income documents. (Dkt. 56) In that motion, CSWS requested, among other things, an order compelling Plaintiffs to seek and obtain their tax returns and income documents from the IRS. (*See*

---

[1] CSWS believes that Plaintiffs should be compelled to submit the Form 4506s as soon as possible; however, CSWS understands that the Court's chambers are closed until January 3, 2020, and the soonest CSWS's counsel is available to present this motion in accordance with the Court's calendar is January 9.

Dkt. 56 at 12-13) Plaintiffs filed a response to that motion in which they represented that "they [Plaintiffs] are actively continuing to seek documents from the IRS." (*See* Dkt. 63)

12.     The Court granted CSWS's prior motion to compel and ordered Plaintiffs to produce all tax returns in their possession, custody, or control—including tax returns received from the IRS—by January 30, 2020. (Dkt. 60) At the hearing on CSWS's motion, CSWS's counsel also requested that the Court order Plaintiffs to confirm to CSWS that Plaintiffs had submitted the paperwork necessary to obtain their tax returns from the IRS. (*See* Dkt. 60) The Court "agree[d] Defendant's request [was] appropriate given that Plaintiffs represent that they are actively seeking to obtain documents from the IRS and Plaintiffs' local counsel's lack of certainty as to what efforts have been undertaken to date in that regard." (*See id.*) The Court ordered the parties to "meet and confer and file by 12/19/19 a report as to any agreement they reach with respect to a mechanism by which Plaintiffs will confirm to Defendants that they have requested the documents from the IRS." (*Id.*)

13.     On December 19, the parties filed that joint status report. (Dkt. 62) The joint status report reflected the following agreement:

> The parties agreed that by December 30, 2019, Plaintiffs' counsel will file with the Court a declaration under penalty of perjury stating the dates on which the Form 4506s were submitted to the IRS. Plaintiffs' counsel will attach to that declaration redacted signed-and-dated copies of each of the Form 4506s that were submitted. The parties agree to this mechanism for Plaintiffs to confirm to Defendant that they have requested the documents from the IRS.

(*Id.* at ¶ 5) (footnote omitted) The joint status report also noted that Plaintiffs had not yet submitted any of the Form 4506s to obtain copies of their tax returns and income documents from the IRS. (*Id.* at ¶¶ 3, 6) On December 20, the Court entered a rule to show cause why Plaintiffs' counsel should not be held in contempt of the Court for stating unequivocally in their response to CSWS's motion that they were actively continuing to seek documents from the IRS when none of the

Plaintiffs had submitted Form 4506. (Dkt. 63) The rule to show cause is returnable on January 21, 2020. (*See id.*)

14.     On December 30, 2019, Plaintiffs' counsel left a voicemail for CSWS's counsel requesting an extension of time to comply with the agreement reached in the joint status report. CSWS's counsel emailed Plaintiffs' counsel and advised that he could not agree to any extension. (*See* **Exhibit 1** at ℙ 5)

15.     Later that day, Plaintiffs' counsel filed a declaration pursuant to the agreement reflected by the joint status report. (*See* Dkt. 64) Plaintiffs' counsel attached copies of Form 4506s that appear to have been executed by Plaintiffs' counsel. (*See* Dkt. 64-1) In his declaration, Plaintiffs' counsel wrote that "we have received authorization to submit the IRS 4506 forms on behalf of our clients (to expedite the processing of these forms)." (Dkt. 64 at ℙ 6) He also wrote that "[t]hese forms have been completed as of the filing of this Declaration and will be sent along with the appropriate fee to the IRS no later than December 31, 2019." (*Id.* at ℙ 7)

16.     In its prior motion to compel, CSWS's counsel recounted substantial efforts to meet and confer with Plaintiffs on the tax-returns issue. (*See* Dkt. 56 at ℙℙ 6-16) CSWS incorporates those efforts by reference here. Furthermore, given Plaintiffs' prior representation that now forms the subject of the rule to show cause, their failure to comply with the agreement reached in the joint status report, and the looming February 28 deadline to complete fact discovery, CSWS believes that further attempts to meet and confer with Plaintiffs on this issue would be futile.

## ARGUMENT

17.     Plaintiffs have failed to comply with the agreement reflected in the joint status report for at least three reasons: (1) Plaintiffs failed to submit effective Form 4506s to the IRS;  (2) Plaintiffs failed to submit the Form 4506s to the IRS by the agreed December 30 deadline; and (3)

Plaintiffs failed to submit Form 4506s that request complete copies of their tax returns and income documents for all of the years 2012-present.

**1.   Plaintiffs failed to submit effective Form 4506s.**

18.     The IRS will not process a Form 4506 if it is not properly executed. A Form 4506 is properly executed if it is: (1) signed by the taxpayer; or (2) signed by an authorized representative of the taxpayer and accompanied by a properly executed Form 2848. The Form 4506s attached as Exhibit A to Mr. Postiglione's declaration are not effective because they are not properly executed and the IRS will reject them.

**A.  None of the Plaintiffs signed the Form 4506s—Plaintiffs' counsel did.**

19.     Although Mr. Postiglione's declaration stops short of expressly stating that he signed the Form 4506s on behalf of each of the Plaintiffs, it is apparent that he did for two reasons.

20.     *First*, Mr. Postiglione's declaration states that "we have received authorization to submit the IRS 4506 forms on behalf of our clients (to expedite the processing of these forms)." (Dkt. 64 at ¶ 6) This suggests that Plaintiffs' counsel purports to submit the 4506s as an authorized representative of the Plaintiffs rather than the Plaintiffs executing those forms themselves.

21.     *Second*, a signature comparison reveals that Mr. Postiglione signed each of the Form 4506s. Attached in the **Appendix** to this motion are the signatures of Mr. Postiglione (taken from his declaration), the signatures on each of the Form 4506s attached as Exhibit A to Mr. Postiglione's declaration, and the signatures of each of the Plaintiffs (taken from their verifications of interrogatory answers). It does not take a handwriting expert to see that the Plaintiffs did not sign the Form 4506s; the signatures on those forms look nothing like the Plaintiffs' signatures on their verifications. The signatures on those forms do, however, bear a striking resemblance to Mr.

Postiglione's signature. It is impossible to escape the conclusion that Mr. Postiglione signed each of the Form 4506s attached to his declaration.

**B. Plaintiffs' counsel does not have the authority the IRS requires to sign the Form 4506s.**

22.     The IRS will not process a Form 4506 submitted by a representative of a taxpayer unless that representative has the specific authorization from the taxpayer that the IRS requires. Plaintiffs' counsel did not attach any such authorizations to his declaration. Because Plaintiffs' counsel does not have those authorizations, the IRS will reject the Plaintiffs' Form 4506s and CSWS will not obtain complete copies of Plaintiffs' tax returns and income documents.

23.     Form 4506's signature block contains the following representations:



(*See* Ex. 1 at ▐ 2) The signatories of Form 4506 thus represent that they are either the taxpayers or persons authorized by the taxpayers to obtain the tax returns. The signatories must also declare that they have read the attestation clause and have authority to sign the Form 4506. The authority to sign Form 4506 is further explained in the instructions.

24.     Form 4506's instructions state that a representative can sign Form 4506 on behalf of a taxpayer only if this authority has been specifically delegated to the representative in Form 2848:

9

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5a. Form 2848 showing the delegation must be attached to Form 4506.

(*See* Ex. 1 at ℙ 2) The representative must attach Form 2848 to the Form 4506.

      25.     Line 5a of Form 2848 states as follows:

| | |
|---|---|
| **5a** | **Additional acts authorized.** In addition to the acts listed on line 3 above, I authorize my representative(s) to perform the following acts (see instructions for line 5a for more information): ☐ Access my IRS records via an Intermediate Service Provider; |
| | ☐ Authorize disclosure to third parties;      ☐ Substitute or add representative(s);   ☐ Sign a return; |
| | ☐ Other acts authorized: |

For Privacy Act and Paperwork Reduction Act Notice, see the instructions.      Cat. No. 11980J      Form **2848** (Rev.1-2018)

(*See* Ex. 1 at ℙ 3)

      26.     Form 2848 states that it must be signed by the taxpayer or the taxpayers if the requested return was jointly filed:

| | |
|---|---|
| **7** | **Signature of taxpayer.** If a tax matter concerns a year in which a joint return was filed, each spouse must file a separate power of attorney even if they are appointing the same representative(s). If signed by a corporate officer, partner, guardian, tax matters partner, partnership representative, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the legal authority to execute this form on behalf of the taxpayer. |
| | ▶ IF NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THIS POWER OF ATTORNEY TO THE TAXPAYER. |

          _____    _____            
                       Signature             Date               Title (if applicable)

                       Print Name            Print name of taxpayer from line 1 if other than individual

(*See* Ex. 1 at ℙ 3)

27.     As stated in the forms and instructions, each of the Plaintiffs must execute Form 2848 to authorize their counsel to submit Form 4506 on their behalf. Each of the Plaintiffs must also authorize Plaintiffs' counsel to disclose copies of Plaintiffs' tax returns and income documents to CSWS's counsel. For those years in which Plaintiffs filed joint returns, Plaintiffs' spouses must also sign Form 2848. Copies of the Form 2848's for each of the Plaintiffs must be attached to their Form 4506s or the IRS will reject the requests.

28.     Plaintiffs' counsel did not attach any Form 2848s to his declaration. The IRS will consequently reject Plaintiffs' Form 4506s and CSWS will not obtain complete copies of each of the Plaintiffs' tax returns and income documents for the years 2012-present.

29.     CSWS is becoming increasingly concerned that Plaintiffs—despite their representations—do not have any interest in actually providing CSWS with complete copies of their tax returns and income documents. Plaintiffs have an obligation to obtain these documents from the IRS and produce them because the documents are in the Plaintiffs' control. *Castleton Health Care Ctr., LLC v. Kentuckiana Healthcare, LLC*, 2010 U.S. Dist. LEXIS 103742, *3 (S.D. Ind. Aug. 18, 2010) (granting motion to compel company to obtain its tax documents from the IRS because company controlled those documents). Many of the Plaintiffs here have filed similar lawsuits around the country in which copies of their tax returns have been requested,[2] yet those Plaintiffs have failed to produce complete copies of their returns in this lawsuit. If the Plaintiffs were interested in producing complete copies of their tax returns, they would have already obtained copies of those documents from the IRS in this lawsuit or another. But they have not done that.

---

[2] *See, e.g.*, *Ratchford v. Yestofflo, LLC*, No. 2:17-cv-13109 (E.D. Mich. Oct. 30, 2018); *Burciaga v. Player's Enterprises, Inc.*, No. 2:17-cv-13761 (E.D. Mich. Nov. 16, 2018); *Hinton v. MDM Restaurants, Inc.*, No. 2:17-cv-14036 (E.D. Mich. Nov. 11, 2018)

30.    Plaintiffs' counsel's explanation for why the Plaintiffs have not yet submitted the Form 4506s in this lawsuit—that Plaintiffs' counsel was conducting an "audit" of the forms to verify that they would not be rejected (*see* Dkt. 64 at ▎5)—does not withstand scrutiny and further reveals Plaintiffs' lack of interest in producing complete copies of their tax returns. If an "audit" had been conducted, it surely would have revealed the need for each of the Plaintiffs to execute Form 2848. After all, the IRS lays this requirement out in clear and explicit language in the Instructions to Form 4506. But no Form 2848s were submitted. It strains credulity to believe that the "audit's" failure to identify this flaw is the result of a mistake. It is hard to escape the conclusion that Plaintiffs' failure to submit effective Form 4506s to the IRS is by design. By failing to submit effective Form 4506s, Plaintiffs ensure that the IRS will reject those forms, which means that Plaintiffs will not have to produce complete copies of their tax returns and income documents to CSWS before fact discovery closes on February 28.

31.    The Court should not allow the Plaintiffs to run out the clock in this fashion. It should instead grant CSWS the relief requested *supra* at ▎▎ 9-10.

**2.    Plaintiffs failed to submit the Form 4506s to the IRS by the agreed December 30 deadline.**

32.    In their joint status report, the parties agreed that each of the Plaintiffs (except Lucy Pinder) would submit Form 4506 to the IRS by December 30. (Dkt. 62 at ▎5) That did not happen. (*See* Dkt. 64 at ▎ 7) Instead, Plaintiffs' counsel's declaration states that those forms will be submitted (along with the necessary fees) by December 31. (*See id.*)

33.    This does not comply with the agreement. The agreement was that Plaintiffs' counsel would submit a declaration stating the dates on which the Form 4506s *were* submitted, and that copies of the Form 4506s that *were* submitted would be attached to that declaration.

12

34.     The agreement also contemplated that Plaintiffs would submit *effective* Form 4506s by December 30. For the foregoing reasons, that did not happen.

35.     Because time is of the essence, the Court should compel Plaintiffs to file with the Court a declaration under penalty of perjury attaching effective Form 4506s and stating the dates on which those Form 4506s were submitted to the IRS. CSWS requests that the Court order the Plaintiffs to file that declaration by the soonest date the Court deems reasonable, but no later than January 10, 2020.

**3.   Plaintiffs failed to submit Form 4506s that request complete copies of their tax returns and income documents for all of the years 2012-present.**

36.     In their joint status report, the parties agreed that each of the Plaintiffs (except Lucy Pinder) would request complete copies of their tax returns from the IRS for all of the years 2012-present. (Dkt. 62 at ¶ 4) That also did not happen. Instead, Plaintiffs' counsel's declaration states that "[t]he exhibits attached to this Declaration are the IRS 4506 forms for the Plaintiffs who have previously identified gaps in their tax returns." (*See* Dkt. 64 at ¶ 6) The parties' agreement was not limited to "the Plaintiffs who have previously identified gaps in their tax returns." More to the point, the Form 4506s attached to Plaintiffs' counsel's declaration state the years for which the Plaintiffs are requesting their tax returns. (*See generally* Dkt. 64-1) The Form 4506s reveal that many of the Plaintiffs failed to request copies of their tax returns for certain years between 2012-present. (*See id.*) That contravenes the agreement.

37.     The Court should enter an order compelling the Plaintiffs (except Lucy Pinder) to submit effective Form 4506s that request complete copies of their tax returns for each of the years 2012-present.

## CONCLUSION

WHEREFORE, Defendant CSWS, LLC, respectfully requests that the Court:

1.      Enter an order compelling Plaintiffs to file with the Court a declaration under penalty of perjury attaching effective Form 4506s and stating the dates on which those Form 4506s were submitted to the IRS. To make the Form 4506s effective, CSWS requests that the Court order that those Form 4506s either be signed by the Plaintiffs or that the Form 4506s be accompanied by a properly executed Form 2848. CSWS requests that the Court order the Plaintiffs to file that declaration by the soonest date the Court deems reasonable, but no later than January 10, 2020;

2.      Enter an order stating that Plaintiffs' failure to produce all tax returns in their possession, custody, or control—including tax returns in the IRS's possession—by January 30, 2020, may subject Plaintiffs to sanctions including the dismissal of their damages claims; and

3.      Award CSWS any further relief the Court deems necessary and proper.

Date: January 1, 2020                     Respectfully submitted,


                                          /s/ Michael P. Adams
                                          Jane C. Schlicht (*admitted pro hac vice*)
                                          Michael P. Adams (ARDC 6317046)
                                          Hinshaw & Culbertson LLP
                                          151 N. Franklin Street, Suite 2500
                                          Chicago, IL 60606
                                          Telephone: 312-704-3000
                                          Facsimile: 312-704-3001
                                          jschlicht@hinshawlaw.com
                                          madams@hinshawlaw.com

                                          *Attorneys for CSWS, LLC*

14

**APPENDIX**

**<u>Plaintiffs' counsel Dennis Postiglione</u>**

*Signature on his declaration*

Dennis C. Postiglione
**Attorney for Plaintiffs**

**Dessie Mitcheson**

*Form 4506*



(*See* Dkt. 64-1 at 2 of 13)

*Verification of interrogatory answers*

### VERIFICATION OF SECOND SET OF INTERROGATORY ANSWERS AND OBJECTIONS

I believe, based on reasonable inquiry, that the foregoing answers and objections to Defendant's Second Set of Interrogatories in the matter entitled *Gibson et al v. CSWS, LLC.*, 1:18-cv-05149, are true and correct to the best of my knowledge, information and belief..

I verify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June __26__, 2019.

DESSIE MITCHESON

(*See* Ex. 1 at ¶ 4)

## Cielo J. Gibson

*Form 4506*



(*See* Dkt. 64-1 at 3 of 13)

*Verification of interrogatory answers*



(*See* Ex. 1 at ¶ 4)

17

### Alana M. Souza

*Form 4506*



(*See* Dkt. 64-1 at 4 of 13)

*Verification of interrogatory answers*

**VERIFICATION OF SECOND SET OF INTERROGATORY ANSWERS AND OBJECTIONS**

I believe, based on reasonable inquiry, that the foregoing answers and objections to Defendant's Second Set of Interrogatories in the matter entitled *Gibson et al v. CSWS, LLC.*, 1:18-cv-05149, are true and correct to the best of my knowledge, information and belief..

I verify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June __26__, 2019.

ALANA SOUZA A/K/A ALANA CAMPOS

(*See* Ex. 1 at ¶ 4)

18

### Jaime Edmondson Longoria

*Form 4506*

Signature of taxpayer(s). I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☑ Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506. See instructions.

Phone number of taxpayer on line 1a or 2a

**Sign Here**

Signature (see instructions)    Date   12/30/19

Title (if line 1a above is a corporation, partnership, estate, or trust)

Spouse's signature    Date

For Privacy Act and Paperwork Reduction Act Notice, see page 2.    Cat. No. 41721E    Form **4506** (Rev. 3-2019)

(*See* Dkt. 64-1 at 5 of 13)

Signature of taxpayer(s). I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☑ Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506. See instructions.

Phone number of taxpayer on line 1a or 2a

**Sign Here**

Signature (see instructions)    Date   12/30/19

Title (if line 1a above is a corporation, partnership, estate, or trust)

Spouse's signature    Date

For Privacy Act and Paperwork Reduction Act Notice, see page 2.    Cat. No. 41721E    Form **4506** (Rev. 3-2019)

(*See* Dkt. 64-1 at 7 of 13)

*Verification of interrogatory answers*

### VERIFICATION OF SECOND SET OF INTERROGATORY ANSWERS AND OBJECTIONS

I believe, based on reasonable inquiry, that the foregoing answers and objections to Defendant's Second Set of Interrogatories in the matter entitled *Gibson et al v. CSWS, LLC.*, 1:18-cv-05149, are true and correct to the best of my knowledge, information and belief..

I verify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June ___6/26/2019__.

JAIME EDMONDSON-LONGORIA

(*See* Ex. 1 at ⁋ 4)

## Eva Pepaj

*Form 4506*

Signature of taxpayer(s). I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☑ Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506. See instructions.

| | | Phone number of taxpayer on line 1a or 2a |
|---|---|---|
| **Sign Here** | Signature (see instructions)    Date 12/30/19 | |
| | Title (if line 1a above is a corporation, partnership, estate, or trust) | |
| | Spouse's signature    Date | |

For Privacy Act and Paperwork Reduction Act Notice, see page 2.   Cat. No. 41721E   Form **4506** (Rev. 3-2019)

(*See* Dkt. 64-1 at 6 of 13)

*Verification of interrogatory answers*

### VERIFICATION OF SECOND SET OF INTERROGATORY ANSWERS AND OBJECTIONS

I believe, based on reasonable inquiry, that the foregoing answers and objections to Defendant's Second Set of Interrogatories in the matter entitled *Gibson et al v. CSWS, LLC.*, 1:18-cv-05149, are true and correct to the best of my knowledge, information and belief..

I verify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 26 , 2019.

_____
EVA PEPAJ

(*See* Ex. 1 at ⁋ 4)

**Jennifer W. Archuleta**

*Form 4506*



(*See* Dkt. 64-1 at 8 of 13)

*Verification of interrogatory answers*



(*See* Ex. 1 at ¶ 4)

## Jessica L. Hinton

*Form 4506*



(*See* Dkt. 64-1 at 9 of 13)

*Verification of interrogatory answers*



### VERIFICATION OF SECOND SET OF INTERROGATORY ANSWERS AND OBJECTIONS

I believe, based on reasonable inquiry, that the foregoing answers and objections to Defendant's Second Set of Interrogatories in the matter entitled *Gibson et al v. CSWS, LLC.*, 1:18-cv-05149, are true and correct to the best of my knowledge, information and belief..

I verify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June **26** 2019.

JESSICA "JESSA" HINTON

(*See* Ex. 1 at ¶ 4)

## Katarina Van Derham

*Form 4506*

Signature of taxpayer(s). I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506. See instructions.

Phone number of taxpayer on line 1a or 2a

**Sign Here**

Signature (see instructions)   Date   12/50/19

Title (if line 1a above is a corporation, partnership, estate, or trust)

Spouse's signature   Date

For Privacy Act and Paperwork Reduction Act Notice, see page 2.   Cat. No. 41721E   Form **4506** (Rev. 3-2019)

(*See* Dkt. 64-1 at 10 of 13)

Signature of taxpayer(s). I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506. See instructions.

Phone number of taxpayer on line 1a or 2a

**Sign Here**

Signature (see instructions)   Date   12/30/19

Title (if line 1a above is a corporation, partnership, estate, or trust)

Spouse's signature   Date

For Privacy Act and Paperwork Reduction Act Notice, see page 2.   Cat. No. 41721E   Form **4506** (Rev. 3-2019)

(*See* Dkt. 64-1 at 11 of 13)

*Verification of interrogatory answers*

### VERIFICATION OF INTERROGATORY NO. 4 SUPPLEMENTAL ANSWERS

I believe, based on reasonable inquiry, that the foregoing supplemental answers to Defendant's Interrogatory No. 4 in the matter entitled *Gibson et al v. CSWS, LLC.*, 1:18-cv-05149, are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May __2nd__, 2019.

DocuSigned by:

Katarina Van Derham

KATARINA VAN DERHAM

(*See* Ex. 1 at ¶ 4)

23

**Laurie Romeo**

*Form 4506*



(*See* Dkt. 64-1 at 12 of 13)

*Verification of interrogatory answers*

**VERIFICATION OF SECOND SET OF INTERROGATORY ANSWERS AND OBJECTIONS**

     I believe, based on reasonable inquiry, that the foregoing answers and objections to Defendant's Second Set of Interrogatories in the matter entitled *Gibson et al v. CSWS, LLC.*, 1:18-cv-05149, are true and correct to the best of my knowledge, information and belief..

     I verify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

     Executed on June ___27___, 2019.

                                 LAURIE ROMEO

(*See* Ex. 1 at ¶ 4)

24

**Lina M. Posada Arteaga**

*Form 4506*

Signature of taxpayer(s). I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506. See instructions.

Phone number of taxpayer on line 1a or 2a

**Sign Here**

Signature (see instructions)     Date 12/30/19

Title (if line 1a above is a corporation, partnership, estate, or trust)

Spouse's signature     Date

For Privacy Act and Paperwork Reduction Act Notice, see page 2.     Cat. No. 41721E     Form **4506** (Rev. 3-2019)

(*See* Dkt. 64-1 at 13 of 13)

*Verification of interrogatory answers*

## VERIFICATION OF SECOND SET OF INTERROGATORY ANSWERS AND OBJECTIONS

I believe, based on reasonable inquiry, that the foregoing answers and objections to Defendant's Second Set of Interrogatories in the matter entitled *Gibson et al v. CSWS, LLC.*, 1:18-cv-05149, are true and correct to the best of my knowledge, information and belief..

I verify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June  27  , 2019.

LINA POSADA

(*See* Ex. 1 at ¶ 4)

## **CERTIFICATE OF SERVICE**

       I, Michael P. Adams, an attorney, certify that on January 1, 2020, I caused a copy of the foregoing instrument to be served on all counsel of record via the Court's ECF system.


                                       /s/ *Michael P. Adams*
                                       Michael P. Adams